DUANE S. HORNING (Bar No. 174995)
CALIFORNIA BUSINESS LAW GROUP, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
Tel: 619-325-1555
Fax: 619-325-1559

FILED
08 JUN -4 AM 10:09
BY: ECL DEPUTY

Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES O. ROBISON INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, et al.<br><br>Defendants. | CASE NO. '08 CV 0902 WQH BLM<br><br>OPPOSITION BY CHARLES O. ROBISON, INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, BLANCHE L. ROBISON, INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, AND RICHARD CHEROSKE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION<br><br>DEMAND FOR JURY<br><br>Judge: Hon. WILLIAM Q. HAYES<br><br>Date: June 4, 2008<br><br>Time: unknown |



CR

Defendants CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001, BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001 (collectively "Robisons"), and RICHARD CHEROSKE (Cheroske) (collectively "Lender Defendants"), respectfully submit their OPPOSITION BY CHARLES O. ROBISON, INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, BLANCHE L. ROBISON, INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, AND RICHARD CHEROSKE TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION.

## I. INTRODUCTION

Plaintiffs ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON (collectively "Richardsons") have inexcusably delayed until just hours before a duly noticed foreclosure sale to apply for the extraordinary relief of a temporary restraining order. Their application would deprive three elderly people – the Lender Defendants – of a significant portion of their retirement savings and income.

In this case to delay the sale is not to maintain the *status quo*. It would be prejudice and loss.

Delay also unjustly enriches the Richardsons. They have been living in the property for free for six months without paying any mortgage payments, rent, or even insurance or taxes. Their application amounts to a request to continue this free ride under judicial sanction.

The Richardsons' current counsel has been representing them on this matter for four months. Through out multiple exchanges over these four months, the Lender Defendants have been consistent and clear that the sale would go forward. Yet the Richardsons have chosen to wait until 1 ½ days before the sale to fax-serve their 53-page application, literally at 4:59 p.m.

The Richardsons' delay deprives this Court and the Lender Defendants of due process. The Richardsons' allegations of impropriety concerning the loan origination are all demonstrably false. Yet the Richardsons' tactic of waiting until the last minute and then springing their application frustrates and prevents the Lender Defendants from providing the complete response

to which they are entitled. In fact, this late ploy turns upside down the heavy burden that a *moving* party bears in seeking injunctive relief, and places the Lender Defendants at the unfair disadvantage of having to disprove the Richardsons' voluminous and fallacious allegations, that they wish to be presumed true just because they have said them. The documents and other evidence disprove their allegations. Given a chance, the Lender Defendants will demonstrate that the Richardsons' allegations are as false as they are late.

## II. GRANTING A TRO WILL SEVERELY PREJUDICE THE LENDER DEFENDANTS.

The Lender Defendants are three individuals, 76, 77 and 81 years old. They took $303,930 in cash from their retirement savings and loaned it to the Richardsons based on the good faith belief – and legally binding promise – that it would be paid back. They were counting on the monthly payments for monthly income.

The Richardsons took the money, paid off federal tax liens and other debts totaling over $200,000, and took $70,470.11 in cash. (*See*, Richardsons' Ex. 1.) The Richardsons made three payments. The third bounced.

The Lender Defendants attempted to persuade the Richardsons to reinstate the loan, but the Richardsons did not do so. Therefore the Lender Defendants initiated routine and statutory foreclosure proceedings as they were entitled to do. Canceling or delaying the sale will deprive these elderly parties of a significant portion of their retirement income.

## III. THE RICHARDSONS' DELAY IS UNREASONABLE AND PREJUDICIAL.

The Richardsons have had their present counsel on this matter for four months. The Lender Defendants' position that the sale would go forward was clear and documented. But the Richardsons waited until now to apply for any judicial intervention.

The Lender Defendants through the trustee served the Notice of Default on February 5, 2008. (Richardsons' Ex. 4.) Two days later, February 7, 2008, the Richardsons' counsel sent a demand letter challenging the validity of the loan under the California Consumer Legal Remedies Act, and other theories. (Lender Defendants' Ex. A.) On March 24, 2008, counsel for co-

defendants ERIC KLEIN and ROBERT LAYTON (the mortgage brokers) responded, explaining why the Richardsons' theories were invalid. (Lender Defendants' Ex. B.)

The Richardsons' counsel wrote again, on April 24, 2008, which they allege to be a "notice of rescission" of the loan. (Richardsons' Ex. 5.) Counsel for the Lender Defendants responded by letter dated May 8, 2008, explaining why there is no basis for the Richardsons' claims. (Lender Defendants' Ex. C.) Among these reasons, the Richardsons have not and cannot tender the loan funds they have received back to the Lender Defendants, and they are therefore not entitled to rescission. *Yamamoto v. Bank of New York*, 329 F. 3d 1167, 1171 (9th Cir. 2003); *LaGrone v. Johnson,* 534 F. 2d 1360, 1362 (9th Cir. 1976).

***This defect alone (no tender of loan proceeds) is fatal to the Richardsons' claim the deed of trust was rescinded and the foreclosure sale should be stopped. As the Richardsons themselves state in their Application at Page 3, line 11, if the rescission is not valid, the sale may go forward.***

Counsel continued to exchange letters, continuing to make it clear that the Lender Defendants would not cancel the sale as the Richardsons kept requesting. (*see*, Lender Defendants' Ex. D and E.)

Thus, throughout this four month period, the Richardsons had counsel and challenged the validity of the loan. The Lender Defendants and their representatives were unwavering and thorough in their grounds that the loan was valid and the sale would go forward. Yet the Richardsons inexcusably waited until 4:59 p.m., 1 ½ days before the duly noticed sale, to seek judicial intervention.

The fact that the Richardsons have been dilatory is reason enough to deny their drastic remedy, so as not to come to the aid of and reward those who delay. But the delay also substantively prejudices the Lender Defendants.

The Richardsons have made many serious though false allegations that will take time, documents, and evidence to disprove. The eleventh-hour tactic of applying for a TRO deprives the Lender Defendants of this opportunity. The loan default was noticed four months ago, and the sale – hardly a surprise – was noticed three weeks ago. There is no legitimate reason why this

request could not have been made on a full noticed motion. Instead, the Lender Defendants are left to scramble after hours. And the Court is deprived of a full and complete record, assembled with the care that time allows, on which to make a well-informed decision.

The Richardsons' misstatements abound, and given time, the Lender Defendants could refute every one of them. In this compressed time to respond, a few examples are representative:

- The Richardsons pin most of their arguments that the origination of the loan violated the Truth in Lending Act on the erroneous allegation that the loan closed the same day as the disclosures, August 17, 2007. However, the loan actually closed on August 24, 2007, a full seven days, and four days more than the three days required, after the disclosures, as the Richardsons own documents show. (*See*, Richardsons' Ex. 1, the Closing Statement, and Ex. 2, the Deed of Trust with a recordation date of August 24, 2007).
- The Richardsons claim the various statutory disclosures were not given. They were, and copies have been provided to them, again. (*See,* enclosures with the Lender Defendants' Ex. C).
- The Richardsons claim the loan was somehow invalid because it was arranged by their son, Alphonso Richardson, Jr., e.g., that the disclosure acknowledgement receipts where signed by their son rather than them personally. However, the Richardsons *appointed* their son to act in this capacity on their behalf, by granting him written powers of attorney. (Lender Defendants' Ex. F.) *They do not dispute the validity of those powers and the authority of their son to act on their behalf.*
- The Richardsons repeatedly make false and baseless claims. For example, they initially claimed the loan violated the California Consumer Legal Remedies Act, even though that Act is clear on its face, and emphasized in the case law, that it does not apply to real property transactions. The Richardsons later claimed the notice of sale was invalid because the trustee who gave the notice had not been properly substituted for the originally named trustee. Again, the contention was false, as the substitution was duly recorded and of public record.

The Richardsons have been trying in vain for four months to head off the inevitable. All of their theories fail. There present application is a last gasp, desperate attempt. Given a full record that a noticed hearing would allow, it would be seen that the Richardsons can never prevail, let alone show a "likelihood of success on the merits" required for injunctive relief.

This TRO application is predicated precisely on the shortness of time, which the Richardsons have deliberately connived, in the hope that the Court may stop the sale just because time is short. Such tactics should not be rewarded.

## IV. GRANTING A TRO WILL UNJUSTLY ENRICH THE RICHARDSONS.

A TRO is an extraordinary equitable remedy. It requires the applicant have no unclean hands. Here, the Richardsons are profiting from the months of delay that the foreclosure process ordinarily requires. Granting a TRO would add to this unjust enrichment. The Richardsons have offered no cure of the past due payments, and not even a bond. They have had ample notice that if they would not pay their mortgage it would be foreclosed. Their six month free ride should come to an end.

## V. CONCLUSION.

There was no surprise to the Richardsons of this duly noticed foreclosure sale justifying making their request at the last minute. The unnecessary and unreasonably short notice of this application does not afford full briefing on the legally required and familiar standards the Richardsons must meet, such as likelihood of success on the merits, irreparable injury, lack of a legal remedy, and no prejudice to the opposing party.

The short notice itself should be enough to deny the motion. Beyond that, the prejudice of delaying the sale against the Lender Defendants, who are elderly individuals dependent on the funds at issue for their retirement and not a financial institution, cuts heavily against the Richardsons, and makes their request particularly unfair.

The Lender Defendants respectfully request that the Richardsons' application for a temporary restraining order and order to show cause why an injunction should not issue, be denied.

DATED: June 4, 2008

CALIFORNIA BUSINESS LAW GROUP, PC

By ____________
DUANE S. HORNING
Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

DEMAND FOR JURY

Defendants CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, hereby make demand for jury.

