# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON,<br><br>                             Plaintiffs,<br>vs.<br><br>CHARLES O. ROBISON, Individually and as Trustee of the Robison Family Trust Dated April 5, 2001, et al.,<br><br>                             Defendants. | CASE NO. 08CV902 WQH (BLM)<br><br>ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER |

HAYES, Judge:

Pending before the Court is Plaintiffs' application for temporary restraining order. (Doc. # 3).

**PROCEDURAL BACKGROUND**

On May 21, 2008, Plaintiffs Alphonso Richardson Sr. and Ruth A. Richardson filed the Complaint in this matter against Defendants Charles O. Robison, Blanche L. Robison, Richard Cheroske, Eric A. Klein, Robert H. Layton, Alphonso Richardson Jr., Statewide Reconveyance, Inc., and Commonwealth Land Title Company. (Doc. # 1). The Complaint alleges that Defendants conspired to refinance Plaintiffs' home without Plaintiffs' consent in order to "convert the built up equity in Plaintiff's home" at Plaintiff's expense, in violation of the Truth in Lending Act (15 U.S.C. §§ 1601 et seq.), California's Predatory Lending Law (CAL. FIN. CODE §§ 4970 et seq.), and other State statutory and common law. (Doc. # 1 at 5).

On June 3, 2008, Plaintiffs filed an application for temporary restraining order. (Doc. # 3). The application seeks to enjoin Defendants from selling Plaintiff's home at a non-judicial foreclosure sale scheduled for June 5, 2008. On June 4, 2008, Defendants Charles Robison, Blanche Robison, and Richard Cheroske filed an opposition to the application for temporary restraining order. (Doc. # 5).

On January 4, 2008, the parties appeared before the Honorable William Q. Hayes for oral argument on Plaintiff's application for temporary restraining order. *See* (Doc. # 4).

## FACTUAL BACKGROUND

Plaintiffs Alphonso Richardson Sr. and Ruth A. Richardson are married and are joint owners of a residence located at 9589 Paseo Temporada, San Diego, CA 92129. *Declaration of Alphonso Richardson, Sr.* (Doc. # 3-3), ¶ 2. Plaintiffs have resided at the residence for approximately thirty (30) years during which time Plaintiffs made regular mortgage payments. *Alphonso Sr. Decl.*, ¶ 3. Plaintiff Alphonso Richardson Sr. suffers from chronic diabetes and Plaintiff Ruth A. Richardson is disabled. *Alphonso Sr. Decl.*, ¶ 4.

In late 2006, Plaintiff Alphonso Richardson Sr. was hospitalized for approximately two weeks due to kidney failure. *Alphonso Sr. Decl.*, ¶ 5. Thereafter, and while he recovered from his ailments, Plaintiff Alphonso Richardson Sr. signed a power of attorney, "granting general powers" to his wife, Plaintiff Ruth A. Richardson, and his son, Defendant Alphonso Richardson Jr. *Alphonso Sr. Decl.*, ¶ 5. Sometime later, Defendant Alphonso Richardson Jr. obtained a power of attorney from his mother, Plaintiff Ruth A. Richardson. *Alphonso Sr. Decl.*, ¶ 5.

On August 17, 2007, Defendant Alphonso Richardson Jr. used the powers of attorney he obtained from his parents to refinance Plaintiffs' home against Plaintiffs' will and without Plaintiffs' consent or knowledge. *Alphonso Sr. Decl.*, ¶ 6. In refinancing the home, Defendant Alphonso Richardson Jr. worked with Defendants Eric A. Klein (real estate broker), Robert Layton (real estate salesperson), and the Robison Family Trust (money lender). *Alphonso Sr. Decl.*, ¶ 6. Plaintiffs did not learn that Defendants had refinanced Plaintiffs' home until approximately one week after it occurred, at which time (1) Defendant Commonwealth informed Plaintiff that "the deal was done and it was too late to rescind it," and (2) Defendant Alphonso Richardson Jr. had left town with approximately $75,000. *Alphonso Sr. Decl.*, ¶ 7; (Doc. # 3 at 2).

1       Before agreeing to refinance Plaintiffs' home, Defendant Charles O. Robison reviewed
2 Plaintiffs' credit and income reports. *Declaration of Charles O. Robison*, ¶ 3. "The Richardsons'
3 monthly income was reported to be $7,155.00," earned from "retirement and disability." *Robison*
4 *Decl.*, ¶ 3. Accordingly to Defendant Charles O. Robison, Plaintiffs' income "appeared . . . to be more
5 than adequate for the Richardsons to meet their monthly needs and monthly loan payments." *Robison*
6 *Decl.*, ¶ 3. Defendant Charles O. Robison reviewed the power of attorney obtained by Defendant
7 Alphonso Richardson Jr. with respect to his Plaintiff parents, and relied upon the power of attorney
8 in making the loan to Plaintiffs. *Robison Decl.*, ¶¶ 4-5.

