DUANE S. HORNING (Bar No. 174995)
CALIFORNIA BUSINESS LAW GROUP, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
Tel: 619-325-1555
Fax: 619-325-1559

Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES O. ROBISON INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, et al.<br><br>Defendants. | CASE NO. '08 CV 0902 WQH BLM<br><br>ANSWER OF CHARLES O. ROBISON, INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, BLANCHE L. ROBISON, INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, AND RICHARD CHEROSKE TO COMPLAINT FOR DAMAGES, TO ENJOIN FORECLOSURE, AND FOR DECLARATORY RELIEF<br><br>DEMAND FOR JURY<br><br>Judge: Hon. WILLIAM Q. HAYES |

Defendants CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001, BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001 (collectively "Robisons"), and RICHARD CHEROSKE (Cheroske) (collectively "Lender Defendants"), severing themselves from all other defendants, hereby respond to the Plaintiffs ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON's (collectively "Plaintiffs" or "Richardsons") Complaint For Damages, to Enjoin Foreclosure, and for Declaratory Relief ("Complaint"), as follows.

1. In answer to Paragraph 1 of the Complaint, the Lender Defendants deny each and every allegation, except that the Complaint speaks for itself.

2. In answer to Paragraph 2 of the Complaint, the Lender Defendants admit the allegations.

3. In answer to Paragraph 3 of the Complaint, the Lender Defendants admit the allegations.

4. In answer to Paragraph 4 of the Complaint, the Lender Defendants admit the allegations.

5. In answer to Paragraph 5 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

6. In answer to Paragraph 6 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

7. In answer to Paragraph 7 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations, except that the Lender Defendants admit on information and belief that record title of the property located at 9589 Paseo Temporada, San Diego, California ("Property") was held in the name of Alphonso Richardson and Ruth A. Richardson, husband and wife, as joint tenants at the time the Complaint was filed.

8. In answer to Paragraph 8 of the Complaint, the Lender Defendants admit the allegations.

9. In answer to Paragraph 9 of the Complaint, the Lender Defendants admit the allegations.

10. In answer to Paragraph 10 of the Complaint, the Lender Defendants admit that Cheroske is an assignee of an interest in that certain Balloon Note dated August 17, 2007, in the original principal amount of $307,000 in which the makers are Alphonso Richardson and Ruth A. Richardson, and the holder is The Robison Family Trust, Charles O. Robison and Blanche L.

Robison Trustees Dated 04/05/2001 ("Note"), and that certain Deed of Trust dated August 17, 2007, recorded August 24, 2007, as Document Number 2007-0564203 in the official records of the San Diego County Recorder's Office ("Deed of Trust"), and deny all of the other allegations.

11. In answer to Paragraph 11 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

12. In answer to Paragraph 12 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

13. In answer to Paragraph 13 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

14. In answer to Paragraph 14 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

15. In answer to Paragraph 15 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

16. In answer to Paragraph 16 of the Complaint, the Lender Defendants admit that they have appointed defendant STATEWIDE RECONVEYANCE GROUP, INC., DBA STATEWIDE FORECLOSURES SERVICES ("Statewide") as trustee under the Deed of Trust, and that the Robisons are trustees of the Robison Family Trust dated April 5, 2001, and deny the remaining allegations.

17. In answer to Paragraph 17 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

18. In answer to Paragraph 18 of the Complaint, the Lender Defendants admit that defendant COMMONWEALTH LAND TITLE COMPANY ("Commonwealth") was the

originally named trustee in the Deed of Trust and that the Complaint speaks for itself, and otherwise deny the allegations.

19. In answer to Paragraph 19 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

20. In answer to Paragraph 20 of the Complaint, the Lender Defendants deny the allegations.

21. In answer to Paragraph 21 of the Complaint, the Lender Defendants deny the allegations.

22. In answer to Paragraph 22 of the Complaint, the Lender Defendants deny the allegations.

23. In answer to Paragraph 23 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

24. In answer to Paragraph 24 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

25. In answer to Paragraph 25 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

26. In answer to Paragraph 26 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

27. In answer to Paragraph 27 of the Complaint, the Lender Defendants admit that ALPHONSO RICHARDSON, SR. signed a Power of Attorney appointing RUTH A. RICHARDSON and ALPHONSO RICHARDSON, JR. as his agent and attorney-in-fact, with general powers, and as to all of the other allegations, lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

28. In answer to Paragraph 28 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

29. In answer to Paragraph 29 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

30. In answer to Paragraph 30 of the Complaint, Page 6, lines 17 – 21, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations. In answer to Paragraph 30 of the Complaint, Page 6, lines 22 – 26, the Lender Defendants deny the allegations.

31. In answer to Paragraph 31 of the Complaint, the Lender Defendants admit that RUTH A RICHARDSON signed a power-of-attorney appointing ALPHONSO RICHARDSON, JR., as her agent and attorney-in-fact. Otherwise, as to the Lender Defendants, the Lender Defendants deny the allegations, and as to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

32. In answer to Paragraph 32 of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations. As to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

33. In answer to Paragraph 33 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

34. In answer to Paragraph 34 of the Complaint, the Lender Defendants admit on information and belief that $86,974.70 of the money they loaned that was evidenced by the Note and secured by the Deed of Trust was paid to the United States Treasury for the benefit of the Richardsons, but otherwise lack sufficient information and belief to admit the remaining allegations and on that basis deny the remaining allegations.

