BARRY D. MILLS, SBN 185823
Attorney at Law
3588 Fourth Avenue, Suite 210
San Diego, CA 92103
(619) 295-5000 Telephone
(619) 338-4033 Facsimile

Attorney for Plaintiffs ALPHONSO RICHARDSON, SR. and
RUTH A. RICHARDSON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES O. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; RICHARD CHEROSKE, individually and as assignee of The Robison Family Trust; ERIC A. KLEIN, individually; ROBERT H. LAYTON, individually; ALPHONSO RICHARDSON, JR., individually; STATEWIDE RECONVEYANCE, INC. dba STATEWIDE FORECLOSURE SERVICES, a California corporation; COMMONWEALTH LAND TITLE COMPANY, a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendants.<br>___________________________________ | CASE NO. 08 CV 0902 WQH BLM<br><br>**ANSWER OF ALPHONSO RICHARDSON, SR. AND RUTH A. RICHARDSON TO COUNTERCLAIM OF CHARLES O. ROBISON, TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, BLANCHE L. ROBISON AS TRUSTEE OF THE ROBISON FAMILY TRUST DATED 04/05/2001, AND RICHARD CHEROSKE AGAINST ALPHONSO RICHARDSON, SR., AND RUTH A. RICHARDSON FOR FRAUD, AND UNJUST ENRICHMENT**<br><br>**Judge: The Honorable William Q. Hayes** |

Counter-defendants ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON hereby respond to Counterclaim of Counter-claimants CHARLES O. ROBISON as Trustee of the Robison Family Trust dated 04/05/2001, BLANCHE L. ROBISON, as Trustee of the Robison Family Trust dated 04/05/2001 (collectively "Robisons") and RICHARD CHEROSKE (Cheroske herinafter) for Fraud and Unjust

Enrichment as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

8. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

9. Deny.

10. Admit as to executing a general powers of attorney. Deny as to executing a specific power of attorney to "do all things necessary to obtain loan on their behalf."

11. Deny as to directly submitting any documents. Otherwise, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

12. Counter-defendant ALPHONSO RICHARDSON, SR. admits that in or about late July or early August 2007 he was present at home when certain individuals came to inspect the property. Counter-defendant ALPHONSO RICHARDSON, SR. further admits that he stated that he did not approve of any re-financing of the home. Otherwise, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

13. Counter-defendants admit that Junior executed certain loan documents dated

August 17, 2007. Counter-defendants deny that Junior had the authority and/or was their agent in said execution. Otherwise, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

14. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

15. Counter-defendants deny that they "knowingly received the proceeds and benefits of the Loan" including distribution of an approximate amount of $70,470.11. Counter-defendants admit that they are in possession of a final accounting that states that the mortgages and back taxes were paid out of the proceeds of the loan. Otherwise, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

16. Admit except that Counter-defendants are without sufficient knowledge to know whether the allegations constituted default on the Note and thereby deny said allegation.

17. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of default contained within this paragraph and on that basis deny said allegation. Counter-defendants admit that the Robisons initiated foreclosure proceedings under the Deed of Trust.

18. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

19. Admit as to the Preamble.

(a) Admit, except Counter-defendants deny that the Powers of Attorney were sufficient for purposes of the loan transaction.

(b) Admit as to "did not want to refinance the property". Moreover, as Counter-

defendants were unaware of the identities of the Counter-complainants until after the close of escrow, and therefore were unable to communicate their wishes, timely revoke the Powers of Attorney or stop the funding.

(c) Admit that erroneous information was contained on the application which Counter-defendants did not know about until after the close of escrow.

20. Admit as to the foreclosure sale but deny as to remaining in possession of the Property.

21. Counter-defendants incorporate their prior responses to paragraphs 1 through 20 by reference.

22. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

23. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

24. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

25. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

26. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

27. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

28. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

29. Counter-defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

30. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

31. Counter-defendants incorporate their prior responses to paragraphs 1 through 20 by reference.

32. Deny. Counter-defendants were unaware that representations of their income and liabilities were being made and thus could not have concealed said facts.

33. Deny. Counter-defendants were unaware that representations of their income and liabilities were being made and thus could not have concealed said facts.

34. Deny. Counter-defendants were unaware that representations of their income and liabilities were being made and thus could not have concealed said facts.

35. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

36. Deny. Counter-defendants were unaware that representations of their income and liabilities were being made and thus could not have concealed said facts.

37. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

38. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

39. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

40. Counter-defendants incorporate their prior responses to paragraphs 1 through

39 by reference.

41. Deny. Counter-defendants did not execute the documents.

42. Deny. Counter-defendants did not execute the documents.

43. Deny. Counter-defendants did not execute the documents.

44. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

45. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

46. Deny. Counter-defendants did not execute the documents. However, Counter-defendants admit that they did not pay the Note according to its terms and did not pay property taxes or insurance premiums.

47. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

48. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

49. Counter-defendants incorporate their prior responses to paragraphs 1 through 49 by reference.

50. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

51. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

52. Counter-defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

53. Counter-defendants incorporate their prior responses to paragraphs 1 through 52 by reference.

54. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

55. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

56. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

57. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

58. Deny. Counter-defendants did not make such representations nor were they aware of said representations until after the close of escrow.

59. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

60. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

61. Counter-defendants incorporate their prior responses to paragraphs 1 through 60 by reference.

62. Deny.

63. Deny.

64. Deny.

65. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

66. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

67. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

68. Counter-defendants incorporate their prior responses to paragraphs 1 through 67 by reference.

69. Deny.

70. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

71. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

72. Deny.

73. Deny as to the loan being a benefit.

74. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

75. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

76. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis deny each and every allegation contained therein.

77. Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained within this paragraph and on that basis

deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

78. As a further and separate answer to the Counterclaim and by way of affirmative defenses, Counter-defendants allege upon information and belief:

**First Affirmative Defense: Failure to State a Cause of Action**

79. As a separate affirmative defense, Counter-defendants allege that the Counter-claim and each and every purported cause of action therein fail to state facts sufficient to constitute a cause of action against the Counter-defendants.

**Second Affirmative Defense: Contributory Fault**

80. As a separate affirmative defense, Counter-defendants allege that if Counter-complainants suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, and negligence of Countercomplainant, thereby completely or partially barring Counter-complainants' recovery herein.

**Third Affirmative Defense: No Vicarious Liability**

81. As a separate affirmative defense, Counter-defendants allege that they is not legally responsible for the acts and/or omissions of those Counter-defendants named herein as ROES 1 through 25.

**Fourth Affirmative Defense: Failure to Mitigate**

82. As a separate affirmative defense, Counter-defendants allege that as to each cause of action, Counter-complainants have failed, refused and neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing Counter-complainants' recovery herein.

**Fifth Affirmative Defense: Estoppel**

83. As a separate affirmative defense, Counter-defendants allege that Counter-complainants' causes of action are barred or reduced by the doctrine of estoppel.

**Sixth Affirmative Defense: Waiver**

84. As a separate affirmative defense, Counter-defendants allege that Counter-

complainants' causes of action are barred or reduced by the doctrine of waiver.

**Seventh Affirmative Defense: Laches**

85. As a separate affirmative defense, Counter-defendants allege that Counter-complainants' causes of action are barred or reduced by the doctrine of doctrine of laches.

**Eighth Affirmative Defense: Unclean Hands**

86. As a separate affirmative defense, Counter-defendants allege that Counter-complainants' causes of action are barred or reduced by the doctrine of unclean hands.

**Ninth Affirmative Defense: Statute of Limitations**

87. As a separate affirmative defense, Counderdefendants allege that Counter-complainants' causes of action are barred by the applicable statute of limitations.

**Tenth Affirmative Defense: Loss Caused by Others**

88. As a separate affirmative defense, Counter-defendants allege that the damages, if any, alleged by Counter-complainants are the result of the conduct, acts or omissions of others.

**Eleventh Affirmative Defense: Unjustified Reliance**

89. As a separate affirmative defense, Counter-defendants allege that Counter-complainants' reliance on any promise or representation was not justified.

**Twelfth Affirmative Defense: Intervening Superceding Cause**

90. As a separate affirmative defense, any damages suffered by Counter-complainants was not caused by the acts and/or omissions of the Counter-defendants but by intervening or superceding causes.

91. The Counter-defendants presently have insufficient knowledge of information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses, and reserve the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, Counter-defendants pray the Counter-complainants take nothing by way of their Counter-complaint and that the Counter-defendants be awarded judgment in this action as well as their costs of suit herein including attorneys fees and expert

witness fees, and such other relief as the Court may determine to be just.

DATED: July 14, 2008

BARRY D. MILLS
Attorney at Law

By: s/BARRY D. MILLS,
Attorney for Plaintiffs and Counter-defendants