ROBERT J. SUNDERLAND, SBN 189214
DAVID J. LOLA, SBN 231190
SUNDERLAND | McCUTCHAN, LLP
11770 BERNARDO PLAZA COURT, SUITE 250
SAN DIEGO, CALIFORNIA 92128
(858) 618-1652 Phone
(858) 675-7807 Fax

Attorneys for Defendants, ERIC A. KLEIN AND ROBERT H. LAYTON

**UNITED STATE DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES O. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as trustee of The Robison Family Trust dated 04/05/2001; RICHARD CHEROSKE, individually and as assignee of The Robison Family Trust; ERIC A. KLEIN, individually; ROBERT H. LAYTON, individually; ALPHONSO RICHARDSON, JR., individually; STATEWIDE RECONVEYANCE, INC. dba STATEWIDE FORECLOSURE SERVICES, A California corporation; COMMONWEALTH LAND TITLE COMPANY, a California corporation, and DOES 1 to 100, inclusive,<br><br>Defendants. | **CASE NO.: 08 CV 0902 WQH BLM**<br><br>**DEFENDANTS, ERIC A.KLEIN AND ROBERT H.LAYTON'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES TO ENJOIN FORECLOSURE AND FOR DECLARATORY RELIEF**<br><br>JUDGE: : Hon. William Q. Hayes<br>DEPT.: 4<br>Complaint Filed: 05/21/08<br>Trial Date: Not Yet Assigned |

Defendants ERIC A. KLEIN and ROBERT H. LAYTON (collectively "DEFENDANTS"), by and through their counsel, Sunderland | McCutchan, LLP, answer the Complaint For Damages to Enjoin Foreclosure and For Declaratory Relief of Plaintiffs ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON as follows:

1. In response to paragraph 1 of the Complaint, DEFENDANTS deny each and every allegation, except that the Complaint speaks for itself.

2. In response to paragraph 2 of the Complaint, DEFENDANTS admit the allegations.

3. In response to paragraph 3 of the Complaint, DEFENDANTS admit the allegations.

4. In response to paragraph 4 of the Complaint, DEFENDANTS admit the allegations.

5. In response to paragraph 5 of the Complaint, DEFENDANTS lack knowledge of information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

6. In response to paragraph 6 of the Complaint, DEFENDANTS lack knowledge of information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

7. In response to paragraph 7 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations, except that DEFENDANTS admit on information and belief that record title of the property located at 9589 Paseo Temporada, San Diego, California ("Subject Property") was held

in the name of Alphonso Richardson and Ruth A. Richardson, husband and wife, as joint tenants at the time the Complaint was filed.

8. In response to paragraph 8 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations, except that DEFENDANTS admit on information and belief that Charles O. Robison is a Trustee of the Robison Family Trust date 04/05/2001.

9. In response to paragraph 9 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations, except that DEFENDANTS admit on information and belief that Charles O. Robison is a Trustee of the Robison Family Trust date 04/05/2001.

10. In response to Paragraph 10 of the Complaint, DEFENDANTS admit on information and belief that Cheroske is an assignee of an interest in that certain Balloon Note dated August 17, 2007, in the original principal amount of $307,000.00 in which the makers are Alphonso Richardson and Ruth A. Richardson, and the holder is The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees Dated 04/05/2001 ("Note"), and that certain Deed of Trust dated August 17, 2007, recorded August 24, 2007, as Document Number 2007-0564203 in the official records of San Diego County Recorder's Office ("Deed of Trust"), and deny all of the other allegations.

11. In response to Paragraph 11 of the Complaint, DEFENDANTS admit the allegations.

12. In response to Paragraph 12 of the Complaint, DEFENDANTS admit the allegations.

13. In response to Paragraph 13 of the Complaint, DEFENDANTS admit in part and deny in part. DEFENDANTS admit the allegations in Paragraph 13 regarding Eric A. Klein. DEFENDANTS deny the allegations in Paragraph 13 regarding Robert H. Layton, and admit Robert H. Layton is a California-licensed real estate salesperson.