DATED: June 4, 2008

CALIFORNIA BUSINESS LAW GROUP, PC

By ____________
DUANE S. HORNING
Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

DUANE S. HORNING (Bar No. 174995)
CALIFORNIA BUSINESS LAW GROUP, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
Tel: 619-325-1555
Fax: 619-325-1559

Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES O. ROBISON INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, et al.<br><br>Defendants. | CASE NO. '08 CV 0902 WQH BLM<br><br>DECLARATION OF CHARLES O. ROBISON IN OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION<br><br>Judge: Hon. WILLIAM Q. HAYES<br>Date: June 4, 2008<br>Time: unknown |

I, CHARLES O. ROBISON, declare as follows:

1. I am a defendant in this matter, individually and as Trustee of the Robison Family Trust dated April 5, 2001. My wife is BLANCHE L. ROBISON, and she also is a defendant, individually and as Trustee of the Robison Family Trust dated April 5, 2001 (collectively "Robisons"). I have personal knowledge of the following facts and if called upon could and would testify competently thereto.

2. I am 81 years old and retired. I live in La Mesa, California. I am partially disabled due to a back injury and operation that resulted in nerve damage to my legs. My wife is 76 years old.

3. In approximately June 2007, I was approached by co-defendant ROBERT LAYTON ("Layton"), who I am informed and believe to be a mortgage broker. Mr. Layton informed me that people who I later learned to the Plaintiffs, ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON's (collectively "Richardsons") desired to borrow money. I was provided with an appraisal. Mr. Layton provided me with a portfolio concerning the loan. All the documentation appeared to be in order. The credit report was not outstanding but appeared to be adequate. The Richardsons' monthly income was reported to be $7,155.00. His was $3,680.00 and hers was $3,475.00. They indicated their source of funds as retirement and disability. This income appeared from the information I had to be more than adequate for the Richardsons to meet their monthly needs and monthly loan payments.

4. The documentation included powers of attorney for the Richardsons naming their son, Alphonso Richardson, Jr., which were notarized.

5. I relied on documentation provided including the powers of attorney and decided to make the loan.

6. The investment in the Richardsons' trust deed was a major portion of our retirement fund and the lack of monthly payments on the loan has seriously affected our living standard.

7. Mr. Richardson made two payments on the loan then sent a check which was returned as insufficient. No checks were received after the bad check and after three months we arranged for a notice of default to be served. During the course of the foreclosure, the Richardsons sent a partial payment. I am informed and believe the foreclosure company sent it back saying the total amount of delinquent payments had to be paid to remove the loan from foreclosure. No further payments have ever been received.

8. I am informed and believe that the Richardsons have not made either of the tax payments that came due since we made the loan, which were due in December 2007 and April 2008.

9. I became concerned that the Richardsons may not be paying the insurance premiums for the policy required by the loan. Upon checking with the insurance agent, I learned

and am informed and believe the premiums were in arrears. I made a premium payment to bring the Richardsons' insurance current.

10. Due in part the Richardsons' default and severe adverse financial effect it has had on my wife and me, I decided to sell a portion of the loan. My wife and I have assigned a 50% interest to co-defendant RICHARD CHEROSKE. I am informed and believe that Mr. Cheroske is approximately 77 years old, and that his wife is suffering from Parkinson's' Disease.

11. Attached hereto as Exhibit A is a true and correct copy of a letter I received from the Richardsons' counsel, Barry Mills, Esq., dated February 7, 2008.

12. Attached hereto as Exhibit F are true and correct copies of the powers of attorney I received in which the Richardsons appoint their son, Alphonso Richardson, Jr., as their attorney in fact.

I declare the foregoing is true and correct under the penalty of perjury of the laws of the United States of America and the State of California, executed this 3 day of June, 2008, in La Mesa, California.

Charles O Robison

CHARLES O. ROBISON

EXHIBIT A

**BARRY D. MILLS**
**Attorney at Law**
**3588 Fourth Avenue, Suite 210**
**San Diego, California 92103**
**(619) 295-5000**
**FAX (619) 338-4033**
**MillsLaw@sbcuc.net**

February 7, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Charles O. Robison
Blanche L. Robison
The Robison Family Trust
5150 Vivera Drive
La Mesa, CA 91941

Robert H. Layton
6254 Caminito Marcial
San Diego, CA 92111

Eric A. Klein
1762 Froude
San Diego, CA 92107

Alfonso Richardson, Jr.
3230 Farhill Lane
Hemet, CA 92545

Re: Consumer Legal Remedies Act Notice (Cal. Civil Code §§ 1750 *et seq.*)

Dear Mr. and Mrs. Robison and Messrs. Layton, Klein and Richardson:

Please be advised that Alphonso Richardson Sr. and Ruth A. Richardson have retained me to represent them regarding the recent re-financing of their property located at 9589 Paseo Temporarda, San Diego, CA 92129. Please refrain from contacting my clients regarding their loan and direct all communication to my office.

My clients contend that the Robison Family Trust, and Messrs. Layton and Klein conspired with or aided and abetted their son, Alfonso Richardson, Jr., in the refinancing of their home, generating commissions for Messrs. Layton and Klein, and a windfall for Alphono Jr., who has recently left town with the money. The transaction also set up the lender, the Robison Family Trust, to be able to foreclose on the property once my clients are unable to pay the mortgage or the balloon payment due five (5) years following the re-

finance. The purpose of this letter is to attempt to resolve this matter short of litigation.

This letter also serves as the statutorily required notice for violations of California's Consumer Legal Remedies Act. (Cal. Civil Code §1782). My clients contend that the transaction in question violates Civil Code §1770(a)(19) in that the entire transaction is unconscionable considering my clients' advanced age and medical conditions. You were aware of my clients' advanced age, medical conditions and income source but went forward with the transaction any way based upon Alfonso Jr.'s fraudulent use of my clients' Powers of Attorney and other misrepresentations.

In order to resolve this matter, my clients seek to be placed in *status quo ante*. In other words, they request that the Robison Family Trust re-structure the obligation so that they continuing paying that which they were paying prior to the re-finance and that the obligation will terminate within five (5) years and that any additional monies owed be waived. My clients will return to the Robison Family Trust any monies recovered from Alphonso Jr. and/or assign to the Robison Family Trust any right to collect from Alfonso Jr. Also my clients will either return or assign to the Robison Family Trust any money returned from the United States Treasury after contesting the tax liens that were paid off from the loan proceeds.

Please contact me within thirty (30) days of the date of this letter in order to accept my proposal or discuss its terms. If we are unable to resolve this matter short of litigation, my clients have authorized me to pursue this matter against you in court. A claim will not only be brought pursuant to the Consumer Legal Remedies Act but also California's Elder and Dependent Adult Abuse law, the Unfair Competition Law, the Finance Code and various common law theories, including breach of fiduciary duty, negligence and infliction of emotional distress. Please be aware that, if my clients are successful, they may recover far more than the amount that they request that you waive should you accept their offer. Both the Consumer Legal Remedies Act and the Elder Abuse law allow for the recovery of court costs and attorneys fees. My clients may also claim treble damages pursuant to Civil Code §3345.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Barry D. Mills

cc: Alphonso Richardson, Sr. and Ruth A. Richardson

EXHIBIT F

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

# Uniform Statutory Form Power of Attorney

(California Probate Code Section 4401)

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400 - 4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, Alphonso Richardson 9589 Paseo Temporada San Diego, CA 92129 (your name and address) appoint Ruth Ann Richardson. Alphonso Richardson Jr. 9589 Paseo Temporada San Diego, CA. 92129 (name and address of the person appointed, or of each person appointed if you want to designate more than one) as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects:

TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.

TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.

TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT. YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

______ (A) Real property transactions.
______ (B) Tangible personal property transactions.
______ (C) Stock and bond transactions.
______ (D) Commodity and option transactions.
______ (E) Banking and other financial institution transactions.
______ (F) Business operating transactions.
______ (G) Insurance and annuity transactions.
______ (H) Estate, trust, and other beneficiary transactions.
______ (I) Claims and litigation.
______ (J) Personal and family maintenance.
______ (K) Benefits from social security, medicare, medicaid, or other governmental programs, or civil or military service.
______ (L) Retirement plan transactions.
______ (M) Tax matters.
[illegible initials] (N) ALL OF THE POWERS LISTED ABOVE.

YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

State of California )
)
County of San Diego )

On this 4th day of Nov., 2006 before me, SAMUEL O. FLORES, Notary Public, (name of notary public) personally appeared ALPHONSO RICHARDSON, (name of principal) ~~personally known to me (or~~ proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this instrument, and acknowledged that he/~~she~~ executed it in his/~~her~~ authorized capacity, and that by his/~~her~~ signature on this instrument the person executed this instrument.

WITNESS my hand and official seal

(signature of notary public) (seal)

CSC1
SAMUEL O. FLORES
COMM. #1620848
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
DECEMBER 1, 2009
CSC1

RECORDING REQUESTED BY:

AND WHEN RECORDED MAILTO:
Alphonso Richardson, Jr.

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

A.P.N.: 315-368-09 Order No.: Escrow No.:

# UNIFORM STATUTORY FORM POWER OF ATTORNEY

**(California Probate Code §4401)**

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING, THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTION 4400-4465, INCLUSIVE). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, (*your name and address*) **Ruth Richardson**
9589 Paseo Temporada San Diego, Calif

appoint (*name and address of the person appointed, or of each person appointed if you want to designate more than one*)
Alphonso Richardson, Jr.

9589 Paseo Temporado, San Diego, Calif

as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects:

TO GRANT ALL OF THE FOLLOWING POWERS INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.
TO GRANT ONE OR MORE, BUT FEWER THAN ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.
TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT, YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

INITIAL
_____ (A) Real Property transactions
_____ (B) Tangible personal property transaction
_____ (C) Stock and bond transactions
_____ (D) Commodity and option transaction
_____ (E) Banking and other financial institution transaction
_____ (F) Business operating transactions
_____ (G) Insurance and annuity transactions
_____ (H) Estate, Trust, and other beneficiary transactions

INITIAL
_____ (I) Claims and litigation
_____ (J) Personal and family maintenance
_____ (K) Benefits from social security, Medicare, Medicaid, or other governmental programs, civil, or military service
_____ (L) Retirement plan transactions
_R_ (M) Tax matters
_____ (N) ALL OF THE POWERS LISTED ABOVE

YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N)

**SPECIAL INSTRUCTIONS:**
ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT:
This Power of Attorney shall be a General Power of Attorney and shall be irrevocable.