9       Plaintiffs did not learn the terms and contents of the refinancing agreement until Defendants
10 requested payment sometime after the first payment was due. *Alphonso Sr. Decl.*, ¶ 9. Under the
11 terms of the refinancing agreement, Plaintiffs were obligated to pay $2,808.25 per month, which was
12 "approximately $700.00 more a month" than Plaintiffs paid before the refinancing. *Alphonso Sr.*
13 *Decl.*, ¶ 9. In addition, Plaintiffs were obligated to make a balloon payment of $300,029.28 after 60
14 months. *Alphonso Sr. Decl.*, ¶ 9. As part of the refinancing agreement, proceeds of the loan paid off
15 Plaintiffs' two prior mortgages, in addition to a tax lien imposed by the United States in the amount
16 of $86,974.00. (Doc. # 3, Ex. 1).

17       Plaintiffs "began to have difficulty making the monthly payment from the onset." *Alphonso*
18 *Sr. Decl.*, ¶ 11. On or about February 5, 2008, Defendant Statewide Reconveyance, Inc. served
19 Plaintiff Alphonso Richardson Sr. with a "Notice of Default and Election to Sell Under the Deed of
20 Trust." *Alphonso Sr. Decl.*, ¶ 12. In late April, 2008, Plaintiffs' counsel sent Defendants a "Notice
21 of Rescission" with respect to the refinancing agreement "based on the fact that [Plaintiffs] never
22 received the legally-required notices." *Alphonso Sr. Decl.*, ¶ 14. On May 8, 2008, attorney for
23 Defendants Charles O. Robison, Blanche L. Robison, and Richard Cheroske informed Plaintiffs'
24 attorney that there were no grounds for rescission of the refinancing agreement. *Opp. to TRO*, Ex. C.

25       On May 8, 2008, Defendants issued a "Notice of Trustee's Sale Under Deed of Trust"
26 informing Plaintiffs that Plaintiffs' home would be sold on June 5, 2008, at 10:00 A.M. (Doc. # 3, Ex.
27 6). On May 15, 2008, Defendant Statewide, as agent for the Robison Defendants, "posted and
28 affixed" a notice of sale to Plaintiffs' home. *Alphonso Sr. Decl.*, ¶ 15. The sale is presently scheduled

1  for June 5, 2008. *Alphonso Sr. Decl.*, ¶ 15.

2  In December, 2007 and April, 2008, Plaintiffs did not make required tax payments on their
3  home. *Robison Decl.*, ¶ 8. In addition, Plaintiffs failed to pay insurance premiums on their home,
4  which premiums were later paid by Defendant Charles O. Robison. *Robison Decl.*, ¶ 9.

## STANDARD OF REVIEW

6  FED. R. CIV. P. 65(b) provides that the court may issue a temporary restraining order (TRO)
7  without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly
8  show that immediate and irreparable injury, loss, or damage will result to the movant . . . ."
9  Regardless of notice to Defendant, the standard for issuing a TRO is similar to the standard for issuing
10 a preliminary injunction, and requires that the party seeking relief show either "(1) a combination of
11 likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions
12 going to the merits are raised and the balance of hardships tips sharply in favor of the moving party."
13 *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH
14 (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance
15 Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "[T]hese two
16 formulations represent two points on a sliding scale in which the required degree of irreparable harm
17 increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo,
18 Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).

19 The underlying purpose of a temporary restraining order is to preserve the status quo and
20 prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods,
21 Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing
22 Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006); *Homeowners Against the Unfair Initiative
23 v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS 97023,
24 *4 (S.D. Cal. Jan. 26, 2006).

## DISCUSSION

26 Plaintiffs contend that they are entitled to a temporary restraining order enjoining Defendants
27 from selling Plaintiffs' home at a non-judicial foreclosure sale scheduled for June 5, 2008, because
28 Defendants violated the Truth in Lending Act's Home Ownership Equity Protection Act (HOEPA),

1 15 U.S.C. § 1639, which entitles Plaintiffs to rescind the refinancing agreement. Specifically,
2 Plaintiffs contend that Defendants failed to (1) disclose certain information three days prior to
3 consummation of the transaction, (2) give HOEPA warnings in conspicuous typeset, (3) to provide
4 both joint owners with a notice that either can unilaterally cancel, and (4) provide a total of two copies
5 per borrower. Plaintiffs contend that Defendants' failures entitle Plaintiffs to rescission of the
6 refinancing agreement, and that Defendants must be enjoined from selling Plaintiffs' home at a non-
7 judicial foreclosure sale in light of the fact that Plaintiffs have notified Defendants of their election
8 to rescind the refinancing agreement.

9 Defendants Charles O. Robison, Blanch Robison, and Richard Cheroske contend that
10 Plaintiffs' application for temporary restraining order should be denied because Plaintiffs delayed
11 filing the application for temporary restraining order until the last moment to the detriment of
12 Defendants. In addition, Defendants contend that Plaintiffs have no likelihood of success on the
13 merits, and note that Defendants would be prejudiced if the application were to be granted.