35. In answer to Paragraph 35 of the Complaint, the Lender Defendants admit the allegations on information and belief.

36. In answer to Paragraph 36 of the Complaint, the Lender Defendants deny the allegations.

37. In answer to Paragraph 37 of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations. As to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

38. In answer to Paragraph 38 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

39. In answer to Paragraph 39 of the Complaint, the Lender Defendants deny there was a "re-finance agreement." The Lender Defendants admit that The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001 are the initial beneficiaries under the Deed of Trust, that a portion of the beneficial interest has been assigned to Cheroske, and that the Deed of Trust creates, *inter alia*, a security interest in the property located at 9589 Paseo Temporada, San Diego, California. As to all other allegations the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

40. In answer to Paragraph 40 of the Complaint, the Lender Defendants admit the allegations.

41. In answer to Paragraph 41 of the Complaint, the Lender Defendants deny the allegations.

42. In answer to Paragraph 42 of the Complaint, the Lender Defendants deny the allegations.

43. In answer to Paragraph 43 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

44. In answer to Paragraph 44 of the Complaint, the Lender Defendants on information and belief admit the allegations.

45. In answer to Paragraph 45 of the Complaint, the Lender Defendants admit that after the Richardsons were in default on the Note, the Richardsons attempted to make a partial payment toward the amount in default, but the Lender Defendants required the full reinstatement amount be paid in order to reinstate, and otherwise deny the allegations.

46. In answer to Paragraph 46 of the Complaint, the Lender Defendants admit on information and belief that on or about May 15, 2008, Statewide posted and affixed the Notice of Sale attached as Exhibit 1 to the Complaint, that on or about May 9, 2008, Statewide recorded the Notice of Sale, and that the sale was scheduled for June 5, 2008. Otherwise, the Lender Defendants deny the allegations.

47. In answer to Paragraph 47 of the Complaint, the Lender Defendants deny the allegations, except that the Complaint speaks for itself.

48. In answer to Paragraph 48 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 47 in this Answer.

49. In answer to Paragraph 49 of the Complaint, the Lender Defendants deny the allegations.

50. In answer to Paragraph 50 of the Complaint, the Lender Defendants deny the allegations.

51. In answer to Paragraph 51 of the Complaint, as for the allegations on Page 10, lines 4-5, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations. As for the remainder of the allegations, the Lender Defendants deny the allegations.

52. In answer to Paragraph 52 of the Complaint, the Lender Defendants deny the allegations.

53. In answer to Paragraph 53 of the Complaint, the Lender Defendants deny the allegations.

54. In answer to Paragraph 54 of the Complaint, the Lender Defendants deny the allegations, except that 15 U.S.C. § 1639(b) speaks for itself.

55. In answer to Paragraph 55 of the Complaint, the Lender Defendants deny the allegations.

56. In answer to Paragraph 56 of the Complaint, Page 10, lines 24 through 26, the Lender Defendants deny the allegations.

(a) In answer to Paragraph 56.a. of the Complaint, the Lender Defendants deny the allegations.

(b) In answer to Paragraph 56.b. of the Complaint, the Lender Defendants deny the allegations.

(c) In answer to Paragraph 56.c. of the Complaint, the Lender Defendants deny the allegations.

(d) In answer to Paragraph 56.d. of the Complaint, the Lender Defendants deny the allegations.

(e) In answer to Paragraph 56.e. of the Complaint at Page 11, lines 3-4, the Lender Defendants deny the allegations.

(f) In answer to Paragraph 56.e. of the Complaint at Page 11, line 5, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

57. In answer to Paragraph 57 of the Complaint, the Lender Defendants deny the allegations.

58. In answer to Paragraph 58 of the Complaint, the Lender Defendants deny the allegations.

59. In answer to Paragraph 59 of the Complaint, the Lender Defendants deny the allegations.

60. In answer to Paragraph 60 of the Complaint, the Lender Defendants admit receiving correspondence from the Richardsons' lawyer on or about April 25, 2008, but deny that the correspondence was a valid notice of rescission.

61. In answer to Paragraph 61 of the Complaint, the Lender Defendants deny the allegations.

62. In answer to Paragraph 62 of the Complaint, the Lender Defendants admit the allegations.

63. In answer to Paragraph 63 of the Complaint, the Lender Defendants deny the allegations.

64. In answer to Paragraph 64 of the Complaint, the Lender Defendants lack information and belief as to whether the Richardsons are senior citizens or disabled persons and on that basis deny those allegations, and deny the remainder of the allegations.

65. In answer to Paragraph 65 of the Complaint, the Lender Defendants deny the allegations.

66. In answer to Paragraph 66 of the Complaint, the Lender Defendants deny the allegations.

67. In answer to Paragraph 67 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 47 in this Answer.

68. In answer to Paragraph 68 of the Complaint, the Lender Defendants admit the loan amount did not exceed $417,000 and the total points and fees payable by the Richardsons at or before closing for the mortgage exceeded six percent (6%) of the total loan amount. As for the remainder of the allegations, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

69. In answer to Paragraph 69 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

70. In answer to Paragraph 70 of the Complaint, as to the Lender Defendants, the Lender Defendants admit the Robisons made the loan, and otherwise deny the allegations. As to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

71. In answer to Paragraph 71 of the Complaint, Page 13, lines 6-8, the Lender Defendants deny the allegations.

(a) In answer to Paragraph 71.a. of the Complaint, the Lender Defendants deny the allegations.

(b) In answer to Paragraph 71.b. of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations, and as to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

(c) In answer to Paragraph 71.c. of the Complaint, the Lender Defendants deny the allegations.

(d) In answer to Paragraph 71.d. of the Complaint, the Lender Defendants deny the allegations.

(e) In answer to Paragraph 71.e. of the Complaint, the Lender Defendants deny the allegations.

72. In answer to Paragraph 72 of the Complaint, the Lender Defendants deny the allegations.

73. In answer to Paragraph 73 of the Complaint, the Lender Defendants lack information and belief as to whether the Richardsons are senior citizens or disabled persons and on that basis deny those allegations, and deny the remainder of the allegations.

74. In answer to Paragraph 74 of the Complaint, the Lender Defendants deny the allegations.

75. In answer to Paragraph 75 of the Complaint, the Lender Defendants deny the allegations.

76. In answer to Paragraph 76 of the Complaint, the Lender Defendants deny the allegations.

77. In answer to Paragraph 77 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 47 in this Answer.

78. In answer to Paragraph 78 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

79. In answer to Paragraph 79 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

80. In answer to Paragraph 80 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

81. In answer to Paragraph 81 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

82. In answer to Paragraph 82 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

83. In answer to Paragraph 83 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

84. In answer to Paragraph 84 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

85. In answer to Paragraph 85 of the Complaint, the Lender Defendants are not named as defendants, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

86. In answer to Paragraph 86 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 85 of this Answer.

87. In answer to Paragraph 86 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

88. In answer to Paragraph 88 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

89. In answer to Paragraph 89 of the Complaint, the Lender Defendants deny the allegations.

90. In answer to Paragraph 90 of the Complaint, the Lender Defendants deny the allegations.

91. In answer to Paragraph 91 of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations. As to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

92. In answer to Paragraph 92 of the Complaint, the Lender Defendants deny the allegations.

93. In answer to Paragraph 93 of the Complaint, the Lender Defendants deny the allegations.

94. In answer to Paragraph 94 of the Complaint, the Lender Defendants deny the allegations.

95. In answer to Paragraph 95 of the Complaint, the Lender Defendants incorporate their responses in Paragraphs 1 through 94 in this Answer.

96. In answer to Paragraph 96 of the Complaint, the Lender Defendants admit that California Civil Code § 1573 speaks for itself, and otherwise deny the allegations.

97. In answer to Paragraph 97 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

98. In answer to Paragraph 98 of the Complaint, the Lender Defendants deny the allegations.

99. In answer to Paragraph 99 of the Complaint, the Lender Defendants deny the allegations.

100. In answer to Paragraph 100 of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations, and as to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

101. In answer to Paragraph 101 of the Complaint, the Lender Defendants deny the allegations.

102. In answer to Paragraph 102 of the Complaint, the Lender Defendants deny the allegations.

103. In answer to Paragraph 103 of the Complaint, the Lender Defendants deny the allegations.

104. In answer to Paragraph 104 of the Complaint, the Lender Defendants deny the allegations.

105. In answer to Paragraph 105 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 91 in this Answer.

106. In answer to Paragraph 106 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

107. In answer to Paragraph 107 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

108. In answer to Paragraph 108 of the Complaint, the Lender Defendants deny the allegations.

109. In answer to Paragraph 109 of the Complaint, the Lender Defendants deny the allegations.

110. In answer to Paragraph 110 of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations, and as to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

111. In answer to Paragraph 111 of the Complaint, the Lender Defendants deny the allegations.

112. In answer to Paragraph 112 of the Complaint, the Lender Defendants deny the allegations.

113. In answer to Paragraph 113 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 47 in this Answer.

114. In answer to Paragraph 114 of the Complaint, as to the Lender Defendants, the Lender Defendants deny the allegations, and as to all other defendants, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

115. In answer to Paragraph 115 of the Complaint, the Lender Defendants admit that California Civil Code § 1788.17 speaks for itself, and otherwise deny the allegations.

116. In answer to Paragraph 116 of the Complaint, the Lender Defendants admit on information and belief that a Notice of Sale was recorded and served on or about May 15, 2008, and otherwise deny the allegations.

117. In answer to Paragraph 117 of the Complaint, the Lender Defendants deny the allegations.

118. In answer to Paragraph 118 of the Complaint, the Lender Defendants lack information and belief as to whether the Richardsons are senior citizens or disabled persons and on that basis deny those allegations, and deny the remainder of the allegations.

119. In answer to Paragraph 119 of the Complaint, the Lender Defendants deny the allegations.

120. In answer to Paragraph 120 of the Complaint, the Lender Defendants deny the allegations.

121. In answer to Paragraph 121 of the Complaint, the Lender Defendants incorporate by reference their responses in Paragraphs 1 through 120 in this Answer.

122. In answer to Paragraph 122 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

123. In answer to the first sentence of Paragraph 123 of the Complaint, the Lender Defendants admit the Deed of Trust regarding the above-described property was signed and notarized on August 17, 2007 and recorded on August 24, 2007, and deny the remainder of the allegations. In answer to the second sentence of Paragraph 123 of the Complaint, the Lender Defendants admit the allegations. In answer to the third sentence of Paragraph 123 of the Complaint, the Lender Defendants admit the allegations. In answer to the fourth sentence of Paragraph 123 of the Complaint, the Lender Defendants admit the allegations. In answer to the fifth sentence of Paragraph 123 of the Complaint, the Lender Defendants admit that Statewide is not mentioned in the Deed of Trust, and deny the remainder of the allegations.

124. In answer to Paragraph 124 of the Complaint, the Lender Defendants admit the allegations.

125. In answer to Paragraph 125 of the Complaint, the Lender Defendants admit that after the Deed of Trust was recorded, Charles O. Robison and Blanche L. Robison as trustees of the Robison Family Trust dated April 5, 2001, assigned a 50% interest in the Note and the beneficial interest in the Deed of Trust to Cheroske, and otherwise deny the allegations.

126. In answer to Paragraph 126 of the Complaint, the Lender Defendants admit the allegations.

127. In answer to Paragraph 127 of the Complaint, the Lender Defendants deny the allegations.

128. In answer to Paragraph 128 of the Complaint, the Lender Defendants admit receiving correspondence from the Richardsons' lawyer on or about April 25, 2008, but deny that the correspondence was a valid notice of rescission.

129. In answer to Paragraph 129 of the Complaint, the Lender Defendants deny the allegations.

130. In answer to the first sentence of Paragraph 130 of the Complaint, the Lender Defendants admit that they contend the purported notice of rescission was invalid and insufficient, and that they would not terminate their valid security interest under the Deed of Trust, and deny the remainder of the allegations. In answer to the second sentence of Paragraph 130 of the Complaint, the Lender Defendants admit the allegations on information and belief.

131. In answer to the first sentence of Paragraph 131 of the Complaint, the Lender Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations. In answer to the second sentence of Paragraph 131 of the Complaint, the Lender Defendants deny the allegations.

132. In answer to Paragraph 132 of the Complaint, the Lender Defendants incorporate their responses in Paragraphs 1 through 131 of this Answer.

133. In answer to Paragraph 133 of the Complaint, the Lender Defendants admit that Statewide intended to sell and did sell or cause to be sold the property located at 9589 Paseo Temporada, San Diego, California, pursuant to the Lender Defendants' valid and legitimate rights under the Note and the Deed of Trust. The Lender Defendants admit on information and belief that on or about May 15, 2008, Statewide posted and affixed a Notice of Sale, that on or about May 9, 2008, Statewide recorded a Notice of Sale, and that the sale was scheduled for and did take place on June 5, 2008. Otherwise, the Lender Defendants deny the allegations.

134. In answer to Paragraph 134 of the Complaint, the Lender Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

135. As a further and separate answer to the Complaint and by way of affirmative defenses, the Lender Defendants allege upon information and belief:

**First Affirmative Defense**

**(Failure to State a Cause of Action)**

136. The Complaint and each and every purported cause of action therein fail to state facts sufficient to constitute a cause of action against the Lender Defendants.

**Second Affirmative Defense**

**(Unjust Enrichment)**

137. If the Richardsons were to recover on the claims in their Complaint they would be unjustly enriched where they accepted the benefits and proceeds of the Note including without limitation by payment and satisfaction of their debts and by living in the Property without making payments on the Note, paying rent, insurance, or real property taxes.

**Third Affirmative Defense**

**(Unclean Hands)**

138. The Richardsons' claims are barred by the doctrine of unclean hands.

**Fourth Affirmative Defense**

**(Negligence)**

139. The Richardsons' claims are barred by their own negligence.

**Fifth Affirmative Defense**

**(Failure to Tender Payment)**

140. The Richardsons have failed to tender to the Lender Defendants a return of all or any part of the proceeds of the Note thereby barring the Richardsons' claims alleged in the Complaint including without limitation for rescission and invalidity of the Deed of Trust.

**Sixth Affirmative Defense**

**(Lack of Capacity)**

141. The Lender Defendants are informed and believe that the Richardsons lack the capacity to bring and maintain the claims in their Complaint.

**Seventh Affirmative Defense**

**(Promissory Estoppel)**

142. The Richardsons made certain promises on which the Richardsons knew the Lender Defendants would rely, including without limitation that the Richardsons would repay the Note in accordance with its terms, and would perform under the Deed of Trust in accordance with its terms. The Lender Defendants did rely on those promises. The Richardsons are estopped from denying their promises and such estoppel bars their claims in their Complaint.

**Eighth Affirmative Defense**

**(Detrimental Reliance)**

143. The Richardsons' claims are barred by reason of making statements and representations to the Lender Defendants on which the Lender Defendants reasonably relied to their detriment and prejudice.

**Ninth Affirmative Defense**

**(Loss Caused by Plaintiffs or Others)**

144. If the Richardsons suffered or sustained any loss, damage or injury as alleged in the Complaint, the loss, damage or injury was proximately caused or contributed to by the actions and omissions of the Richardsons or others so as to bar the Richardsons' right to recovery in whole or in part.

**Tenth Affirmative Defense**

**(Comparative Fault)**

145. The negligent, careless and reckless conduct of the Richardsons substantially contributed to its alleged injuries and damages compared to the conduct of any other party, which said negligence bars in whole or in part the damages and other relief the Richardsons are seeking.

**Eleventh Affirmative Defense**

**(Failure to do Equity)**

146. No relief may be obtained under the Richardsons' Complaint by reason of the Richardsons' failure to do equity in the matters alleged in the Complaint.

**Twelfth Affirmative Defense**

**(Failure to Mitigate)**

147. The Richardsons have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by the Richardsons must therefore be diminished or barred.

**Thirteenth Affirmative Defense**

**(Unclean Hands)**

148. As a result of the acts and omissions in the matters relevant to the Richardsons' Complaint, the Richardsons have unclean hands and is therefore barred from asserting any claims against the Lender Defendants.

**Fourteenth Affirmative Defense**

**(Intervening Superseding Cause)**

149. The Richardsons' damages, if any, were not caused by the acts of the Lender Defendants, but by an intervening superseding cause.

**Fifteenth Affirmative Defense**

**(Violations Not Material)**

150. The violations of various statutes including the Federal Truth in Lending Act alleged by the Richardsons in their Complaint, if any existed, are not material and therefore the Richardsons' claims are barred.

**Sixteenth Affirmative Defense**

**(Unintentional Bona Fide Error)**

151. The violations of various statutes including the Federal Truth in Lending Act alleged by the Richardsons in their Complaint, if any existed, were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**Seventeenth Affirmative Defense**

**(Accord and Satisfaction)**

152. The Richardsons' claims are barred by the parties having reached an accord and satisfaction with regard to the matters in Plaintiff's Complaint.

**Eighteenth Affirmative Defense**

**(Assumption of Risk)**

153. The Richardsons by their conduct assumed the risk of injury, if any, which they have sustained as alleged in their Complaint.

**Nineteenth Affirmative Defense**

**(Contributory Negligence)**

154. The Richardsons were negligent and their negligence was a substantial factor in causing their harm, if any, such that their recovery should be barred completely or reduced in proportion to the Richardsons' own fault and negligence.

**Twentieth Affirmative Defense**

**(Estoppel)**

155. The Richardsons have engaged in conduct and activities with respect to the subject matter of this action by reason of which they are estopped to assert any claim or demand against the Lender Defendants.

**Twenty-First Affirmative Defense**

**(Fraud)**

156. The Richardsons allege in their Complaint they granted their son, Alphonso Richardson, Jr., their powers of attorney (¶¶ 27 and 31). The Richardsons allege in their Complaint that they were aware Alphonso Richardson, Jr., was arranging a refinancing of the Property (¶¶ 32). The Richardsons allege in their Complaint that they did not want to refinance the Property (¶¶ 28 and 32). Yet the Richardsons did not revoke their powers of attorney or otherwise do anything to stop the refinancing. Through their attorney-in-fact, Alphonso Richardson, Jr., the Richardsons provided financial statements on which the Lender Defendants relied. However, the Richardsons allege in their Complaint that the financial statements were

false in that the Richardsons' income was erroneously stated and their liabilities were understated (¶51). The Robisons would not have made the loan evidenced by the Note and Deed of Trust had they known the true facts that the Richardsons did not want to refinance their property or that the Richardsons' income was erroneously stated and their liabilities were understated. In reliance on their belief that the Richardsons wanted and authorized the refinancing and that the reported income and liabilities were accurate, the Robisons made the loan evidenced by the Note and Deed of Trust, and Cheroske acquired a 50% interest in the Note and Deed of Trust. The Richardsons' actions, inactions and concealment constitutes fraud such that any recovery on their claims is barred.

**Twenty-Second Affirmative Defense**

**(Negligent Misrepresentation)**

157. The Richardsons' claims are barred by reason of making representations to the Lender Defendants that were not true, the Richardsons had no reasonable grounds for believing the representations were true when it made them, the Richardsons intended that the Lender Defendants would rely on the Richardsons' representations, and the Lender Defendants reasonably relied on the representations to their detriment and prejudice.

**Twenty-Third Affirmative Defense**

**(Injury by Fellow Servant)**

158. The Richardsons' injuries and damages, if any, were caused not by the Lender Defendants, their agents or any party for whom the Lender Defendants are liable or responsible, but by others.

**Twenty-Fourth Affirmative Defense**

**(Laches)**

159. The Richardsons claims, and each of them, are barred because the Richardsons delayed for an unreasonable period of time in asserting claims against the Lender Defendants and these delays have unfairly prejudiced the Lender Defendants.

**Twenty-Fifth Affirmative Defense**

**(License)**

The Richardsons, by and through their attorney-in-fact, Alphonso Richardson, Jr., granted permission and a license for the transaction which is the subject of the Richardsons' Complaint.

**Twenty-Sixth Affirmative Defense**

**(Payment)**

160. The Lender Defendants' liability, if any, has been fully paid and discharged by the funding of the loan evidenced by the Note and Deed of Trust, and by the Lender Defendants' damages caused by the Richardsons.

**Twenty-Seventh Affirmative Defense**

**(Release)**

161. The Richardsons, by and through their attorney-in-fact, Alphonso Richardson, Jr., granted releases to the Lender Defendants including *inter alia* by signing and acknowledging that the Richardsons had received and been provided with all required disclosures and documents.

**Twenty-Eighth Affirmative Defense**

**(Statute of Limitations)**

162. The Richardsons' claims are barred by applicable statutes of limitations including without limitation that any purported rescission must be completed within three days after disclosure. 15 U.S.C.A. § 1635(a) (West 2008).

**Twenty-Ninth Affirmative Defense**

**(Waiver)**

163. By conduct, representations and omissions, the Richardsons have waived, relinquished and abandoned any claim for relief against the Lender Defendants.

**Additional Defenses**

164. The Lender Defendants presently have insufficient knowledge of information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses, and reserve the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, the Lender Defendants pray that the Richardsons take nothing by their Complaint and that the Lender Defendants be awarded judgment in this action as well as its cost of the suit incurred herein including attorneys fees and expert witness fees, and such other relief as the Court determine to be just.

DATED: Jun 18, 2008

CALIFORNIA BUSINESS LAW GROUP, PC

By [signature]
DUANE S. HORNING
Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

DEMAND FOR JURY

Defendants CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE hereby demand a jury trial.

DATED: Jun 18, 2008

CALIFORNIA BUSINESS LAW GROUP, PC

By [signature]
DUANE S. HORNING
Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants

DUANE S. HORNING (Bar No. 174995)
CALIFORNIA BUSINESS LAW GROUP, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101
Tel: 619-325-1555
Fax: 619-325-1559

Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Defendants and Counterclaimants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES O. ROBISON INDIVIDUALLY AND AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, et al.<br><br>Defendants. | CASE NO. '08 CV 0902 WQH BLM<br><br>COUNTERCLAIM OF CHARLES O. ROBISON, AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, BLANCHE L. ROBISON AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, AND RICHARD CHEROSKE AGAINST ALPHONSO RICHARDSON, SR., AND RUTH A. RICHARDSON FOR FRAUD, AND UNJUST ENRICHMENT.<br><br>DEMAND FOR JURY<br><br>Judge: Hon. WILLIAM Q. HAYES |
| CHARLES O. ROBISON as trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON as trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE<br><br>Counterclaimants,<br><br>v.<br><br>ALPHONSO RICHARDSON, SR., RUTH A. RICHARDSON; and ROES 1 through 25, inclusive<br><br>Counterdefendants. | |

Defendants and Counterclaimants CHARLES O. ROBISON as Trustee of the Robison Family Trust dated 04/05/2001, BLANCHE L. ROBISON, as Trustee of the Robison Family Trust dated 04/05/2001 (collectively "Robisons"), and RICHARD CHEROSKE (Cheroske) (collectively "Counterclaimants"), allege as follows:

1. CHARLES O. ROBISON is a trustee of the Robison Family Trust dated April 5, 2001, and is a resident of San Diego County, California.

2. BLANCHE L. ROBISON is a trustee of the Robison Family Trust dated April 5, 2001, and is a resident of San Diego County, California.

3. Cheroske is a resident of San Diego County, California.

4. Counterclaimants are defendants in the Complaint for Damages, to Enjoin Foreclosure, and for Declaratory Relief ("Complaint") filed by Counterdefendants ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON's (collectively "Counterdefendants").

5. This Court has supplemental jurisdiction over the claims alleged in this Counterclaim under 28 U.S.C. § 1367(a) (West 2008) because this Court has original jurisdiction over the Complaint, and the matters alleged herein are so related to claims in the Complaint that they form part of the same case or controversy under Article III of the United Stated Constitution.

6. Venue is proper in this District in that the Counterclaimants are informed and believe that all of the Counterdefendants reside in this District, and all or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

7. Counterclaimants are unaware of the true names and capacities of the counterdefendants sued in this action by the fictitious names ROES 1 through 25. Counterclaimants will amend the Counterclaim when those names and capacities become known to Counterclaimants. Counterclaimants are informed and believe that each of the fictitiously named counterdefendants is in some manner responsible for the events and allegations set forth in this complaint.

8. Counterclaimants allege on information and belief that, at all material times, each of the ROE counterdefendants was the agent, employee or several of these, of each of the remaining counterdefendants.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

9. Counterclaimants are informed and believe that in approximately July or August 2007, the Counterdefendants were seeking to borrow a loan of approximately $307,000 to be secured by property owned by them located at 9589 Paseo Temporada, San Diego, California ("Property").

10. Counterdefendants executed powers-of-attorney appointing their son, Alphonso Richardson, Jr. ("Junior") as their agent and attorney-in-fact with power and authority to do all things necessary to obtain loan on their behalf.

11. Directly, through Junior, or both, the Counterdefendants submitted documents to support their request for the loan including without limitation the powers-of-attorney appointing Junior, and a Uniform Residential Loan Application Fannie Mae Form 1003 ("Application"). Directly, through Junior, or other authorized agents, the Counterdefendants obtained and submitted an appraisal on the Property.

12. Counterclaimants are informed and believe and thereon allege that one or both of the Counterdefendants were present when prospective lenders or their representatives, mortgage brokers, or appraisers came to the Property to inspect the Property and obtain information to be used and considered by a lender in deciding whether to approve the loan.

13. Counterclaimants are informed and believe and thereon allege that Junior, using his authority as agent and attorney-in-fact for the Counterdefendants, executed various loan documents including without limitation escrow instructions, that certain Balloon Note dated August 17, 2007, in the original principal amount of $307,000 in which the makers are Alphonso Richardson and Ruth A. Richardson, and the holder is The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001 ("Note"), and that certain Deed of Trust dated August 17, 2007, recorded August 24, 2007, as Document Number 2007-0564203 in the official records of the San Diego County Recorder's Office ("Deed of Trust").

14. In reliance on the information and documents provided by the Counterdefendants including without limitation the powers-of-attorney appointing Junior as agent and attorney-in-fact for the Counterdefendants, the Application, the Note, the Deed of Trust, and other

information provided by the Counterdefendants, the Robisons agreed to lend and did lend $307,000 to the Counterdefendants as evidenced by the Note, secured by the Property as evidenced by the Deed of Trust ("Loan").

15. Counterclaimants are informed and believe and thereon allege that Counterclaimants knowingly received the proceeds and benefits of the Loan, including payment in full satisfaction of a first mortgage secured by the Property in the approximate amount of $42,840.40, payment in full satisfaction of a second mortgage secured by the Property in the approximate amount of $78,272.51, payment to the United States Treasury for unpaid federal income taxes and interest for the years 1999 through 2004 in the approximate amount of $86,974.70, payment of the Counterdefendants' various loan transaction and other costs of approximately $28,442.28, and a distribution either directly to the Counterdefendants or to Junior on behalf of the Counterdefendants in the approximate amount of $70,470.11.

16. Counterdefendants made three payments on the Loan in or about October, November and December 2007. The third payment bounced. Counterdefendants later tendered a partial payment of the payments then due under the Note, which was returned because it was not for the total amount of the payments then due. Counterdefendants have made no other payments on the Note, and defaulted on the Note. Counterdefendants have not paid real property taxes and insurance premiums that accrued and were due after funding of the Loan.

17. Due to Counterdefendants' default under the Note, the Robisons initiated foreclosure proceedings under the Deed of Trust.

18. The Robisons sold a 50% interest in the Note and Deed of Trust to Cheroske.

19. The Counterdefendants sued the Counterclaimants and others by filing the Complaint in this action. Among other allegations, the Counterdefendants allege:

(a) Counterdefendant ALPHONSO RICHARDSON, SR., "signed a Power [of] Attorney, granting general powers to his wife, RUTH A. RICHARDSON and his son, defendant ALPHONSO RICHARDSON, JR." (¶ 27.) Counterdefendant RUTH A. RICHARDSON, SR. signed a power-of-attorney in favor of Junior. (¶ 31.) Counterdefendants do not dispute the validity of either of the Counterdefendants' powers-of-attorney executed in favor of Junior.

(b) Counterdefendant ALPHONSO RICHARDSON, SR., "did not want to refinance the property." (¶ 28.) However, the Counterdefendants did not disclose this to the Counterclaimants, did not revoke the authority they had given Junior to obtain the Loan, and did not otherwise stop the funding of the Loan.

(c) On the Application, the amounts of income from retirement and disability were erroneously stated and the total liabilities were understated. (¶ 51.)

20. The Property was sold at a foreclosure sale on or about June 5, 2008. However, Counterdefendants have remained in possession of the Property.

**FIRST CLAIM**

**(Against all Counterdefendants)**

**(Actual Fraud and Deceit – Intentional Misrepresentation)**

21. Counterclaimants incorporate paragraphs 1 through 20 by reference.

22. Counterdefendants represented their income and liabilities were those stated on the Application and that they wanted the Loan (collectively "Representations"):

23. Counterclaimants are informed and believe based on the allegations in the Counterdefendants' Complaint that each of the Representations was false.

24. Counterclaimants are informed and believe that Counterdefendants knew the representations were false when made, or that the Counterdefendants made the representations recklessly and without regard for their truth.

25. Counterclaimants are informed and believe that the Counterdefendants made the Representations for the purpose of inducing Robisons to make the Loan to the Counterclaimants, which loan would be assignable in whole or in part to others, and that assignees of the Robisons would rely on the Representations.

26. At the time the Robisons made the Loan to the Counterdefendants, and at the time Cheroske purchased a 50% interest in the Loan, the Counterclaimants were unaware of the falsity of the Representations. Counterclaimants reasonably believed the Representations to be complete and accurate.

27. Counterclaimants reasonably and justifiably relied upon the Representations by the Counterdefendants by making the Loan to the Counterdefendants and Cheroske purchasing a 50% interest in the Loan.

28. If Counterclaimants had known of the falsity of the Representations, they would not have made the Loan or purchased a 50% interest.

29. As a direct and proximate result of Counterdefendants' intentional misrepresentations, Counterclaimants have incurred damages the total of which is presently unknown and will be proved at trial, prejudgment interest, expert witness fees, and attorneys' fees and costs.

30. Counterdefendants' actions constituted fraud, oppression, and malice entitling Counterclaimants to exemplary and punitive damages.

**SECOND CLAIM**

**(Against all Counterdefendants)**

**(Actual Fraud and Deceit – Concealment)**

31. Counterclaimants incorporate paragraphs 1 through 30 by reference.

32. Counterclaimants are informed and believe that the Counterdefendants were aware of and concealed the truth of their income and liabilities, and whether they wanted the Loan (collectively "Concealed Facts"):

33. The Counterdefendants had a duty to disclose the Concealed Facts.

34. The Counterdefendants failed to disclose the Concealed Facts.

35. At the time the Robisons made the Loan to the Counterdefendants, and at the time Cheroske purchased a 50% interest in the Loan, the Counterclaimants were unaware of the Concealed Facts and would have acted differently had they known of the Concealed Facts.

36. Counterclaimants are informed and believe that the Counterdefendants intended to deceive Counterclaimants by intentionally failing to disclose the Concealed Facts.

37. Counterclaimants reasonably relied on the Counterdefendants' deception by making the Loan and purchasing a 50% interest in the Loan.

38. As a direct and proximate result of Counterdefendants' concealment, Counterclaimants have incurred damages in an amount presently unknown and will be proved at trial, prejudgment interest, attorneys' fees, expert witness fees, and costs.

39. Counterdefendants' actions constituted fraud, oppression, and malice entitling Counterclaimants to exemplary and punitive damages.

**THIRD CLAIM**

**(Against all Counterdefendants)**

**(Actual Fraud and Deceit– Promissory Fraud)**

40. Counterclaimants incorporate paragraphs 1 through 39 by reference.

41. By executing the Note, Deed of Trust, escrow instructions, and other documents, Counterdefendants promised to repay the Loan according the terms stated in the Note and perform their obligations stated in the Deed of Trust ("Promises").

42. Counterclaimants are informed and believe based on the allegations in the Counterdefendants' Complaint that at the time the Counterdefendants made the Promises the Counterdefendants did not intend to perform them.

43. The Promises were made with the intent to induce Counterclaimants to rely upon them.

44. Counterclaimants relied upon the Promises by making the Loan and purchasing a 50% interest in the Loan.

45. Counterclaimants were unaware that the Counterdefendants did not intend to perform the Promises and were justified in relying upon the Promises.

46. Counterdefendants have in fact not performed their Promises including without limitation by failing to pay the Note according to its terms, failing to pay real property taxes on the Property when they came due, and failing to pay insurance premiums on the Property.

47. As a direct and proximate result of Counterdefendants' actions, Counterclaimants have incurred damages in an amount that is presently unknown but will be proven at trial, prejudgment interest, attorneys' fees, expert witness fees, and costs.

48. Counterdefendants' actions constituted fraud, oppression, and malice entitling Counterclaimants to exemplary and punitive damages.

**FOURTH CLAIM**

**(Against all Counterdefendants)**

**(Actual Fraud and Deceit – Acts Fitted to Deceive)**

49. Counterclaimants incorporate paragraphs 1 through 48 by reference.

50. Counterdefendants' actions and omissions described herein constituted actual fraud as acts fitted to deceive under California Civil Code § 1572(5) (West 2008).

51. As a direct and proximate result of Counterdefendants' actions constituting acts fitted to deceive, Counterclaimants have incurred damages in an amount presently unknown and will be proved at trial, prejudgment interest, attorneys' fees, expert witness fees, and costs.

52. Counterdefendants' actions constituted fraud, oppression, and malice entitling Counterclaimants to exemplary and punitive damages.

**FIFTH CLAIM**

**(Against all Counterdefendants)**

**(Actual Fraud and Deceit – Negligent Misrepresentation)**

53. Counterclaimants incorporate paragraphs 1 through 52 by reference.

54. The Counterdefendants made the Representations to Counterclaimants described in Paragraph 22 above.

55. Counterclaimants are informed and believe based on the allegations in the Counterdefendants' Complaint that each of the Representations was false.

56. Counterclaimants are informed and believe based on the allegations in the Counterdefendants' Complaint that the Counterdefendants had no reasonable grounds for believing the Representations were true when they made them.

57. Counterclaimants are informed and believe based on the allegations in the Counterdefendants' Complaint that the Counterdefendants failed to exercise reasonable care or competence in obtaining or communicating the information.

58. Counterclaimants are informed and believe that the Counterdefendants intended that Counterclaimants rely on the Representations.

59. Counterclaimants justifiably and reasonably relied on the Counterdefendants' Representations by making the Loan and purchasing a 50% interest in the Loan.

60. As a direct and proximate result of Counterdefendants' misrepresentations Counterclaimants have incurred damages in an amount presently unknown and will be proved at trial, prejudgment interest, expert witness fees, and attorneys' fees and costs.

**SIXTH CLAIM**

**(Against all Counterdefendants)**

**(Constructive Fraud)**

61. Counterclaimants incorporates paragraphs 1 through 60 by reference.

62. Counterdefendants had duties to Counterclaimants including without limitation to only appoint Junior as their agent and attorney-in-fact if Counterdefendants intended to and actually would rely on Junior's actions as their agent and attorney-in-fact, to provide Counterclaimants with true and accurate information concerning their income, liabilities, and intentions and desires with respect to obtaining the Loan, perform their obligations under the Note and Deed of Trust and otherwise repay the Loan (collectively "Duties").

63. Counterdefendants breached their Duties including without limitation by: (1) appointing Junior as their agent and attorney-in-fact; (2) not revoking their appointment of Junior as their agent and attorney-in-fact; (3) allowing the process for obtaining the Loan to move forward even though they were aware the process was moving forward; (4) failing to provide Counterclaimants with true and accurate information concerning their income, liabilities, and intentions and desires with respect to obtaining the Loan; (5) suing the Counterclaimants for the claims stated in the Complaint even though the claims are false and without adequate evidentiary support as a means to attempt to interfere with Counterclaimants' enforcement of their rights under the Note and Deed of Trust, and otherwise obtain repayment of the Loan; and (6) by continuing to remain in possession of the Property without paying real property taxes, insurance, rent, or any other amount with respect to their use and occupancy of the Property.

64. By Counterdefendants' actions and omissions described herein, they gained an advantage to themselves by misleading Counterclaimants to the prejudice of Countclaimants.

65. Counterdefendants' actions and omissions described herein constituted constructive fraud under California Civil Code § 1573 (West 2008).

66. As a direct and proximate result of Counterdefendants' misrepresentations Counterclaimants have incurred damages in an amount presently unknown and will be proved at trial, prejudgment interest, expert witness fees, and attorneys' fees and costs.

67. Counterdefendants' actions constituted fraud, oppression, and malice entitling Counterclaimants to exemplary and punitive damages.

**SEVENTH CLAIM**

**(Against all Counterdefendants)**

**(Unjust Enrichment)**

68. Counterclaimants hereby incorporate Paragraphs 1 through 67 by reference.

69. By their actions and omissions alleged herein, Counterdefendants have received an enrichment including without limitation receiving the benefits and proceeds of the Loan and the continued use, possession and occupancy of the Property without paying rent, insurance taxes or other expenses of occupancy.

70. Counterdefendants' enrichment has come at the expense and impoverishment of the Counterclaimants.

71. There is a connection between Counterdefendants' enrichment and Counterclaimants' impoverishment.

72. Counterclaimants have conferred a benefit upon the Counterdefendants by providing and funding the Loan.

73. The Counterdefendants know and are aware of the benefit.

74. The Counterdefendants' acceptance and retention of the benefit under the circumstances alleged herein make it inequitable for the Counterdefendants to retain the benefit without the payment of its value.

75. As a direct and proximate result of Counterdefendants' actions, Counterclaimants have incurred damages in an amount that is presently unknown but will be proven at trial, prejudgment interest, attorneys' fees, expert witness fees, and costs.

76. Counterclaimants are entitled to restitution of the value of the benefits conferred upon the Counterdefendants.

77. Counterdefendants' actions constituted fraud, oppression, and malice entitling Counterclaimants to exemplary and punitive damages.

WHEREFORE, Counterclaimants pray for judgment against each of the Counterdefendants, jointly and severally, as follows:

AS TO THE FIRST CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Punitive and exemplary damages;
3. Reasonable attorneys fees and costs;
4. Statutory and non-statutory costs and expenses of suit;
5. Expert witness fees and costs; and,
6. Other just and equitable relief.

AS TO THE SECOND CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Punitive and exemplary damages;
3. Reasonable attorneys fees and costs;
4. Statutory and non-statutory costs and expenses of suit;
5. Expert witness fees and costs; and,
6. Other just and equitable relief.

AS TO THE THIRD CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Punitive and exemplary damages;,
3. Reasonable attorneys fees and costs of suit;
4. Statutory and non-statutory costs and expenses;

5. Expert witness fees and costs; and
6. Other just and equitable relief.

AS TO THE FOURTH CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Punitive and exemplary damages;,
3. Reasonable attorneys fees and costs of suit;
4. Statutory and non-statutory costs and expenses;
5. Expert witness fees and costs; and
6. Other just and equitable relief.

AS TO THE FIFTH CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Reasonable attorneys fees and costs;
3. Statutory and non-statutory costs and expenses of suit;
4. Expert witness fees and costs; and
5. Other just and equitable relief.

AS TO THE SIXTH CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Punitive and exemplary damages;,
3. Reasonable attorneys fees and costs of suit;
4. Statutory and non-statutory costs and expenses of suit;
5. Expert witness fees and costs; and
6. Other just and equitable relief.

AS TO THE SEVENTH CLAIM,

1. Compensatory damages according to proof plus prejudgment interest;
2. Punitive and exemplary damages;,
3. Reasonable attorneys fees and costs of suit;
4. Statutory and non-statutory costs and expenses of suit;
5. Expert witness fees and costs; and

6. Other just and equitable relief.

DATED: June 18, 2008

CALIFORNIA BUSINESS LAW GROUP, PC

By ______________________
DUANE S. HORNING
Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Counterdefendants and Counterclaimants

DEMAND FOR JURY

Counterclaimants CHARLES O. ROBISON as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE hereby demand a jury trial.

DATED: June 18, 2008

CALIFORNIA BUSINESS LAW GROUP, PC

By ______________________
DUANE S. HORNING
Attorneys for CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001; and RICHARD CHEROSKE, Counterdefendants and Counterclaimants