14. In response to Paragraph 14 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

15. In response to Paragraph 15 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

16. In response to Paragraph 16 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

17. In response to Paragraph 17 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

18. In response to Paragraph 18 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

19. In response to Paragraph 19 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

20. In response to Paragraph 20 of the Complaint, DEFENDANTS deny the allegations.

21. In response to Paragraph 21 of the Complaint, DEFENDANTS deny the allegations.

22. In response to Paragraph 22 of the Complaint, DEFENDANTS deny the allegations.

23. In response to Paragraph 23 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

24. In response to Paragraph 24 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

25. In response to Paragraph 25 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

26. In response to Paragraph 26 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

///

///

27. In response to Paragraph 27 of the Complaint, DEFENDANTS admit that ALPHONSO RICHARDSON, SR. signed a Power of Attorney appointing RUTH A. RICHARDSON and ALPHONSO RICHARDSON, JR. as his agents and attorney-in-fact, with general powers, and as to all of the other allegations, lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

28. In response to Paragraph 28 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

29. In response to Paragraph 29 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

30. In response to Paragraph 30 of the Complaint, Page 6, lines 17-21, DEFENDANTS admit that DEFENDANTS were unable to find a conventional lender to re-finance the property based on Plaintiffs' credit scores, and deny the balance of the allegation. In response to Paragraph 30 of the Complaint, Page 6, Lines 22-26, DEFENDANTS deny all allegations.

31. In response to Paragraph 31 of the Complaint, DEFENDANTS admit that RUTH A. RICHARDSON signed a Power-of-Attorney appointing ALPHONOS RICHARDSON, JR. as her agent and attorney-in-fact. Otherwise, as to Defendants, they deny the allegations, and as to all other DEFENDANTS, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the

allegations.

32. In response to Paragraph 32 of the Complaint, DEFENDANTS, deny the allegations. As to all other DEFENDANTS, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

33. In response to Paragraph 33 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

34. In response to Paragraph 34 of the Complaint, DEFENDANTS admit on information and belief that Plaintiffs satisfied their outstanding tax debt of $86,974.70 with proceeds from the loan, but otherwise deny the remaining allegations.

35. In response to Paragraph 35 of the Complaint, DEFENDANTS admit the allegations on information and belief.

36. In response to Paragraph 36 of the Complaint, DEFENDANTS deny the allegations.

37. In response to Paragraph 37 of the Complaint, as to these answering DEFENDANTS they deny the allegations. As to all other DEFENDANTS, these answering DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

38. In response to Paragraph 38 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

///

39. In response to Paragraph 39 of the Complaint, DEFENDANTS deny there was a "re-finance agreement". DEFENDANTS on information and belief admit that The Robison Family Trust, Charles O. Robison and Blanche L. Robison Trustees dated, April 5, 2001 are the initial beneficiaries under the Deed of Trust, that a portion of the beneficial interest has been assigned to Cheroske, and that the Deed of Trust creates, inter alia, a security interest in the property located at 9589 Paseo Temporada, San Diego, California. As to all other allegations these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

40. In response to Paragraph 40 of the Complaint, DEFENDANTS on information and belief admit the allegations.

41. In response to Paragraph 41 of the Complaint, DEFENDANTS admit that Robert Layton provided copies of the loan documents to Plaintiff but deny the balance of the allegations.

42. In response to Paragraph 42 of the Complaint, DEFENDANTS deny the allegations.

43. In response to Paragraph 43 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

44. In response to Paragraph 44 of the Complaint, DEFENDANTS on information and belief admit the allegations.

45. In response to Paragraph 45 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a

belief about the truth of the allegations and on that basis deny the allegations.

46. In response to Paragraph 46 of the Complaint, DEFENDANTS admit on information and belief that on or about May 15, 2008, Statewide posted and affixed the Notice of Sale attached as Exhibit 1 to the Complaint, that on or about May 9, 2008, Statewide recorded the Notice of Sale, and that the sale was scheduled for June 5, 2008. Otherwise DEFENDANTS deny the allegations.

47. In response to Paragraph 47 of the Complaint, DEFENDANTS deny the allegation, except that the Complaint speaks for itself.

48. In response to Paragraph 48 of the Complaint, DEFENDANTS incorporate by reference their responses in Paragraphs 1 through 47 in this Answer.

49. In response to Paragraph 49 of the Complaint, DEFENDANTS deny the allegations.

50. In response to Paragraph 50 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

51. In response to Paragraph 51 of the Complaint, DEFENDANTS admit they accepted a Uniform Residential Loan Application completed and signed by Alphonso Richardson, Jr. as duly authorized attorney-in-fact for Plaintiffs, but lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

///

52. In response to Paragraph 52 of the Complaint, DEFENDANTS deny the allegations.

53. In response to Paragraph 53 of the Complaint, DEFENDANTS deny the allegations.

54. In response to Paragraph 54 of the Complaint, DEFENDANTS deny the allegations, except that 15 U.S.C. Section 1639(b) speaks for itself.

55. In response to Paragraph 55 of the Complaint, DEFENDANTS deny the allegations.

56. In response to Paragraph 56 of the Complaint, Page 10, lines 24 through 26, DEFENDANTS deny the allegations. In response to Paragraph 56.a. of the Complaint, DEFENDANTS deny the allegations. In response to Paragraph 56.b. of the Complaint, DEFENDANTS deny the allegations. In response to Paragraph 56.c. of the Complaint, DEFENDANTS deny the allegations. In response to Paragraph 56.d. of the Complaint, DEFENDANTS deny the allegations. In response to Paragraph 56.e. of the complaint at Page 11, Lines 3-4, DEFENDANTS deny the allegations. In response to Paragraph 56.e. of the complaint at Page 11, Line 5, DEFENDANTS deny the allegations.

57. In response to Paragraph 57 of the Complaint, DEFENDANTS deny the allegations.

58. In response to Paragraph 58 of the Complaint, DEFENDANTS deny the allegations.

59. In response to Paragraph 59 of the Complaint, DEFENDANTS admit a copy of Exhibit 2 was sent to their counsel of record, and deny the remaining allegations therein.

///

60. In response to Paragraph 60 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

61. In response to Paragraph 61 of the Complaint, DEFENDANTS deny the allegations.

62. In response to Paragraph 62 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

63. In response to Paragraph 63 of the Complaint, DEFENDANTS deny the allegations.

64. In response to Paragraph 64 of the Complaint, DEFENDANTS lack information and belief as to whether the Richardson's are senior citizens or disabled persons and on that basis deny those allegations, and deny the remainder of the allegations.

65. In response to Paragraph 65 of the Complaint, DEFENDANTS deny the allegations.

66. In response to Paragraph 66 of the Complaint, DEFENDANTS deny the allegations.

67. In response to Paragraph 67 of the Complaint, DEFENDANTS incorporate by reference their responses in Paragraphs 1 through 47 in this Answer.

68. In response to Paragraph 68 of the Complaint, DEFENDANTS admit the loan amount did not exceed $417,000.00 and the total points and fees payable by the Richardson's at or before closing for the mortgage exceeded six percent (6%)of the

total loan amount. As for the remainder of the allegations, DEFENDANTS lack knowledge of information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

69. In response to Paragraph 69 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

70. In response to Paragraph 70 of the Complaint, DEFENDANTS admit they brokered Plaintiffs a loan, and otherwise deny the allegations. As to all other defendants, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

71. In response to Paragraph 71 of the Complaint, Page 13, Lines 6-8, DEFENDANTS deny the allegations. In response to Paragraph 71.a. of the Complaint, DEFENDANTS deny the allegations. In response to 71.b. of the Complaint, DEFENDANTS deny the allegations, and as to all other defendants, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations. In response to Paragraph 71.c. of the Complaint, DEFENDANTS deny the allegations. In response to Paragraph 71.d. of the Complaint, DEFENDANTS deny the allegations. In response to Paragraph 71.e of the Complaint, DEFENDANTS deny the allegations.

72. In response to Paragraph 72 of the Complaint, DEFENDANTS deny the allegations.

73. In response to Paragraph 73 of the Complaint, DEFENDANTS lack information and belief as to whether the Richardson's are senior citizens or disabled persons and on that basis deny those allegations, and deny the remainder of the allegations.

74. In response to Paragraph 74 of the Complaint, DEFENDANTS deny the allegations.

75. In response to Paragraph 75 of the Complaint, DEFENDANTS deny the allegations.

76. In response to Paragraph 76 of the Complaint, DEFENDANTS deny the allegations.

77. In response to Paragraph 77 of the Complaint, DEFENDANTS incorporated by reference their responses in Paragraphs 1 through 47 in this Answer.

78. In response to Paragraph 78 of the Complaint, DEFENDANTS deny the allegations.

79. In response to Paragraph 79 of the Complaint, DEFENDANTS deny the allegations.

80. In response to Paragraph 80 of the Complaint, DEFENDANTS admit the allegations.

81. In response to Paragraph 81 of the Complaint, DEFENDANTS admit the allegations.

82. In response to Paragraph 82 of the Complaint, these DEFENDANTS deny the allegations.

83. In response to Paragraph 83 of the Complaint, these DEFENDANTS deny the allegations.

84. In response to Paragraph 84 of the Complaint, these DEFENDANTS deny the allegations.

85. In response to Paragraph 85 of the Complaint, these DEFENDANTS deny the allegations.

86. In response to Paragraph 86 of the Complaint, DEFENDANTS incorporate by reference their responses in Paragraphs 1 through 85 of this Answer.

87. In response to Paragraph 87 of the Complaint, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

88. In response to Paragraph 88 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

89. In response to Paragraph 89 of the Complaint, DEFENDANTS deny the allegations.

90. In response to Paragraph 90 of the Complaint, DEFENDANTS deny the allegations.

91. In response to Paragraph 91 of the Complaint, as to these answering DEFENDANTS they deny the allegations. As to all other defendants, these answering DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

92. In response to Paragraph 92 of the Complaint, DEFENDANTS deny the allegations.

93. In response to Paragraph 93 of the Complaint, DEFENDANTS deny the allegations.

94. In response to Paragraph 94 of the Complaint, DEFENDANTS deny the allegations.

95. In response to Paragraph 95 of the Complaint, DEFENDANTS incorporate their responses in Paragraphs 1 through 94 in this Answer.

96. In response to Paragraph 96 of the Complaint, DEFENDANTS admit that California Civil Code Section 1573 speaks for itself, and otherwise deny the allegations.

97. In response to Paragraph 97 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations, but admit that DEFENDANTS were the fiduciary agent of Plaintiffs through Plaintiffs' attorney-in-fact, Alphonso Richardson, Jr.

98. In response to Paragraph 98 of the Complaint, DEFENDANTS deny the allegations.

99. In response to Paragraph 99 of the Complaint, as to these DEFENDANTS, they deny all allegations, and as to all other defendants, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

100. In response to Paragraph 100 of the Complaint, as to these DEFENDANTS, they deny all allegations, and as to all other defendants, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

101. In response to Paragraph 101 of the Complaint, as to these DEFENDANTS, they deny all allegations, and as to all other defendants, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations

and on that basis deny the allegations.

102. In response to Paragraph 102 of the Complaint, DEFENDANTS deny the allegations.

103. In response to Paragraph 103 of the Complaint, DEFENDANTS deny the allegations.

104. In response to Paragraph 104 of the Complaint, DEFENDANTS deny the allegations.

105. In response to Paragraph 105 of the Complaint, DEFENDANTS incorporate by reference their responses in Paragraphs 1 through 91 in this Answer.

106. In response to Paragraph 106 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

107. In response to Paragraph 107 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations, But admit that DEFENDANTS were the fiduciary agent of Plaintiffs through Plaintiffs' attorney-in-fact, Alphonso Richardson, Jr. As to all other DEFENDANTS, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

108. In response to Paragraph 108 of the Complaint, As to all other DEFENDANTS, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

///

109. In response to Paragraph 109 of the Complaint, DEFENDANTS deny the allegations.

110. In response to Paragraph 110 of the Complaint, as to these DEFENDANTS, they deny the allegations and as to all other defendants these defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

111. In response to Paragraph 111 of the Complaint, DEFENDANTS deny the allegations.

112. In response to Paragraph 112 of the Complaint, DEFENDANTS deny the allegations.

113. In response to Paragraph 113 of the Complaint, DEFENDANTS incorporate by reference their responses in Paragraph 1 through 47 in this Answer.

114. In response to Paragraph 114 of the Complaint, these answering DEFENDANTS are not named as defendants in this cause of action, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

115. In response to Paragraph 115 of the Complaint, DEFENDANTS admit that California Civil Code Section 1788.17 speaks for itself, and otherwise deny the allegations.

116. In response to Paragraph 116 of the Complaint, these answering DEFENDANTS are not named as defendants in this cause of action, lack information and belief sufficient to admit or deny the allegations, and on those bases deny the allegations.

117. In response to Paragraph 117 of the Complaint, DEFENDANTS deny the allegations.

118. In response to Paragraph 118 of the Complaint,

DEFENDANTS lack information and belief as to whether the Richardson's are senior citizens or disabled persons and on that basis deny those allegations and deny the remainder of the allegations.

119. In response to Paragraph 119 of the Complaint, DEFENDANTS deny the allegations.

120. In response to Paragraph 120 of the Complaint, DEFENDANTS deny the allegations.

121. In response to Paragraph 121 of the Complaint, DEFENDANTS incorporate by reference their responses in Paragraphs 1 through 120 in this Answer.

122. In response to Paragraph 122 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

123. In response to the first sentence of Paragraph 123 of the Complaint, DEFENDANTS admit the Deed of Trust regarding the above-described property was signed and notarized on August 17, 2007 and recorded on August 24, 2007 and deny the remainder of the allegations. In response to the second sentence of Paragraph 123 of the Complaint, DEFENDANTS admit the allegations. In response to the third sentence in Paragraph 123 of the Complaint, DEFENDANTS admit the allegations. In response to the fourth sentence in Paragraph 123 of the Complaint DEFENDANTS admit the allegations. In response to the fifth sentence of Paragraph 123 of the Complaint, DEFENDANTS admit that Statewide is not mentioned in the Deed of Trust, and deny the remainder of the allegations.

124. In response to Paragraph 124 of the Complaint, DEFENDANTS admit the allegations.

125. In response to Paragraph 125 of the Complaint, these DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

126. In response to Paragraph 126 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

127. In response to Paragraph 127 of the Complaint, DEFENDANTS admit receiving correspondence from Plaintiffs' counsel, but deny the balance of the allegations.

128. In response to Paragraph 128 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

129. In response to Paragraph 129 of the Complaint, DEFENDANTS deny the allegations.

130. In response to the first sentence in Paragraph 130 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

131. In response to the first sentence of Paragraph 131 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations. In response to the second sentence of Paragraph 131 of the Complaint, DEFENDANTS

deny all allegations.

132. In response to Paragraph 132 of the Complaint, DEFENDANTS incorporate their responses in Paragraphs 1 through 131 of this Answer.

133. In response to Paragraph 133 of the Complaint, DEFENDANTS lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

134. In response to Paragraph 134 of the Complaint, DEFENDANTS deny the allegations.

**AFFIRMATIVE DEFENSES**

135. As a further and separate answer to the Complaint and by way of affirmative defenses, these DEFENDANTS allege upon information and belief:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

136. The Complaint and each and every purported cause of action therein fail to state facts sufficient to constitute a cause of action against these DEFENDANTS.

**SECOND AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

137. If the Richardson's were to recover on the claims in their Complaint they would be unjustly enriched where they accepted the benefits and proceeds of the Note including without limitation by payment and satisfaction of their debts and by living in the Property without making payments on the Note, paying rent, insurance, or real property taxes.

///

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

138. The Richardson's claims are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Negligence)

139. The Richardson's claims are barred by their own negligence.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Tender Payment)

140. The Richardson's have failed to tender to the Lender all or any part of the proceeds of the Note thereby barring the Richardson's claims alleged in the Complaint including without limitation for rescission and invalidity of the Deed of Trust.

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Capacity)

141. These Defendant are not informed and believe that the Richardson's lack the capacity to bring and maintain the claims in their Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

(Promissory Estoppel)

142. The Richardson's made certain promises on which the Richardson's knew DEFENDANTS would rely, including without limitation that the Richardson's would accurately represent their financials on the loan application, repay the Note in accordance with its terms, and would perform under the Deed of Trust in accordance with its terms. DEFENDANTS did rely on those promises. The Richardson's are estopped from denying

their promises and such estoppel bars their claims in their Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

(Detrimental Reliance)

143. The Richardson's claims are barred by reason of making statements and representations to DEFENDANTS on which DEFENDANTS reasonably relied to their detriment and prejudice.

**NINTH AFFIRMATIVE DEFENSE**

(Loss Caused by Plaintiffs or Others)

144. If the Richardson's suffered or sustained any loss, damage or injury as alleged in the Complaint, the loss, damage or injury was proximately caused or contributed to by the actions and omissions of the Richardson's or others so as to bar the Richardson's right to recovery in whole or in part.

**TENTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

145. The negligent, careless and reckless conduct of the Richardson's substantially contributed to its alleged injuries and damages compared to the conduct of any other party, which said negligence bars in whole or in part the damages and other relief the Richardson's are seeking.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to do Equity)

146. No relief may be obtained under the Richardson's Complaint by reason of the Richardson's failure to do equity in the matters alleged in the Complaint.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

147. The Richardson's have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by the Richardson's must therefore be diminished or barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

148. As a result of the acts and omissions in the matters relevant to the Richardson's Complaint, the Richardson's have unclean hands and is therefore barred from asserting any claims against DEFENDANTS.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Intervening Superseding Cause)

149. The Richardson's damages, if any, were not caused by the acts of DEFENDANTS, but by an intervening superseding cause.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Violations Not Material)

150. The violations of various statutes including the Federal Truth in Lending Act alleged by the Richardson's in their Complaint, if any existed, are not material and therefore the Richardson's claims are barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Unintentional Bona Fide Error)

151. The violations of various statutes including the Federal Truth in Lending Act alleged by the Richardson's in their Complaint, if any existed, were not intentional and resulted from a bona fide error notwithstanding the maintenance

of procedures reasonably adapted to avoid any such error.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

152. The Richardson's claims are barred by the parties having reached an accord and satisfaction with regard to the matters in Plaintiff's Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

153. The Richardson's by their conduct assumed the risk of injury, if any, which they have sustained as alleged in their Complaint.

**NINTEENTH AFFIRMATIVE DEFENSE**

(Contributory Negligence)

154. The Richardson's are negligent and their negligence was a substantial factor in causing their harm, if any, such that their recovery should be barred completely or reduced in proportion to the Richardson's own fault and negligence.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Estoppel)

155. The Richardson's have engaged in conduct and activities with respect to the subject matter of this action by reason of which they are estopped to assert any claim or demand against these DEFENDANTS.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Fraud)

156. The Richardson's allege in their Complaint they granted their son, Alphonso Richardson, Jr., their powers of attorney (Paragraphs 27 and 31). The Richardson's allege in

their Complaint that they were aware Alphonso Richardson, Jr., was arranging a refinancing of the Property (Paragraph 32). The Richardson's allege in their Complaint that they did not want to refinance the Property (Paragraphs 28 and 32). Yet the Richardson's did not revoke their powers of attorney or otherwise do anything to stop the refinancing. Through their attorney-in-fact, Alphonso Richardson, Jr., the Richardson's provided financial statements on which the Broker DEFENDANTS relied. However, the Richardson's allege in their Complaint that the financial statements were false in that the Richardson's income was erroneously stated and their liabilities were understated (Paragraph 51). The Robison's would not have made the loan evidenced by the Note and Deed of Trust had they known the true facts that the Richardson's did not want to refinance their property or that the Richardson's income was erroneously stated and their liabilities were understated. In reliance on their belief that the Richardson's wanted and authorized the refinancing and that the reported income and liabilities were accurate, the Robison's made the loan evidenced by the Note and Deed of Trust, and Cheroske acquired a 50% interest in the Note and Deed of Trust. The Richardson's actions, inactions and concealment constitutes fraud such that any recovery on their claims is barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Negligent Misrepresentation)

157. The Richardson's claims are barred by reason of making representations to these DEFENDANTS that were not true, the Richardson's had no reasonable grounds for believing the

representations were true when they made them, the Richardson's intended that these DEFENDANTS would rely on the Richardson's representations, and these DEFENDANTS reasonably relied on the representations to their detriment and prejudice.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Injury by Fellow Servant)

158. The Richardson's injuries and damages, if any, were caused not by these DEFENDANTS, their agents or any party for whom these DEFENDANTS are liable or responsible, but by others.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Laches)

159. The Richardson's claims, and each of them, are barred because the Richardson's delayed for an unreasonable period of time in asserting claims against these DEFENDANTS and these delays have unfairly prejudiced these DEFENDANTS.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(License)

160. The Richardson's, by and through their attorney-in-fact, Alphonso, Jr., granted permission and a license for the transaction which is the subject of the Richardson's Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Payment)

161. These DEFENDANTS' liability, if any, has been fully paid and discharged by the funding of the loan evidence by the Note and Deed of Trust, and by these DEFENDANTS' damages caused by the Richardson's.

///

///

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Release)

162. The Richardson's, by and through their attorney-in fact, Alphonso Richardson, Jr. granted releases to these DEFENDANTS including inter alia by signing and acknowledging that the Richardson's had received and been provided with all required disclosures and documents.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

163. The Richardson's claims are barred by applicable statutes of limitations including without limitation that any purported rescission must be completed within three days after disclosure. 15 U.S.C.A §1635(a) (West 2008).

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Waiver)

164. These DEFENDANTS presently have insufficient knowledge of information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses, and reserve the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, these DEFENDANTS pray that the Richardson's take nothing by their Complaint and that these DEFENDANTS be awarded judgment in this action as well as its cost of the suit incurred herein including attorneys fees and expert witness fees, and such other relief as the Court Determine to be just.

///

///

**THIRTIETH AFFIRMATIVE DEFENSE**

(Apportionment of Fault)

164. All of the acts and/or omissions alleged in the COMPLAINT were solely, entirely, and fully those of other defendant(s) and/or parties named or unnamed therein, other than these answering DEFENDANTS and, therefore, such parties are fully and solely liable to PLAINTIFFS. As a result, these answering DEFENDANTS are entitled to total indemnification from said parties including, but not limited to, any and all damages, costs, and attorneys' fees that these answering DEFENDANTS may sustain as a result of PLAINTIFFS' claims. In the alternative, if it should be found that these answering DEFENDANTS are in some manner legally responsible for injuries or damages sustained by PLAINTIFFS, if any, and it should be found that PLAINTIFFS' injuries or damages were proximately caused or contributed to by other defendant(s) in this case, whether served or unserved, and/or other persons or entities not parties to this action, then these answering DEFENDANTS are entitled to a finding that the negligence and fault of each of the aforesaid person and/or parties, whether parties to this action or not, shall be determined, apportioned and prorated, and that any judgment rendered against these answering DEFENDANTS shall be reduced not only by the degree of comparative negligence of the PLAINTIFFS, but also shall be reduced by the percentage of negligence and/or fault and/or unreasonable conduct attributed to the aforesaid other defendant(s) and/or third persons or entities, whether parties to this action or not. Under the doctrine of <u>Li v. Yellow Cab</u>,

PLAINTIFFS' contributory negligence and/or fault shall reduce any and all damages sustained by PLAINTIFFS.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(No Basis for Punitive Damages)

165. These answering DEFENDANTS at all times acted in a proper, lawful, and legally permitted fashion without malice or oppression. They exercised and possessed that degree of skill, care, and knowledge required of a real estate licensee and, therefore, there is not a basis upon which an award of punitive or exemplary damages against these answering DEFENDANTS.

DATED: August 4, 2008 **SUNDERLAND | McCUTCHAN, LLP**

By: s/David James Lola
Robert J. Sunderland
David J. Lola
Attorneys for Defendants, ERIC A. KLEIN AND ROBERT H. LAYTON

DEMAND FOR JURY TRIAL

Defendants, Eric A. Klein an individual and Robert H. Layton, an individual hereby demand a jury trial.

DATED: August 4, 2008 **SUNDERLAND | McCUTCHAN, LLP**

By: s/David James Lola
Robert J. Sunderland
David J. Lola
Attorneys for Defendants, ERIC A. KLEIN AND ROBERT H. LAYTON