UNLESS YOU DIRECT OTHERWISE ABOVE, THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.
This power of attorney will continue to be effective even though I become incapacitated.
**STRIKE THE PRECEDING SENTENCE IF YOU DO NOT WANT THIS POWER OF ATTORNEY TO CONTINUE IF YOU BECOME INCAPACITATED.**

**EXERCISE OF POWER OF ATTORNEY WHERE MORE THAN ONE AGENT DESIGNATED**

If I have designated more than one agent, the agents are to act NA

**IF YOU APPOINTED MORE THAN ONE AGENT AND YOU WANT EACH AGENT TO BE ABLE TO ACT ALONG WITHOUT THE OTHER AGENT JOINING, WRITE THE WORD "SEPARATELY" IN THE BLANK SPACE ABOVE. IF YOU DO NOT INSERT ANY WORD IN THE BLANK SPACE, OR IF YOU INSERT THE WORD "JOINTLY", THEN ALL OF YOUR AGENTS MUST ACT OR SIGN TOGETHER.**

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this 15th day of July 2007.

(*your signature*)

State of California County of San Diego

**BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.**

Dated: 7-15- 2007

STATE OF CALIFORNIA
COUNTY OF San Diego }SS

On ~~RUTH RICHARDSON~~ July 15, 2007 before me, SAMUEL O FLORES, Notary Public, personally appeared RUTH RICHARDSON, ~~personally known to me (or~~ proved to me on the basis of satisfactory evidence) to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity~~(ies)~~, and that by ~~his~~/her/~~their~~ signature~~(s)~~ on the instrument the person~~(s)~~ or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

WITNESS my hand and official seal.

Signature

SAMUEL O. FLORES
COMM. #1620848
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
DECEMBER 1, 2009

(This area for official notarial seal)

DUANE S. HORNING (Bar No. 174995)
CALIFORNIA BUSINESS LAW GROUP, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
Tel: 619-325-1555
Fax: 619-325-1559

FILED
08 JUN -4 AM 11:09
BY: tc DEPUTY

Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES O. ROBISON INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, et al.<br><br>Defendants. | CASE NO. '08 CV 0902 WQH BLM<br><br>DECLARATION OF DUANE S. HORNING IN OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION<br><br>Judge: Hon. WILLIAM Q. HAYES<br><br>Date: June 4, 2008<br><br>Time: unknown |

I, DUANE S. HORNING, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and am the sole shareholder of California Business Group, PC, counsel for Defendants CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE. I have personal knowledge of the following facts and if called upon could and would testify competently thereto.

2. Attached hereto as Exhibit B is what I am informed and believe to be a true and correct copy of a letter from David Lola, Esq., counsel for co-defendants ROBERT LAYTON and ERIC KLEIN, dated March 24, 2008, to Barry Mills, Esq., counsel for the Richardsons.

3. Attached hereto as Exhibit C is a true and correct copy of a letter from me dated May 8, 2008, to Mr. Mills, with its enclosures.

4. Attached hereto as Exhibit D are true and correct copies of a letter from Mr. Mills dated May 27, 2008, to me, and my letter to Mr. Mills also dated May 27, 2008.

5. Attached hereto as Exhibit E is a true and correct copy of a letter from me dated June 2, 2008, to Mr. Mills.

6. I received no notice of this application for a temporary restraining order and order to show cause until receiving the fax from Barry Mills, Esq., counsel for Plaintiffs, ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON's (collectively "Richardsons"). The fax arrived in two segments, commencing at 4:54 and 4:59 p.m., respectively, on June 3, 2008. As of this writing I still have received no notice of any hearing.

I declare the foregoing is true and correct under the penalty of perjury of the laws of the United States of America and the State of California, executed this 4th day of June, 2008, in San Diego, California.

DUANE S. HORNING

EXHIBIT A

**BARRY D. MILLS**
**Attorney at Law**
**3588 Fourth Avenue, Suite 210**
**San Diego, California 92103**
**(619) 295-5000**
**FAX (619) 338-4033**
**MillsLaw@sbcuc.net**

February 7, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Charles O. Robison
Blanche L. Robison
The Robison Family Trust
5150 Vivera Drive
La Mesa, CA 91941

Robert H. Layton
6254 Caminito Marcial
San Diego, CA 92111

Eric A. Klein
1762 Froude
San Diego, CA 92107

Alfonso Richardson, Jr.
3230 Farhill Lane
Hemet, CA 92545

Re: Consumer Legal Remedies Act Notice (Cal. Civil Code §§ 1750 *et seq.*)

Dear Mr. and Mrs. Robison and Messrs. Layton, Klein and Richardson:

Please be advised that Alphonso Richardson Sr. and Ruth A. Richardson have retained me to represent them regarding the recent re-financing of their property located at 9589 Paseo Temporarda, San Diego, CA 92129. Please refrain from contacting my clients regarding their loan and direct all communication to my office.

My clients contend that the Robison Family Trust, and Messrs. Layton and Klein conspired with or aided and abetted their son, Alfonso Richardson, Jr., in the refinancing of their home, generating commissions for Messrs. Layton and Klein, and a windfall for Alphono Jr., who has recently left town with the money. The transaction also set up the lender, the Robison Family Trust, to be able to foreclose on the property once my clients are unable to pay the mortgage or the balloon payment due five (5) years following the re-

finance. The purpose of this letter is to attempt to resolve this matter short of litigation.

This letter also serves as the statutorily required notice for violations of California's Consumer Legal Remedies Act. (Cal. Civil Code §1782). My clients contend that the transaction in question violates Civil Code §1770(a)(19) in that the entire transaction is unconscionable considering my clients' advanced age and medical conditions. You were aware of my clients' advanced age, medical conditions and income source but went forward with the transaction any way based upon Alfonso Jr.'s fraudulent use of my clients' Powers of Attorney and other misrepresentations.

In order to resolve this matter, my clients seek to be placed in *status quo ante*. In other words, they request that the Robison Family Trust re-structure the obligation so that they continuing paying that which they were paying prior to the re-finance and that the obligation will terminate within five (5) years and that any additional monies owed be waived. My clients will return to the Robison Family Trust any monies recovered from Alphonso Jr. and/or assign to the Robison Family Trust any right to collect from Alfonso Jr. Also my clients will either return or assign to the Robison Family Trust any money returned from the United States Treasury after contesting the tax liens that were paid off from the loan proceeds.

Please contact me within thirty (30) days of the date of this letter in order to accept my proposal or discuss its terms. If we are unable to resolve this matter short of litigation, my clients have authorized me to pursue this matter against you in court. A claim will not only be brought pursuant to the Consumer Legal Remedies Act but also California's Elder and Dependent Adult Abuse law, the Unfair Competition Law, the Finance Code and various common law theories, including breach of fiduciary duty, negligence and infliction of emotional distress. Please be aware that, if my clients are successful, they may recover far more than the amount that they request that you waive should you accept their offer. Both the Consumer Legal Remedies Act and the Elder Abuse law allow for the recovery of court costs and attorneys fees. My clients may also claim treble damages pursuant to Civil Code §3345.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Barry D. Mills

cc: Alphonso Richardson, Sr. and Ruth A. Richardson

SUNDERLAND | MCCUTCHAN, LLP

SAN DIEGO SANTA ROSA

11770 BERNARDO PLAZA COURT, SUITE 250
SAN DIEGO, CALIFORNIA 92128
PHONE: (858) 618-1652
FAX: (858) 675-7807

*Via Facsimile Only at (619) 338-4033*

March 24, 2008

Barry D. Mills, Esq.
3588 Fourth Avenue, Suite 210
San Diego, CA 92103

Re: Richardson, et al. v. Klein, et al.
Our Clients: Eric Klein
Claimants: Alphonso, Sr. & Ruth Richardson
Subject Property: 9589 Paseo Temporada, San Diego 92129

Dear Mr. Mills:

I am in receipt of your letter dated February 7, 2008 and respond in kind on behalf of Robert Layton and Eric Klein. Please direct all further correspondence intended for Mr. Layton and Mr. Klein to this firm. The circumstances surrounding this action give me great concern for the disposition of your clients, and I empathize with the gravity of what lies before them after a trusted family member, their son, Alphonso Richardson, Jr., has taken advantage of them.

After carefully reviewing your letter, and all personal convictions aside, there does not appear to be any reasonable legal basis for an action against my clients. All in all, it appears as a tragic confluence of circumstances initiated by the hands of a loved one. Once your clients' son presented the duly executed power of attorney, my clients acted in good faith and provided the would-be borrowers with mortgage brokering services.

CLRA

While I appreciate that the Consumer Legal Remedies Act ("CLRA") requires would-be consumer plaintiffs to follow necessary steps before commencement of an action, the CLRA is not applicable to the current transaction. As referenced in your letter, the origin of your clients' grievance arises from the refinancing of their home.

While I appreciate the hardship that your clients' son brought upon his beleaguered parents, my clients are not liable for the same. My clients acted in good faith while relying on the duly authorized power of attorney purportedly executed by your clients. Given the fact that the power of attorney was recorded and otherwise appeared to be valid my clients acted according to your clients' son's request, all the while believing he was speaking on their behalf.

With regard to the CLRA, it does not apply to any transaction which arises from the transfer of real estate. (Cal. Civ. Code §1754 – entitled "Nonapplicability of Title"). Further elaborating on the exemption carved out of the CLRA for real estate is the following 2007-holding addressing the extension of credit:

> Issuance of credit card was not "transaction intended to result in sale or lease of goods or services" under California Consumer Legal Remedies Act (CLRA), and thus cardholder could not bring action under CLRA to enjoin enforcement of allegedly unconscionable arbitration provision in agreements between cardholders and credit card company; early drafts of CLRA included credit, and Legislature's decision to delete credit indicated intent that **credit transactions separate and apart from any sale or lease of goods or services were not covered by CLRA**. West's Ann.Cal.Civ.Code §§ 1761, 1770. Berry v. American Express Publishing, Inc. (2007) 147 Cal.App.4th 224. (emphasis added).

The Berry Court then further reflects on the appropriateness of the application of CLRA-like statutes in other states, and particularly the application to Mortgages:

> Our conclusion is consistent with a number of other courts in states with consumer protection statutes very similar to CLRA, which have **denied coverage to credit transactions which occur separately from any specific purchase of goods or services**. (See, e.g., Riverside Natl. Bank v. Lewis (Tex.1980) 603 S.W.2d 169, 174 [loan unconnected with any specific good or service not covered under the Texas Deceptive Trade Practices Act]; Deerman v. Federal Home Loan Mortg. Corp. (N.D.Ala.1997) 955 F.Supp. 1393, 1399 **[mortgage loan not a "good" or "service"** under Alabama Deceptive Trade Practices Act]; Haeger v. Johnson (1976) 25 Or.App. 131, 135, 548 P.2d 532 [loan not a sale of goods or services under Oregon's Unlawful Trade Practices Act].) id. fn #3. (emphasis added)

You will find the rationale as to why the CLRA should not cover mortgage brokering more fully espoused in McKell; but in short, it would have the unintended effect of artificially increasing the cost of real estate settlement procedure costs. As you may know the federal government has chosen to occupy this area of the law through the Real Estate and Settlement Procedures Act ("RESPA").

> Plaintiffs cite no authority or make no argument demonstrating that Washington Mutual's actions were undertaken "in a transaction intended to result or which results in the sale or lease of goods or services." (Civ. Code, § 1770, subd. (a), italics added.) **Rather, its actions were undertaken in transactions resulting in the sale of real property. The CLRA thus is inapplicable** and plaintiffs have demonstrated no error in the trial court's sustaining of defendants' demurrer without leave to amend as to their CLRA cause of action. (City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., Cal.App.4th at p. 459; Mansell v.

> Board of Administration (1994) 30 Cal.App.4th 539, 545-546; cited from McKell v. Washington Mutual, Inc., (2006) 142 Cal.App.4th 1457. (emphasis added)

The McKell court then addresses the definition of a "good or services," as provided in the Civil Code:

> The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, ... including goods which, at the time of the sale or subsequently, are to be so affixed to real property as to become part of real property, whether or not severable therefrom." (Civ.Code, § 1761, subd. (a).) It defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." ( Id., subd. (b).)

Given the current status of the CLRA, it is clear that any action pursued against my clients on this basis would be specious. As such, any attempt to pursue my clients on the foregoing basis, and in light of the information provided to you herein, is likely to be viewed as being pursued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. (Cal. Code Civ. Proc. §128.7). Should you have a good faith basis for adopting an alternate position to those provided herein, I welcome the opportunity to discuss the same with you prior to engaging in litigation.

Elder Abuse

With regard to the allegations arising from Elder Abuse, I would suspect your clients' greatest opportunity for recovery is from their son, to whom they entrusted the power to enter into transactions on their behalf. Bear in mind, that the policy behind the Elder Abuse is as follows.

> The Legislature recognizes that most elders and dependent adults who are at the greatest risk of abuse, neglect, or **abandonment by their families or caretakers** suffer physical impairments and other poor health that place them in a dependent and vulnerable position. (West's Ann.Cal.Welf. & Inst.Code § 15600(d)). (emphasis added)

My clients' dealings were directly with your clients' son and ostensible caretaker, and had no reason to suspect that your clients were in poor health or otherwise vulnerable. In fact, all that was apparent was that their son held a power of attorney to act on behalf of your clients. My clients are unaware of any indication that the attorney-in-fact would take such egregious advantage of the circumstances. My clients are no more responsible for the losses suffered by your clients, than they are for the missed lessons of Junior's youth that led him to take advantage of his parents. The circumstances leading to your clients' losses are very concerning from a social standpoint, but do not present clear and convincing evidence that my clients' action were the proximate cause of the losses. This

does not even begin to approach the willfulness requirement under the Elder Abuse statute as follows:

> In order to obtain the heightened remedies available under Elder Abuse and Dependent Adults Civil Protection Act, a plaintiff **must demonstrate by clear and convincing evidence that the defendant is guilty of something more than simple professional negligence**; the plaintiff must show reckless, oppressive, fraudulent, or malicious conduct. (West's Ann.Cal.Welf. & Inst.Code §§ 15600 et seq., 15657. Smith v. Ben Bennett, Inc., (2005) 133 Cal.App.4th 1507, Cal.App. 4 Dist.) (emphasis added)

Given that 1) any purported vulnerability of your clients was disguised by the apparently competent demeanor of their attorney-in-fact; and 2) the heightened legal standard to demonstrate recklessness: it is highly unlikely that any reasonable application of the Elder Abuse statute is at issue. My clients had no more reason to expect that their son would abscond with the funds than did yours. While it is disheartening to bear witness to such callousness by a family member there was simply no way to predict such an eventuality. Apparently, all of our respective clients fell prey to the cunning nature of your clients' son.

Conclusion

As to the remainder of the tortious allegations, none of the same appear to hold merit in light of my own careful review of the transaction file. The file itself is comprehensive and includes those documents necessary, such as the Regulation Z, Good Faith Estimate, Truth In Lending disclosures and the like, in any adeptly administered loan brokerage file. We share your disgust with regard to the actions of your clients' son in this matter, but assure you that my clients' actions in brokering the loan were undertaken in a good faith manner, and according to regulations, in an effort to assist your clients with their capital needs. At no time was there any indication that the funds were not going to be used for the aid and benefit of your clients, had this been the case my clients would have immediately verified and confirmed the same to the best of their ability. Bear in mind, the Power of Attorney provided the validity necessary to proceed with funding this loan. But for the execution of the Power of Attorney by your clients, this matter could not have arisen.

Thank you for your professional courtesy and cooperation with regard to the foregoing.

Very truly yours,
SUNDERLAND | McCUTCHAN, LLP

David J. Lola, Esq.
DJL/clp

EXHIBIT C

CALIFORNIA BUSINESS
LAW GROUP, PC

Duane S. Horning

Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
www.cblg.biz
dhorning@cblg.biz
p 619.325.1555
f 619.325.1559

*By Fax and U.S. Mail*

May 8, 2008

Barry D. Mills, Esq.
3588 Fourth Avenue, Suite 210
San Diego, CA 92103

Re: *Robison et al. v. Richardson*
9589 Paseo Temporada, San Diego, California

Dear Mr. Mills:

I represent Charles O. Robison and Blanche L. Robison, trustees of the Robison Family Trust Dated April 5, 2001, and Mr. Richard Cheroske. The Robisons are the original holders of the Balloon Note dated August 17, 2007, in which the makers are Alphonso Richardson, Sr. and Ruth A. Richardson, in the original principal amount of $307,000, secured by a deed of trust. The Robisons have assigned a 50% interest in the note and deed of trust to Mr. Cheroske. Your letters dated February 7 and April 24, 2008, have been directed to me.

Your February 7th letter alleges violations of the Consumers Legal Remedies Act ("CLRA"), and claim remedies under the CLRA. The CLRA does not apply to home mortgage transactions such as this. *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1488 (2006) (sustaining defendants' demurrer because the CLRA is inapplicable to home mortgage transactions). The CLRA only applies to sales or leasing of "goods" or "services." Cal. Civ. Code § 1770 (West 2008). "'Goods' means tangible chattels ..." § 1761(a). "'Services' means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." § 1761(a). This transaction did not involve the sale or lease of goods or services. Therefore the CLRA is inapplicable.

Your April 24th letter purports to constitute a notice of rescission under the Truth in Lending Act ("TILA") including the Home Ownership and Equity Protection Act ("HOEPA"). There does not appear to be grounds for rescission.

Rescission requires that the borrowers return the money borrowed. 15 U.S.C. § 1635(b) (West 2008). "[A] trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Yamamoto v. Bank of New York*, 329 F. 3d 1167, 1171 (9th Cir. 2003) (upholding trial court's dismissal of suit for rescission where borrowers were unable to show they could tender the loan proceeds); *see also, LaGrone v. Johnson*, 534 F. 2d 1360, 1362 (9th Cir. 1976) (rescission should have been conditioned on a tender by the borrower of the amount advanced by the lender).

Here, the proceeds of the $307,000 loan are not available to be returned. Most of the proceeds were used to pay other creditors. The balance was distributed to the Richardsons, but you claim that balance was taken by their son. The Richardsons are not sufficiently credit worthy to take out a new loan, as evidenced by their loan application and credit scores. In our telephone conversation you admitted to me that the subject Robison/Cheroske loan was the only loan they could obtain. Their default on the Robison/Cheroske loan will prevent them from qualifying with any new lender. Therefore, unless the Richardsons have suddenly acquired large cash resources or can otherwise demonstrate ability to tender repayment of the loan, rescission is not a remedy that is available to them.

Your letter states that the HOEPA applies because points and fees allegedly exceeded 8%. The points and fees and this case did not exceed 8%. Therefore HOEPA does not apply. But even if it did, its requirements were satisfied. Following are the violations you allege of the TILA, and the reasons why there was no violation. Copies of the relevant documents are enclosed.

- *Disclosures to borrowers 3 days in advance of transaction* — The transaction closed August 24, 2007. Disclosures were provided and receipt acknowledged August 17, 2007, or seven days in advance.

- *Calculation of finance charge* — You have not identified any way in which the finance charge was allegedly miscalculated or what you contend to be the correct finance charge. No miscalculation appears on the disclosures.

- *Calculation of the Annual Percentage Rate, or "APR"* — You have not identified any way in which the APR was allegedly miscalculated or what you contend to be the correct APR. No miscalculation appears on the disclosures.

- *Clear and conspicuous requirement* — You contend that more than one interest rate was allegedly stated, and that that was somehow a violation of the clear and conspicuous requirement. Even if there was more than one interest rate stated, which we do not concede, the claim of that constituting a violation of the clear and conspicuous requirement is a *non sequitur*. In addition, the interest rate was stated clearly and conspicuously in full satisfaction of 15 U.S.C. § 1632.

- *Statutory warnings in conspicuous typeset* — All statutorily required warnings were in fact given in conspicuous typeset, using routine, customary forms.

- *Notice that joint owners could unilaterally cancel* — The fact that both borrowers designated the same person, their son, as their agent and attorney-in-fact makes the separate notice issue moot in this case. Regardless, separate notices were given to each borrower. The regulation at 12 C.F.R. § 226.15 requires nothing more.

- *Two copies of right to cancel* — Two copies of the right to cancel were given to each borrower, and the borrowers' agent signed and acknowledgement of receipt of them.

The record demonstrates there were no violations of the TILA or the HOEPA. However, even if there were violations, which there were not, the violations would have to be "material" to constitute grounds for rescission. "[T]he rescission provisions under 15 U.S.C. s 1635 require that the nondisclosure be ***material***." *Bustamante v. First Federal Savings. and Loan Association of San Antonio*, 619 F. 2d 360, 363 (5th Cir. 1980) ) (emphasis supplied).

"The Court is persuaded that the different language used in the statute was meant to limit liability under the rescission section to only those non-disclosures which a reasonable consumer would view as significantly altering the 'total mix' of information made available. That is, the omission need not be so important that a reasonable consumer would probably change creditors. However, the information must be of some significance to a reasonable consumer under the circumstances in his 'comparison shopping' for credit." *Ivey v. U.S. Dept. of Housing and Urban Development*, 428 F. Supp. 1337, 1343 (D.C.Ga. 1977), *affirmed by Ivey v. U.S. Department of Housing and Urban Development*, 607 F. 2d 1004 (5th Cir. 1979).

None of the alleged violations in this case even taken together are "material." To the contrary, the alleged violations are trivial. "The law disregards trifles." Cal. Civ. Code § 3533 (West 2008).

Even if there was any violation of the TILA, and the violation was material, both of which we deny, that would be no basis for rescission. There is no strict liability for rescission under the TILA. The TILA includes a statutory defense where an alleged violation "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c). Any such alleged violations in this case, if there were any, were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Rescission under the TILA is an equitable remedy. Here the equities favor the lender. The lender advanced hard money. The Richardsons appointed their son as their attorney-in-fact. The lender dealt entirely in good faith through the brokers with the Richardson's son. The brokers report that every indication was their son was assisting the Richardsons, as would be expected. The Richardsons accepted the loan and all of its benefits, and made the first three payments (the check for the third payment bounced). The Richardson's had over $200,000 of their debts paid, and $70,000 in cash advanced to them. The Richardsons' allegation that their son, who they designated in writing to be their agent, absconded with the funds is of no moment. Their son denies the claim. Regardless, if the Richardsons have any claim it is only with their son, and it is no basis to deprive the lender of repayment of its loan or its security interest.

In sum, the claim for rescission fails for multiple reasons, any one of which would be sufficient to defeat the claim.

Your February 7th letter makes passing reference to allegations of a conspiracy theory, and other claims. The references are too vague to respond to, and are not supported by any evidence. There was no "conspiracy" and no basis for liability under any other theory.

Your two demand letters lack basis in law or fact. They serve only to add to the lender's legal expense for which your clients are liable. In our recent telephone conversation, you stated that you had not reviewed the file. It is surprising you would make such serious claims and attempt to interfere with the lender's legitimate foreclosure rights without conducting that minimal investigation. Now that you have this information and enclosed documents, we trust that you will at once withdraw any further claim or allegations against my clients. If you persist in your claims, file suit, or do anything further to interfere with the lender's rights, we reserve all rights and remedies including without limitation converting the foreclosure to a judicial foreclosure and recovery of a deficiency judgment, and recovery of all attorneys' fees and costs from your clients.

Sincerely,

California Business Law Group, PC

Duane S. Horning

Enclosures

cc: David Lola, Esq. (w/ enclosures)
Ms. Janet Edwards, Statewide Financial (w/ enclosures)

From: 9516760... Received: 7/16/2007 at ... Fax File: c:\program files\just the fax\receive\...
07/16/2007 01:36 9516760... PREMIER MORTGAGE GRP PAGE 03/08
07/16/2007 14:25 7606211... OD938 VISTA PAGE 02

July 16, 2007

FM: ALPHONSO RICHARDSON, JR.

TO: ALL INTERESTED PARTIES

SUBJECT: RESPONSIBILITY FOR PAYING DEBTS, in the case of Mr. and Mrs. Alphonso Richardson, Sr.

This letter shall serve as a general notice that under a General Power of Attorney, I, Alphonso Richardson, Jr. am now, and have been, responsible for paying, negotiating, and curing all financial matters pertaining to my father Mr. Alphonso Richardson, Sr.

I will continue to maintain the responsibility of making timely payments for all debts, including the new first mortgage on Mr. and Mrs. Richardson's residence located at 9589 Paseo Temporada in San Diego, California.

ALPHONSO RICHARDSON, JR.

DATE: July 16, 2007

# BORROWER'S ACKNOWLEDGMENT OF DISCLOSURES

| Borrower Name(s): | Lender: |
|---|---|
| Alphonso Richardson AND Ruth A Richardson | The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001 |
| | Date: AUGUST 17, 2007 |

Property Address:

9589 Paseo Temporada, San Diego, CA 92129

By signing below, I acknowledge that I have received a "Good Faith Estimate" and all applicable disclosures required by the Truth in Lending Act.

| | |
|---|---|
| Alphonso Richardson by Alphonso Richardson His atty in fact (Date) 8-17-07 | Ruth A Richardson by Alphonso Richardson Her atty in fact (Date) 8-17-07 |
| (Date) | (Date) |
| (Date) | (Date) |
| (Date) | (Date) |

# BALLOON PAYMENT DISCLOSURE

LOAN NO.: 000628999

NOTICE: READ BEFORE SIGNING YOUR LOAN DOCUMENTS

This loan provides for 60 monthly payments of: PRINCIPAL AND INTEREST in the amount of $ 2,808.25 each. Assuming that all the monthly payments have been paid exactly on the date that each is due, a final payment of the then outstanding principal balance plus all earned interest remaining unpaid ("Balloon Payment" amount) estimated to be in the amount of $ 300,029.28 shall become due and payable on OCTOBER 05, 2012 (the "Maturity Date").

DO NOT SIGN ANY LOAN DOCUMENTS IF YOU HAVE ANY QUESTIONS ABOUT YOUR LOAN PAYMENTS

Unless otherwise expressly disclosed in the Note, or in an Addendum or a Rider to the Note, THE LENDER IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE OUTSTANDING PRINCIPAL BALANCE OF THIS LOAN DUE ON THE MATURITY DATE. You may be required to payoff the entire principal balance, plus any unpaid interest due thereon, on the maturity date using personal assets. If this Lender, or any other Lender, agrees to refinance the outstanding balance due on the maturity date, you may be required to pay the then prevailing interest rate, which may be higher or lower than the interest rate specified in the Note, plus loan origination costs and fees as are typically incurred when creating a new loan.

I hereby certify that the Borrowers have received an oral explanation of the balloon payment provisions of this loan.

(Signature of Loan Officer)

ALL BORROWERS MUST SIGN AND DATE

I/We hereby acknowledge receipt of the above notice concerning the balloon payment provisions of this loan. I/We further acknowledge that these provisions have also been orally explained to me/us.

Alphonso Richardson by Alphonso Richardson, His atty in fact 8-17-07

Alphonso Richardson — Date

Ruth A Richardson by Alphonso Richardson Her atty in fact 8-17-07

Ruth A Richardson — Date

Date

Date

KL109

# Mortgage Loan Disclosure Statement (Borrower)



| Name of Broker<br>Eric Klein | Business Address<br>P.O. Box 7037, San Diego, CA 92167 |
|---|---|

## I. SUMMARY OF LOAN TERMS

A. PRINCIPAL AMOUNT $ 307,000.00

B. ESTIMATED DEDUCTIONS FROM PRINCIPAL AMOUNT

1. Costs and Expenses (See Paragraph III-A) $ 2,818.00
2. Commission/Loan Origination Fee (See Paragraph III-B) $ 24,560.00
3. Amount to be Paid on Authorization of Borrower (See Paragraph III-C) $ ______

C. ESTIMATED CASH PAYABLE TO BORROWER (A LESS B) $ 279,622.00

## II. GENERAL INFORMATION ABOUT LOAN

A. If this loan is made, borrower will be required to pay the principal and interest at 10.500 % per year, payable as follows:

60 (number of payments) MONTHLY (monthly/quarterly/annual) payments of $ 2,808.25, and a

FINAL/BALLOON payment of $ 300,029.28 to pay off the loan in full.

NOTICE TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY TO MAKE THE BALLOON PAYMENT. IN THAT CASE, YOU MAY AGAIN HAVE TO PAY COMMISSIONS, FEES AND EXPENSES FOR THE ARRANGING OF THE NEW LOAN. IN ADDITION, IF YOU ARE UNABLE TO MAKE THE MONTHLY PAYMENT OR THE BALLOON PAYMENT, YOU MAY LOSE THE PROPERTY AND ALL OF YOUR EQUITY THROUGH FORECLOSURE. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THIS LOAN.

B. This loan will be evidenced by a promissory note and secured by a deed of trust on property identified as *(street address or legal description)*:

9589 Paseo Temporada, San Diego, CA 92129

C. 1. Liens presently against this property *(do not include loan being applied for)*:

| Nature of Lien | Priority | Lienholders' Name | Amount Owing |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

2. Liens that will remain against this property after the loan being applied for is made or arranged *(include loan being applied for)*:

| Nature of Lien | Priority | Lienholders' Name | Amount Owing |
|---|---|---|---|
| TRUST DEED | FIRST | The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001 | $ 307,000.00 |
| | | | $ |
| | | | $ |
| | | | $ |

NOTICE TO BORROWER: Be sure that you state the amount of all liens as accurately as possible. If you contract with the broker to arrange this loan, but it cannot be arranged because you did not state these liens correctly, you may be liable to pay commissions, fees and expenses even though you do not obtain the loan.

D. If borrower pays all or part of the loan principal before it is due, a PREPAYMENT PENALTY computed as follows may be charged:

E. The purchase of credit life or credit disability insurance by a borrower is not required as a condition of making this loan.

## III. DEDUCTIONS FROM LOAN PROCEEDS

A. Estimated Maximum Costs and Expenses of Arranging the Loan to be Paid Out of Loan Principal

| PAYABLE TO: | Broker | Others |
|---|---|---|
| 1. Appraisal fee | | 350.00 |
| 2. Escrow fee | | 450.00 |
| 3. Title insurance fee | | 828.00 |
| 4. Notary fees | | |
| 5. Recording fees | | |
| 6. Credit investigation fee | | |
| 7. Other costs and expenses | | |
| DOCUMENT PREPARATION FEE | | 595.00 |
| PROCESSING FEE | | 595.00 |

Total Costs and Expenses $ 2,818.00

* B. Brokerage Commission / Loan Origination Fee / Loan Discount $ 24,560.00

C. Estimated Payment to Made Out of Loan Principal on Authorization of Borrower

| PAYABLE TO: | Broker | Others |
|---|---|---|
| 1. Fire or other hazard insurance premiums | | |
| 2. Credit life or disability insurance premiums (See Paragraph II-E) | | |
| 3. Beneficiary statement fees | | |
| 4. Reconveyance and similar fees | | |
| 5. Discharge of existing liens against property: | | |
| 6. Other: | | |

Total to be Paid on Authorization of Borrower $

If this loan is secured by a first deed of trust in a principal amount of less than $30,000 or secured by a junior lien in a principal amount of less than $20,000, the undersigned licensee certifies that the loan will be made in compliance with Article 7 of Chapter 3 of the California Real Estate Law.

KL111

* This loan may / will / will not *(delete two)* be made wholly or in part from broker-controlled funds as defined in Section 10241(j) of the California Business and Professions Code.

* **NOTICE TO BORROWER:** This disclosure statement may be used if the broker is acting as an agent in arranging the loan by a third person or if the loan will be made with funds owned or controlled by the broker. If the broker indicates in the above statement that the loan "may" be made out of broker-controlled funds, the broker must notify the borrower prior to the close of escrow if the funds to be received by the borrower are in fact broker-controlled funds.

Eric Klein
Name of Broker

01123138
License Number

Signature of Broker

OR

ROBERT LAYTON
Broker Representative

00879545
License Number

[signature]
Signature

The California Department of Real Estate license information line is (916) 227-0931.

NOTICE TO BORROWER: DO NOT SIGN THIS STATEMENT UNTIL YOU HAVE READ AND UNDERSTAND ALL OF THE INFORMATION IN IT. ALL PARTS OF THE FORM MUST BE COMPLETED BEFORE YOU SIGN.

Borrower hereby acknowledges the receipt of a copy of this statement.

[signature] by [signature] his atty in fact
Alphonso Richardson

[signature] by [signature] her atty in fact
Ruth A Richardson

KL112

# TRUTH-IN-LENDI[illegible]ORTGAGE DISCLOSURE FOR MORTGA[illegible]HAT EXCEED CERTAIN PERCENTAGES AND AMOUNTS

Borrower(s) Name(s):
Alphonso Richardson AND Ruth A Richardson

Lender:
The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001

Loan Number:
000628999

Date:

Property Address:
9589 Paseo Temporada, San Diego, CA 92129

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.

If you obtain this loan, the lender will have a mortgage on your home.

YOU COULD LOSE YOUR HOME, AND ANY MONEY YOU HAVE PUT INTO IT, IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THE LOAN.

You are borrowing $ 307,000.00 (optional credit insurance ☐ is ☐ is not included in this amount).

The annual percentage rate on your loan will be 12.767 %.

[XX] Fixed Rate Loans - Your regular 60 payment will be $ 2,808.25
[XX] At the end of your loan, you will still owe us: $ 300,029.28 payable on OCTOBER 05, 2012

☐ Graduated Payment Loans - Your regular payment will be $
$ for the 1st
$ for the 2nd
$ for the and thereafter.

☐ Variable Rate Loans
Your interest rate may increase. Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $

☐ Your regular payment will be $
☐ Initial Payment is based on a Discount or Premium.

Your regular payment will be $ for
After your regular payment will be based on an index and margin, which currently would make your payment $ . Your actual payment at that time may be higher or lower.

By signing below you acknowledge receipt of a complete copy of this disclosure. You understand that this is not a contract and does not reflect all of the terms and conditions of the mortgage transaction to which the disclosures in this form relates.

Alphonso Richardson — Date 8-17-07
Ruth A Richardson — Date 8-17-07

Date
Date

Date
Date

Date
Date

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
NEITHER A CONTRACT NOR A COMMITMENT TO LEND

**Creditor:**
The Robison Family Trust, Charles O. Robison and Blanche L Robison Trustees Dated 04/05/2001

5150 Vivera Dr.
La Mesa, CA 91941

**Date:** AUGUST 17, 2007

**Borrower:**
Alphonso Richardson AND Ruth A Richardson

9589 Paseo Temporada
San Diego, CA 92129

**Loan Number:** 000628999

Check box if applicable:

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | [ ] Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit including your down-payment of $ N/A |
| 12.767 % | $ 187,129.28 | $ 281,395.00 | $ 468,524.28 | $ N/A |

[ ] REQUIRED DEPOSIT: The annual percentage rate does not take into account your required deposit.

PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due Monthly Beginning: | Number of Payments | Amount of Payments | When Payments Are Due Monthly Beginning: | Number of Payments | Amount of Payments | When Payments Are Due Monthly Beginning: |
|---|---|---|---|---|---|---|---|---|
| 60 | 2,808.25 | 10/05/2007 | | | | | | |
| 1 | 300,029.28 | 10/05/2012 | | | | | | |

[ ] DEMAND FEATURE: This obligation has a demand feature.

[ ] VARIABLE RATE: Your loan contains variable rate features.

[ ] Information regarding the variable rate features of your loan have been provided to you earlier in a separate document.

[ ] Information regarding the variable rate features of your loan are provided hereinafter. The annual percentage rate may increase or decrease during the term of this transaction with increases or decreases in the value of the "Index" (or "Reference Rate"). The rate that you will pay may not be changed more often than every ________ ________ commencing ____________.

[ ] Rate Change Limits: The rate may not be changed by more than ____________ % on any one Rate Change Date.

[ ] The rate will never be greater than ____________ %

[ ] Any increase in the rate will result in a corresponding increase in the payment.

[ ] Rate increases may occur without immediate and/or corresponding payment increases.

[ ] Unpaid interest will be added to the principal.

The "Index" (or "Reference Rate") is the:

INSURANCE: The following insurance is required to obtain credit:

[ ] Credit life insurance and credit disability [XX] Property insurance [ ] Flood insurance

You may obtain the insurance from anyone you want that is acceptable to creditor.

[ ] If you purchase [ ] property [ ] flood insurance from creditor you will pay $ for one year term.

SECURITY: You are giving a security interest in:
9589 Paseo Temporada, San Diego, CA 92129

[ ] The goods or property being purchased [XX] Real property you already own.

FILING FEES: $

LATE CHARGE: If a payment is more than 10 days late, you will be charged 6.00 % of the Principal & Interest payment, but not less than $ 5.00 and not more than $ 168.50 .

PREPAYMENT: If you pay off early, you

[ ] may [XX] will not have to pay a penalty.

[ ] may [XX] will not be entitled to a refund of part of the finance charge.

ASSUMPTION: Someone buying your property

[ ] may [ ] may, subject to conditions [XX] may not assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

[ ] e means an estimate [ ] all dates and numerical disclosures except the late payment disclosures are estimates.

The undersigned acknowledge receiving and reading a completed copy of this disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

[ ] I/We have received the Variable Rate Disclosure for the loan program for which I/We have applied.

KL127

Alphonso Richardson — Date 8-17-07

Ruth A Richardson — Date 8-17-07

Date

Date

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT "ITEMIZATION OF AMOUNT FINANCED"

Creditor:
The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001
5150 Vivera Dr.
La Mesa, CA 91941

Re:
Alphonso Richardson AND Ruth A Richardson

9589 Paseo Temporada
San Diego, CA 92129

Date: AUGUST 17, 2007
Interest Rate: 10.500 %
BROKER'S LICENSE #: 01123138
DEPT. OF REAL ESTATE LICENSE INFO LINE: (916) 227-0931

Loan Number: 000628999

Loan Amount: 307,000.00

| Ref HUD-1 Statement | Amount Paid on your Account | PAID | FINANCED | *Broker = B Other = O * |
|---|---|---|---|---|
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | **Amount Paid To Others on your Behalf:** | | | |
| 809 | APPRAISAL FEE TO APPRAISER | | $ 350.00 | |
| 1105 | DOCUMENT PREPARATION FEE | | $ 595.00 | |
| 1108 | TITLE INSURANCE TO TITLE COMPANY | | $ 828.00 | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| LOAN PROCEEDS PAID TO: | Commonwealth Land Title Company | | $ 279,622.00 | |
| | AMOUNT FINANCED | | $ 281,395.00 | |
| | **Prepaid Finance Charge:** | PAID | FINANCED | * |
| 801 | LOAN ORIGINATION FEE (pd to lender) 1.000 % | | $ 3,070.00 | |
| | ~~BROKER FEE~~ | | $ ~~21,490.00~~ | |
| | PROCESSING FEE | | $ 595.00 | |
| ~~1101~~ | ~~SETTLEMENT OR CLOSING FEE TO SETTLEMENT/CLOSING AGENT~~ | | $ ~~450.00~~ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | Total Prepaid Finance Charge: | | $ 25,605.00 | |
| | These are FEES NOT paid by the Borrower | | | |
| | | | $ | |
| | | | $ | |
| | | | $ | |

| Total Estimated Funds needed to close | | Total Estimated Monthly Payment | |
|---|---|---|---|
| Down Payment | $ | Principal & Interest | $ 2,808.25 |
| Estimated Closing Costs | $ 27,378.00 | Total Real Estate Taxes | $ |
| Estimated Prepaid Items/Reserves | $ | Flood & Hazard Insurance | $ |
| Other: TOTAL PAYOFFS | $ | Mortgage Insurance | $ |
| TOTAL EST. FUNDS NEEDED TO CLOSE | $ 27,378.00 | Total Other Impounds | $ |
| | | TOTAL MONTHLY PAYMENT | $ 2,808.25 |

This form does not cover all items you will be required to pay in cash at settlement; for example, deposits in escrow for real estate taxes and insurance may be different. You may wish to inquire as to the amounts of such other items. You may be required to pay other additional amounts at settlement.

Neither you nor the lender previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure. Each of the Undersigned acknowledge receiving and reading a completed copy of this disclosure.
[X] All disclosures are estimates

KL128

Alphonso Richardson by Alphonso Rich his atty in fact
Alphonso Richardson    Date

8-17-07
Date

Ruth A. Rich by Alphonso Rich her atty in fact
Ruth A Richardson    Date

8-17-07
Date

# NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.:

Loan Number: 000628999

Borrower: Alphonso Richardson

Property Address: 9589 Paseo Temporada, San Diego, CA 92129

YOUR RIGHT TO CANCEL:

You are entering into a transaction that will result in a mortgage, lien, or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is 8-17-07; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

HOW TO CANCEL:

If you decide to cancel this transaction, you may do so by notifying us in writing.

Name of Creditor: The Robison Family Trust, Charles O. Robison and Blanche L Robison Trustees Dated 04/05/2001

at 5150 Vivera Dr.
La Mesa, CA 91941

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send a notice no later than midnight of 8-24-07 (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_______________ Date

_______________ Borrower's Signature

## ACKNOWLEDGEMENT OF RECEIPT

BY SIGNING BELOW, I, THE UNDERSIGNED, HEREBY ACKNOWLEDGE THAT ON THE DATE LISTED ABOVE I RECEIVED TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME OF MY RIGHT TO CANCEL THIS TRANSACTION.

DATE: 8-17-07

Alphonso Richardson
Borrower's Name

Alphonso Richardson by Alphonso Richardson his atty in fact
Alphonso Richardson
Borrower's Signature

V-064 (0305) .02 MODIFIED H-8

10/00
LENDER SUPPORT SYSTEMS INC. GEN-020.GEN (05/07)

KL122

# NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.: Loan Number: 000628999

Borrower: Ruth A Richardson

Property Address: 9589 Paseo Temporada, San Diego, CA 92129

YOUR RIGHT TO CANCEL:
You are entering into a transaction that will result in a mortgage, lien, or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is 8-17-07; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

HOW TO CANCEL:

If you decide to cancel this transaction, you may do so by notifying us in writing.

Name of Creditor: The Robison Family Trust, Charles O. Robison and Blanche L Robison Trustees Dated 04/05/2001

at 5150 Vivera Dr.
La Mesa, CA 91941

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send a notice no later than midnight of 8-21-07 (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_______________ Date

_______________ Borrower's Signature

## ACKNOWLEDGEMENT OF RECEIPT

BY SIGNING BELOW, I, THE UNDERSIGNED, HEREBY ACKNOWLEDGE THAT ON THE DATE LISTED ABOVE I RECEIVED TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME OF MY RIGHT TO CANCEL THIS TRANSACTION.

DATE: 8-17-07

Ruth A Richardson
Borrower's Name

Ruth A Richardson by Alan Richardson Her attorney-in-fact
Ruth A Richardson
Borrower's Signature

# BROKERED FUNDS NOTICE

LENDER: The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001

ADDRESS: 5150 Vivera Dr., La Mesa, CA 91941

BORROWER(S): Alphonso Richardson AND Ruth A Richardson

PROPERTY ADDRESS: 9589 Paseo Temporada, San Diego, CA 92129

LOAN NUMBER: 000628999 LOAN AMOUNT: $ 307,000.00

BORROWER IS HEREBY GIVEN NOTICE THAT THE ABOVE MENTIONED LOAN IS ARRANGED UNDER THE FOLLOWING CONDITIONS:

1. THIS LOAN IS A REAL ESTATE BROKER ARRANGED LOAN.

2. THIS LOAN HAS BEEN ARRANGED BY Eric Klein (BROKER)

   WHOSE CALIFORNIA REAL ESTATE LICENSE NUMBER IS 01123138 AND WHOSE BUSINESS ADDRESS IS P.O. Box 7037, San Diego, CA 92167

3. THE FUNDS FOR THIS LOAN ARE BROKER CONTROLLED.

4. LOAN APPROVAL WILL BE DONE UPON FUNDING ONLY.

BORROWER(S) HEREBY ACKNOWLEDGE(S) UNDERSTANDING OF THE ABOVE TERMS AND CONDITIONS AND RECEIPT OF THIS NOTICE.

Alph Rich by Alph Rich His atty in fact 8-17-07

Alphonso Richardson Borrower Acknowledgement Date

Ruth A Richa by Alphon Rich Her atty in fact 8-17-07

Ruth A Richardson Borrower Acknowledgement Date

Borrower Acknowledgement Date

Borrower Acknowledgement Date

# CONSUMER CAUTION AND HOME OWNERSHIP COUNSELING NOTICE

| | |
|---|---|
| Borrower Name(s): Alphonso Richardson AND Ruth A Richardson | Lender: The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001, 5150 Vivera Dr., La Mesa, CA 91941 |
| | Loan Number: 000628999 |
| | Date: AUGUST 17, 2007 |
| Property Address: 9589 Paseo Temporada, San Diego, CA 92129 | |

If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan.

Mortgage loan rates and closing costs and fees vary based on many other factors, including your particular credit and financial circumstances, your earnings history, the loan-to-value requested, and the type of property that will secure your loan. Higher rates and fees may be justified depending on the individual circumstances of a particular consumer's application. You should shop around and compare loan rates and fees.

This particular loan may have a higher rate and total points and fees than other mortgage loans and is, or may be, subject to the additional disclosure and substantive protections under Division 1.6 (commencing with Section 4970 of the Financial Code). You should consider consulting a qualified independent credit counselor or other experienced financial adviser regarding the rate, fees, and provisions of this mortgage loan before you proceed. For information on contacting a qualified credit counselor, ask your lender or call the United States Department of Housing and Urban Development's counseling hotline at 1-800-569-4287 or go to www.hud.gov/offices/hsg/sfh/hcc/states/california.txt for a list of counselors.

You are not required to complete any loan agreement merely because you have received these disclosures or have signed a loan application.

If you proceed with this mortgage loan, you should also remember that you may face serious financial risks if you use this loan to pay off credit card debts and other debts in connection with this transaction and then subsequently incur significant new credit card charges or other debts. If you continue to accumulate debt after this loan is closed and then experience financial difficulties, you could lose your home and any equity you have in it if you do not meet your mortgage loan obligations.

Property taxes and homeowner's insurance are your responsibility. Not all lenders provide escrow services for these payments. You should ask your lender about these services.

Your payments on existing debts contribute to your credit ratings. You should not accept any advice to ignore your regular payments to your existing creditors.

By signing below, I/we acknowledge receiving a copy of this notice.

Alphonso Richardson by Alphonso Richardson His atty in fact — Alphonso Richardson — Date 8-17-07

Ruth A Richardson by Alphonso Richardson Her atty in fact — Ruth A Richardson — Date 8-17-07

_______________ Date _______________ Date

_______________ Date _______________ Date

_______________ Date _______________ Date

# INTERIM INTEREST PAYMENT DISCLOSURE

| | |
|---|---|
| Borrower Name(s):<br>Alphonso Richardson AND Ruth A Richardson | Licensee:<br>The Robison Family Trust, Charles O. Robison and Blanche L Robison Trustees Dated 04/05/2001<br>5150 Vivera Dr.<br>La Mesa, CA 91941 |
| | Date: AUGUST 17, 2007 |
| | Loan Number: 000628999 |

☐ I request that the loan proceeds be disbursed on a Monday (or on a day immediately following a bank holiday, if applicable). I understand that interest will commence accruing on the business day immediately preceding the closing date.
The amount of additional per diem interest I will be charged is: $ 89.54
I also understand that I may avoid the additional per diem interest charge by disbursing the loan proceeds on a day immediately following a business day.

☐ An escrow closing is involved for this loan and I will not pay interest on the loan more than one day prior to the date that the loan proceeds are disbursed from escrow.

☐ An escrow closing is not involved for this loan and I have made a request for recording in connection with the disbursement. I will not pay interest on the loan more than one day prior to the date the loan proceeds are disbursed to me, or to a third party on my behalf, or to the lender to satisfy an existing obligation.

☐ An escrow closing is not involved for this loan and I have not made a request for recording in connection with the disbursement, and I will not pay interest on the loan prior to the date funds are disbursed to me, or to a third party on my behalf, or to the lender to satisfy an existing obligation.

By signing below, borrower(s) acknowledges the additional interest charge, if any, as described above.

Alphonso Richardson by Alph Rich, His atty in fact — Alphonso Richardson — Date 8-17-07

Ruth A Rich by Alph Rich, Her atty in fact — Ruth A Richardson — Date 8-17-07

__________ Date __________ Date

__________ Date __________ Date

__________ Date __________ Date

## LICENSEE'S CERTIFICATE OF COMPLIANCE

The Robison Family Trust, Charles O. Robison and Blanche L Robison Trustees Dated have reviewed loan number 000628999 made by Alphonso Richardson AND Ruth A Richardson

and I have reviewed information in the loan records, including the date of disbursement of the loan proceeds; and I am authorized by the licensee to sign this form on its behalf; and, I make the following statement:

The borrower(s) of this loan was charged per diem interest, if any, in accordance with Civil Code Section 2948.5 as described above. I, the undersigned, state that I am the person named in this Certificate of Compliance; that I have read and signed this Certificate of Compliance and know the contents of it, including any exhibits attached to this certificate; and that based on my review of the information contained in the loan records, the statements made in this document, including any exhibits attached to it, are true and correct to the best of my knowledge.

I certify under penalty of perjury that the foregoing is true and correct.

Licensee:

[signature] 08-20-07
Date

EXHIBIT D

**BARRY D. MILLS**
**Attorney at Law**
**3588 Fourth Avenue, Suite 210**
**San Diego, California 92103**
**(619) 295-5000**
**FAX (619) 338-4033**
**MillsLaw@sbcuc.net**

May 27, 2008

Duane Horning
California Business Law Group, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101

RECEIVED
MAY 29 2008

Re: *Richardson, et al. v. Robison, et al.*

Dear Mr. Horning:

I am writing to confirm that you agreed to accept service on behalf of your clients, Charles O. Robison, Blanche L. Robison individually and as trustees of the Robison Family Trust, and Richard Cheroske. I mailed you the Complaint enclosed with my letter dated May 21, 2008. As we discussed today, please find enclosed the Summons and civil coversheet in the above matter. I look forward to your response.

Also as we discussed today, I urge you to cancel the foreclosure sale presently set for June 5, 2008. Statewide not only has nothing to sell as the transaction has been rescinded, but Statewide has no power to conduct the sale. Statewide is not the named Trustee in the Deed of Trust. Commonwealth Land Title Company remains the Trustee. Paragraph 24 of the Deed of Trust provides the sole means by which a successor trustee may be appointed. Although the Notice of Sale was recorded with the San Diego County Recorder, no Substitution of Trustee was recorded. Civil Code §2934a(e) provides that any sale is void unless the substitute trustee is set forth in the Notice of Sale.

Please let me know as soon as possible that the presently scheduled foreclosure sale has been cancelled so I can avoid involving the court in this matter.

Very truly yours,

Barry D. Mills

enclosures

CALIFORNIA BUSINESS
LAW GROUP, PC

Duane S. Horning

Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
www.cblg.biz
dhorning@cblg.biz
p 619.325.1555
f 619.325.1559

May 27, 2008

Barry D. Mills, Esq.
3588 Fourth Avenue, Suite 210
San Diego, CA 92103

Re: *Robison et al. v. Richardson*
9589 Paseo Temporada, San Diego, California

Dear Mr. Mills:

I have received your letter dated May 21, 2008, requesting that I accept service. I agree to accept service on behalf of Charles O. Robison and Blanche L. Robison, individually and as trustees of the Robison Family Trust dated April 5, 2001, and Mr. Richard Cheroske. Please send me the summons and civil coversheet as stated. Service will be effective when those items are received. We respectfully decline your request to instruct Statewide Reconveyance, Inc. not to go forward with the foreclosure sale. The allegations of the complaint are unfounded and we do not believe your clients are entitled to an injunction.

Sincerely,

California Business Law Group, PC

Duane S. Horning

**BARRY D. MILLS**
**Attorney at Law**
**3588 Fourth Avenue, Suite 210**
**San Diego, California 92103**
**(619) 295-5000**
**FAX (619) 338-4033**
**MillsLaw@sbcuc.net**

May 27, 2008

Duane Horning
California Business Law Group, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101

RECEIVED
MAY 29 2008

Re: *Richardson, et al. v. Robison, et al.*

Dear Mr. Horning:

I am writing to confirm that you agreed to accept service on behalf of your clients, Charles O. Robison, Blanche L. Robison individually and as trustees of the Robison Family Trust, and Richard Cheroske. I mailed you the Complaint enclosed with my letter dated May 21, 2008. As we discussed today, please find enclosed the Summons and civil coversheet in the above matter. I look forward to your response.

Also as we discussed today, I urge you to cancel the foreclosure sale presently set for June 5, 2008. Statewide not only has nothing to sell as the transaction has been rescinded, but Statewide has no power to conduct the sale. Statewide is not the named Trustee in the Deed of Trust. Commonwealth Land Title Company remains the Trustee. Paragraph 24 of the Deed of Trust provides the sole means by which a successor trustee may be appointed. Although the Notice of Sale was recorded with the San Diego County Recorder, no Substitution of Trustee was recorded. Civil Code §2934a(e) provides that any sale is void unless the substitute trustee is set forth in the Notice of Sale.

Please let me know as soon as possible that the presently scheduled foreclosure sale has been cancelled so I can avoid involving the court in this matter.

Very truly yours,

Barry D. Mills

enclosures

CALIFORNIA BUSINESS
LAW GROUP, PC

Duane S. Horning

Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
www.cblg.biz
dhorning@cblg.biz
p 619.325.1555
f 619.325.1559

May 27, 2008

Barry D. Mills, Esq.
3588 Fourth Avenue, Suite 210
San Diego, CA 92103

Re: *Robison et al. v. Richardson*
9589 Paseo Temporada, San Diego, California

Dear Mr. Mills:

I have received your letter dated May 21, 2008, requesting that I accept service. I agree to accept service on behalf of Charles O. Robison and Blanche L. Robison, individually and as trustees of the Robison Family Trust dated April 5, 2001, and Mr. Richard Cheroske. Please send me the summons and civil coversheet as stated. Service will be effective when those items are received. We respectfully decline your request to instruct Statewide Reconveyance, Inc. not to go forward with the foreclosure sale. The allegations of the complaint are unfounded and we do not believe your clients are entitled to an injunction.

Sincerely,

California Business Law Group, PC

Duane S. Horning

EXHIBIT E

CALIFORNIA BUSINESS
LAW GROUP, PC

Duane S. Horning

Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
www.cblg.biz
dhorning@cblg.biz
p 619.325.1555
f 619.325.1559

*By Fax and U.S. Mail*

June 2, 2008

Barry D. Mills, Esq.
3588 Fourth Avenue, Suite 210
San Diego, CA 92103

Re: *Robison et al. v. Richardson*
9589 Paseo Temporada, San Diego, California

Dear Mr. Mills:

I received your letter enclosing the summons and civil cover sheet, and making a second request that the lenders cancel the foreclosure sale on May 29, 2008.

This confirms that service is effective for Charles O. Robison and Blanche L. Robison, individually and as trustees of the Robison Family Trust dated April 5, 2001, and Mr. Richard Cheroske, effective May 29, 2009, and responsive pleadings are due June 18, 2008.

Your second request to cancel the sale was based on an alleged rescission, and that Statewide Reconveyance Group, Inc., dba Statewide Foreclosure Services ("Statewide") had allegedly not been substituted as trustee. Both purported grounds fail. We again decline to cancel the sale.

I have already written, citing numerous authorities and providing copies of dispositive documents, explaining why there has been no rescission. In summary, there has been no material or any breach of the Truth in Lending Act. Even if there had been, the Richardsons have not and cannot tender the funds they have received, and they are therefore not entitled to rescission. *Yamamoto v. Bank of New York*, 329 F. 3d 1167, 1171 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F. 2d 1360, 1362 (9th Cir. 1976). There is also no liability because any alleged violation, and there was none, "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c) (West 2008).

The equities strongly favor the lenders, who are elderly, and loaned a substantial portion of their retirement savings to the Richardsons. The lenders were counting on the payments for their income. On the other hand, the Richardsons, who are decades younger than the lenders, continue living in the property for free, making no payments, and not even paying insurance or taxes, after receiving the benefits of the loan.

I have carefully reviewed and researched the allegations of the complaint and find them all utterly baseless. We intend to move for summary judgment at the first opportunity.

Your contention that Statewide was not substituted as trustee is also incorrect. A conformed copy of the Substitution of Trustee, recorded February 6, 2008, is enclosed. This document was discoverable by reviewing the public records.

All aspects of the loan, from its origination to its foreclosure, have been completed with meticulous care and fully documented. There is no basis to cancel the sale, and simple fairness and justice require that it go forward. The legal expenses for responding to these unfounded claims are chargeable to the Richardsons, and are quickly consuming the equity that was left in their home. In addition, the Richardsons face personal liability for fraud, which is not dischargeable in bankruptcy.

For your clients' sake, I urge you to abandon these claims before causing your clients further damage.

Sincerely,

California Business Law Group, PC

Duane S. Horning

cc: David Lola, Esq. (w/o enclosure)
Gary Orlansky, Esq., (w/o enclosure)

RECORDING REQUESTED BY

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON FEB 06, 2008
DOCUMENT NUMBER 2008-0060289
GREGORY J. SMITH, COUNTY RECORDER
SAN DIEGO COUNTY RECORDER'S OFFICE
TIME 11:57 AM

WHEN RECORDED MAIL TO

STATEWIDE RECONVEYANCE GROUP, INC. DBA
STATEWIDE FORECLOSURE SERVICES
P O BOX 2896
SAN DIEGO, CA 92119

LOAN: 000628999 OTHER: FILE: 7527

# SUBSTITUTION OF TRUSTEE

WHEREAS, ALPHONSO RICHARDSON AND RUTH A. RICHARDSON , HUSBAND AND WIFE AS JOINT TENANTS was the original Trustor, COMMONWEALTH LAND TITLE COMPANY was the original Trustee, and THE ROBISON FAMILY TRUST, CHARLES O. ROBISON AND BLANCHE L. ROBISON, TRUSTEES DATED 04/05/2001 was the original Beneficiary under that certain Deed of Trust dated 08/17/2007 recorded on 08/24/2007 as Instrument Number 2007-0564203 Book Page of Official records in the office of the Recorder of SAN DIEGO County, California.

AND WHEREAS, the undersigned, is the present Beneficiary under said Deed of Trust, and,

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and stead of said original Trustee thereunder.

NOW THEREFORE, the undersigned Beneficiary hereby substitutes STATEWIDE RECONVEYANCE GROUP INC., DBA STATEWIDE FORECLOSURE SERVICES as Trustee under said Deed of Trust. Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 02/01/2008

Charles O Robison TTE

CHARLES O. ROBISON, TTEE

STATE OF CALIFORNIA,
COUNTY OF SAN DIEGO

On 02/01/2008 before me, J. EDWARDS, a Notary Public for said State, personally appeared CHARLES O. ROBISON, TTEE, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

(Seal)

WITNESS my hand and official seal.

Signature

J. EDWARDS

J. EDWARDS
COMM. # 1716473
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. JAN. 13, 2011