**A. Likelihood of Success on the Merits & The Possibility of Irreparable Harm**

15 Plaintiffs contend that they are entitled to rescission of the refinancing agreement because
16 Defendants failed to make certain disclosures at least three days before consummation of the
17 refinancing agreement. Defendants contend that the required disclosures were made seven days prior
18 to close of escrow, and note that Plaintiffs' son acknowledged the disclosures.

19 It is undisputed that Plaintiffs assigned their powers of attorney to their son, Defendant
20 Alphonso Richardson, Jr., and Plaintiffs do not challenge the validity of that assignment. *See*
21 *Opposition to TRO*, Ex. F. After reviewing the evidence before the Court, the Court concludes that
22 Alphonso Richardson Jr. received various disclosures on August 17, 2008. *See Opp. To TRO*, Ex. C.
23 Indeed, Defendants have attached no fewer than nine acknowledgments, each signed by Alphonso
24 Richardson, Jr. on behalf of Plaintiffs, which indicate that Alphonso Richardson Jr. received the
25 required disclosures. *See Opposition to TRO*, Ex. C.

26 While Plaintiffs acknowledge the disclosures made by Defendants on August 17, 2008,
27 Plaintiffs contend that the disclosures were late because they were not made at least three days prior
28 to "consummation of the transaction." (Doc. # 3 at 2). Plaintiff contends that the transaction was

1 "consummated" on August 17, 2007, the same date that the disclosures were made. The record
2 indicates, however, that the refinancing agreement did not close until August 24, 2008, and Plaintiffs
3 have not cited authority which would establish that the refinancing agreement consummated on
4 August 17, 2008, rather than August 24, 2007–the date escrow closed and the security interest was
5 recorded. *See* (Doc. # 3, Ex. 1-3).

6 In addition to Plaintiffs' inability to establish that the required disclosures were not made,
7 Plaintiffs have not offered, established, or indicated that they would be willing or capable of tendering
8 the loan amount to Defendants if rescission were ordered. Repayment of the loan amount, however,
9 would be required if rescission were ordered, and therefore the Court cannot determine that rescission
10 is a viable remedy at this time and under the facts of this case. *See, e.g.,* 15 U.S.C. § 1635(b).

11 As the moving party, it is Plaintiffs' burden to establish a likelihood of success on the merits
12 of their rescission claim. However, after reviewing Plaintiffs' application for temporary restraining
13 order, the Court concludes that Plaintiffs have not established a likelihood of success on the merits.
14 Accordingly, even assuming Plaintiffs could show the possibility of irreparable harm, the Court
15 concludes that Plaintiffs are not entitled to relief under this formulation of the standard of review.

16 **B. Serious Questions Raised & Balance of Hardships**

17 Plaintiffs contend that the balance of hardships tips in their favor and that they will suffer harm
18 if Defendants are permitted to sell Plaintiffs' home at a non-judicial foreclosure sale on June 5, 2008.
19 However, the Court notes that Plaintiffs have been on notice of the June 5, 2008, foreclosure sale since
20 at least May 8, 2008, and have been aware that they were in default since at least February 5, 2008.
21 *See* (Doc. # 3, Exs. 6-7); (Doc. # 1, Ex. 3). While the putative loss of Plaintiffs' home is certainly a
22 significant interest, the Court finds that Plaintiffs' delay and lack of diligence in filing the application
23 for temporary restraining order has prejudiced Defendants' ability to defend. *See Apache Survival*
24 *Coalition v. OLA Cassadore Davis*, 118 F.3d 663, 665-66 (9th Cir. 1997) (affirming district court's
25 denial of TRO on the grounds of laches because of lack of due diligence). In addition, the Court
26 concludes that Defendants Charles Robison, Blanche Robison, and Richard Cheroske will suffer
27 prejudice if the long-noticed foreclosure sale is enjoined. Defendants Charles and Blanche Robison
28 expected to receive monthly payments based on the loan to Plaintiffs, but have received nothing since

Plaintiffs defaulted. The properly noticed foreclosure sale will provide Defendants with funds to which they are entitled under the loan documents.

After reviewing the equities in this case, the Court concludes that Plaintiffs have not met their burden to establish that the balance of hardships tips sharply in Plaintiffs' favor. Accordingly, even assuming Plaintiffs have raised serious questions going to the merits of this case–and the Court concludes that Plaintiffs haven't done so–the Court concludes that Plaintiffs are not entitled to relief under this formulation of the standard of review.

## CONCLUSION

A temporary restraining order is an "extraordinary remedy" which should be issued sparingly. *C.S. v. Cal. Dep't of Educ.*, 08CV226 W (AJB), 2008 U.S. Dist. LEXIS 35267, *6-8, 13 (S.D. Cal. Apr. 30, 2008). After reviewing the merits and equities in this case, the Court concludes that Plaintiffs have not met their burden to establish either a likelihood of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits have been raised and the balance of hardships tips sharply in Plaintiffs' favor. Accordingly, Plaintiffs' application for a temporary restraining order (Doc. # 3) to enjoin Defendants' sale of Plaintiffs' home at non-judicial foreclosure sale is DENIED.

**IT IS SO ORDERED**.

DATED: June 5, 2008

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge