BARRY D. MILLS, SBN 185823
Attorney at Law
3588 Fourth Avenue, Suite 210
San Diego, CA 92103
(619) 295-5000 Telephone
(619) 338-4033 Facsimile

Attorney for Plaintiffs ALPHONSO RICHARDSON, SR. and
RUTH A. RICHARDSON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES O. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; *et al.*,<br><br>Defendants.<br>___________________________________<br><br>AND RELATED COUNTER-CLAIMS<br>___________________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 08 CV 0902 WQH BLM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 15, 2008<br><br>Time: 11:00 a.m.<br><br>Courtroom: 4<br><br>Judge: The Honorable William Q. Hayes |

Plaintiffs ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON hereby oppose the Motion to Expunge Lis Pendens filed by Defendants CHARLES O. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001, BLANCHE L. ROBISON, individually and as Trustee of the Robison Family Trust dated 04/05/2001, and RICHARD CHEROSKE. Plaintiffs submit the following Memorandum of Points and Authorities in support of their Opposition.

## INTRODUCTION AND BACKGROUND

The Richardsons home is located at 9589 Paseo Temporada, San Diego, CA 92129. Through a foreclosure sale in which the defendants sold the property themselves,

the defendants obtained title to the property valued at approximately $550,000.00.[1] As the Court will recall, the foreclosure went forward because the Richardsons had not been able to keep up with payments on a $307,000.00 Balloon Note. Recently, the defendants have also obtained possession of the property through an Unlawful Detainer action and now seek to flip the property and tap the built up equity as the Richardsons originally pleaded in their Complaint.[2] In sum, the Richardsons have not only lost their home but stand to loss over $200,000.00 in equity while defendants are on the verge of realizing an 80% return on their "investment".

On June 4, 2008, the Richardsons applied for a Temporary Restraining Order to preclude the foreclosure sale. However, as there was not sufficient evidence at that time, the Court declined to restrain the sale. Following the sale, the Richardsons recorded a Notice of Pendency of Action. Defendants now seek to expunge the Notice.

## I.

## IT IS LIKELY THAT PLAINTIFFS WILL PREVAIL ON THEIR REAL PROPERTY CLAIMS

As defendants set forth in their motion, the party recording a Lis Pendens has the burden of showing the probable validity of a real property claim. Also, as pointed out by defendants, the Richardsons' real property claims are found in the first and eighth causes of action of their Complaint. The Richardsons' claims that effect real property relate to the validity of the rescission of the transaction that encumbered 9589 Paseo Temporada.

### *A. The Loan in Question Is a HOEPA Loan*

In 1994 Congress passed legislation targeted at high-rate equity home loans. These protections were designed to prevent certain predatory lending practices. The Home Equity Ownership and Equity Protection Act (HOEPA) created a special class of regulated closed-end loans made at high annual percentage rates or with excessive costs

---

[1] Plaintiffs' Exhibit 1: Uniform Residential Loan Application, p. 2 "Value of Real Estate Owned": $550,000.00.

[2] See Defendant's Exhibit J: Complaint, ¶30.

and fees. HOEPA is an amendment to the Truth In Lending Act and is located at 15 U.S.C. §1639. Regulation Z was also amended to add regulations covering HOEPA (See 12 C.F.R. §§ 226.31, 226.32, 226.34). HOEPA sets forth 2 tests to determine whether a loan is covered by HOEPA: the APR trigger and the Points and Fees trigger. (15 U.S.C. §1602(aa)). If the criteria of either trigger is met, the loan is covered by the provisions of HOEPA.

Defendants contend that the loan in question is not a loan covered by HOEPA. They are incorrect. Application of the Points and Fees trigger makes the subject loan a HOEPA loan. Under this trigger, if a lender charges points and fees in excess of 8% of the "total loan amount" (a term of art under HOEPA) the loan is covered. (15 U.S.C. §1602(aa); Reg Z, 12 C.F.R. §226.32(a)(1)(ii)).

The "total loan amount" is not the "amount financed" or "the principle." Rather, the total loan amount is defined as the amount financed minus fees which are part of the amount financed only by virtue of the definition of finance charge in 15 U.S.C. §1605(e) or Regulation Z §226.4(c)(7) unless the fees come within the exception in HOEPA at Regulation Z §226.32(b)(1)(iii). (Official Staff Commentary §226.32 (a)(1)(ii)-1). In other words, a charge cannot be part of the points and fees trigger ***and*** be included in the total loan amount. With regards to the loan in question, what this means is that the points (loan origination fee) and broker's fees must be subtracted from the loan principal/amount financed in order derive the HOEPA total loan amount.

| | | |
|---|---|---|
| Loan Principal | $307,000.00 | Defendants' Ex C, p. 1 |
| - Points | $3,070.00 | Defendants' Ex E, p. 7 |
| - Brokers fees | $21,490.00 | Defendants' Ex E, p. 7 |
| Total loan amount | $282,440.00 | |

Here, the points and fees total $24,560.00. Eight percent (8%) of the Total Loan Amount is $22,595.20. As the total points and fees exceed 8% of the Total Loan Amount, the loan in question is covered by HOEPA.

///

***B. Defendants Violated HOEPA***

The disclosures required by HOEPA do not displace but rather supplement general TILA disclosures. (15 U.S.C. §1639(a)(1); Reg Z, 12 C.F.R. § 226.31(a)). Every loan covered by HOEPA requires a *Miranda*-type early disclosure of terms. Moreover, unlike current TILA disclosures, which are generally given at the time the loan is signed, HOEPA written disclosures must be given 3 business days prior to consummation of the transaction, so that the consumer will genuinely have time to try to absorb the information and reflect on the decision. (15 U.S.C. §1639(b)(1); Reg Z, 12 C.F.R. §226.31(c)(1)). The following disclosures are required:

> "You are not required to complete this agreement merely because you received these disclosures or have signed a loan application."
>
> "If you obtain this loan, the lender will have a mortgage on your home. You could lose your home and any money you have put into it, if you do not meet your obligations under the loan."

(15 U.S.C. §1639(a)(1)). The lender must also disclose the accurate annual percentage rate and the amount of the regular monthly payment. (15 U.S.C. §1639(a)(2)(A); Reg Z, 12 C.F.R. §226.32(c)).

In the present action, the defendants violated these provisions by disclosing contradictory annual percentage rates and by failing to make any disclosures 3 days prior to consummation of the loan.

Although, not included in the documents the defendants lodged with the court as exhibits in support of their motion, Alphonso Richardson, Jr. signed two different versions of a document entitled "Truth-in-Lending Mortgage Disclosure for Mortgages that Exceed Certain Percentages and Amounts" (Lodged herewith as Exhibit Nos. 2 and 3). One document states the annual percentage rate to be 10.500%, while the other states it to be 12.767%.

Moreover, no disclosures were made 3 days prior to consummation of the transaction. Three days prior to the transaction means 3 days prior to the date that the loan documents are signed, not 3 days prior to the close of escrow as the defendants urged in a prior proceeding. The only known cases to discuss the 3 days prior to consummation

rule are: *Newton v. United Companies Financial Corp.*, 24 F.Supp.2d 444 (ED Pa 1998); *In Re Williams*, 232 B.R. 629 (Bkrtcy E.D.Pa.1999); and *In re Jackson*, 245 B.R. 23 (Bkrtcy E.D.Pa.2000). They uniformly affirm that 3 days prior to consummation of the transaction refers to the date that the loan documents are signed.

In *Newton v. United Companies Financial Corp.*, four plaintiffs sued a lender of high-priced mortgage loans for home improvements. (*Newton*, *supra* at 446). In its statement of decision the *Newton* court found that the closing of the loans was conducted at the plaintiff's homes. (*Id*. at 448). The court further found that "[T]he Home Ownership and Equity Protection Act ("HOEPA") requires delivery of special disclosures of credit terms at least three business days ***prior to the loan <u>closing</u>***. 15 U.S.C. §1639(a)-(b); 12 C.F.R. §226.32(c)." (*Id*., see also p. 451, (emphasis added)). Plaintiffs claimed that they did not receive the HOEPA disclosures before they signed the documents to close the loans. (*Id*. at 448). The Court then considered and ruled against evidence from the defendant lender that its officers had delivered the HOEPA advanced notices before the date that the plaintiffs signed the loan documents. (*Id*. at 449-450). There was no contention that the notices given at the time of closing were sufficient because of a subsequent escrow closing date. Plaintiff Fowler's loan proceeds were placed in an escrow account after the loan documents were signed and the home improvements were funded from the escrow account. There was no contention that closing of the escrow account was "consummation of the transaction" and, accordingly, three days notice had been given. (See *Id.* at 447).

In the bankruptcy adversary proceeding of *In re Williams*, 232 B.R. 629 (Bkrtcy.E.D.Pa. 1999), Plaintiff sought damages and rescission of various consumer loan transactions. (*In re Williams*, *supra* at 631). As in *Newton*, the plaintiff in *In re Williams* was not provided any advance disclosures until the date the transaction was settled. (*Id.* at 633). As the HOEPA advance notice was not provided three days prior to the date that the transaction was consummated, the settlement date, Plaintiff retained a right to rescind. (*Id*. at 636). Finally, in the case of *In re Jackson*, 245 B.R. 23 (Bkrptcy.E.D.Pa. 2000), the

court also concluded that the date that the loan documents are signed is the date that the transaction is consummated and that failure to provide a HOEPA disclosure three days prior to closing gave rise to rescission. The creditor had attempted to argue that the notices were sent prior to the closing date but did not make the argument that the escrow date was the date that the transaction was consummated. (*In re Jackson*, *supra* at 28).

Failure to provide the advance notice is a material violation of HOEPA. (15 U.S.C. §1602(u); Reg Z., 12 C.F.R. §226.23 n. 48 (as amended)).

Plaintiffs anticipate that, in Reply, the defendants will urge this Court to find that "consummation of the transaction" means close of escrow, rather than date that the loan documents are signed. Plaintiffs request the Court to adopt the reasoning set forth in the above-cited authorities. Moreover, defendants' interpretation is not in accord with the statutory scheme of TILA-HOEPA. Subdivision (a) of 15 U.S.C. §1635 provides for the general rule that on obligor has 3 days to rescind a transaction. The 3 days runs from the consummation of the transaction.

As set forth above, Congress enacted HOEPA to give consumers greater protections than they already enjoyed under TILA. The defendants' interpretation of HOEPA's three day advance notice requirement would render the HOEPA protections void. All that a lender would have to do to escape the three day advance notice requirement would be to extend the time of cancellation and close of escrow beyond the TILA-mandated three day recsission period. This renders the three day ***advance*** notice requirement of HOEPA meaningless. Moreover, such a reading is nonsensical. If a transaction is not consummated until escrow closes, how is it that a consumer has a three day right to rescind something that does not exist?

There are no loan documents among all of the loan documents that the defendants have lodged as exhibits with the court that pre-date the date of signing: August 17, 2007.[3] In order to comply with HOEPA, the defendants would have had to have delivered to the Plaintiffs or Alphonso Jr. the advance disclosures on or before

---

[3] See Defendants' Exhibit E.

August 14, 2007. Insofar as there are no such documents, the Court may reach no other conclusion other than that Plaintiffs will prevail on this claim.

The defendants further violated HOEPA (15 U.S.C. §1639(h)) by engaging in a pattern and practice of extending credit to consumers high rate mortgages as defined by 15 U.S.C. §1602(aa) without regard to the consumer's repayment ability, including their current and expected income, current obligations and employment. The lender, defendant Charles O. Robison, in his declaration, avows that in June 2007 defendant Layton provided him a portfolio of documents, including a credit report and Powers of Attorney for both of the Richardsons. (See Declaration of Charles O. Robison, ¶¶ 3-4). Although he fails to attach any credit report or evidence of income, he does attach as Exhibits A and B - the Powers of Attorney from the Richardsons. Ruth Richardson's Power of Attorney was executed July 15, 2007; obviously, Mr. Robison did not have possession of it in June when he made the lending decision. Moreover, the Credit Application was not filled out until the date the loan documents were signed. (See Plaintiffs' Exhibit 1). There is absolutely no evidence that the lenders relied upon any documents to determine the Richardsons' ability to pay in violation of HOEPA. In essence, HOEPA prohibits stated income loans. (See Reg Z, 12 C.F.R. §226.34(a)(4)).

The defendants also violated HOEPA in that the required disclosures were not given in a conspicuous type-size. (15 U.S.C. §1639(a)(1); Reg Z, 12 C.F.R. §226.32(c)). By adding this type-size requirement into HOEPA, Congress expressed its concern that the disclosures be printed in a type-size that would get the homeowners' attention. In the present case, the only part of the disclosures that are in conspicuous type-size is the part that begin: "YOU COULD LOSE...". The HOEPA disclosures that precede this disclosure are in uniform type-set and therefore violate HOEPA. (See Defendants' Exhibit E, p. 3).

Finally, the defendants violated HOEPA when they failed to give notice to joint owners that either had the right to cancel. (Official Staff Commentary §§ 226.15(b)-3, 226.23(b)-3). No such notice is found in the documents lodged as Defendants' Exhibit E

(or any other Exhibit).

### *C. The Court Should Find that the Richardsons May Tender Back At a Later Date*

If a lender violates HOEPA, a consumer has up to three years to rescind the transaction. (15 U.S.C. §1635(f)). The Richardsons need only prevail on one of the above-described violations to be afforded the right to rescind. On April 24, 2008, Plaintiffs rescinded the transaction by sending Notice of Rescission. (See Defendants's Exhibit J: Complaint, pp. 32-33). The defendants failed to honor the rescission and went forward with the foreclosure sale.

Generally, a Notice or Rescission extinguishes any security interest that a lender may have and thus the lender has nothing to sell. (15 U.S.C. §1635(b); Reg Z, 12 C.F.R. §§ 226.15(d)(2), 226.23(d)(2); Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1). Rescission is a complete defense to foreclosure. (*Albano v. Norwest Fin. Haw., Inc.*, 244 F.3d 1061 (9th Cir. 2001).

Following receipt of a notice of rescission, a lender has twenty days to return any money received from the transaction to take action to cancel the security interest in the property. (15 U.S.C. §1635(b); Reg Z, 12 C.F.R. §§ 226.15(d)(1); 226.23(d)(1)). Generally, ***only after*** a lender performed must the borrower tender back. (*Id.*). A court only has power to alter the procedural, as opposed to the substantive, provisions of TILA rescission. (*Semar v. Platte Valley Federal Savings & Loan Assoc.*, 791 F.2d 699, 705-706).

As the court explained in *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) (a case relied upon by defendants) rescission was improper because there remained a triable issue of material fact as to whether TILA's disclosure requirements had been complied with. (*Yamamoto*, *supra* at 1167). Contrary to defendants' assertions, *Yamamoto* did not hold the borrower must prove that he or she can tender back the proceeds before rescission is proper; rather, the Court impose conditions on rescission to ensure that obligations are met. (*Id.* at 1173). Moreover, in *Yamamoto*, the obligor would not be able to avail herself of an off-set for TILA damages. (See *Id.* 1169 [damage

claim was time-barred]). Accordingly, the obligor in *Yamamoto* could not fulfill her rescission obligations "no matter what". (See *Id.* at 1173).

In contrast, in the present case, it is likely that Plaintiffs will prevail on their HOEPA violation claims as set out above. Moreover, the Court may condition the tender process on the damages that Plaintiffs may be entitled to in the present action as well as re-finance possibilities. There is no evidence that Plaintiffs cannot tender "no matter what." The Richardsons are not only entitled to actual economic and non-economic damages, they are also entitled to statutory damages. As set forth in the prayer of their Complaint, those damages could be substantial. (See Defendants' Exhibit J, pp. 24-25).

***D. The Equities Favor Allowing the Richardsons to Rescind and Off-set any Tender with Damages***

The defendant lenders claim to elderly and disabled. Likewise the Richardsons are elderly and disabled. The defendants claim to have put their retirement at risk by lending the Richardsons $307,000.00 at 10.5%. What remains unresolved is why would retirees engage in high risk finance if doing so would put at risk their retirement income. The reality is that the defendants were able to design this transaction as nearly risk- free - all they would have to do is foreclose when the Richardsons would not be able to pay and thereby seize the equity in the property. This they have done. They will realize an return of upwards of 80% on their initial $307,000 "investment" upon re-selling the property, while the Richardsons are left with nothing.

The Richardsons respectfully request that this Court find that they acted with substantial justification in recording the Lis Pendens and deny the present motion.

DATED: September 1, 2008

BARRY D. MILLS
Attorney at Law

By: s/ BARRY D. MILLS,
Attorney for Plaintiffs

BARRY D. MILLS, SBN 185823
Attorney at Law
3588 Fourth Avenue, Suite 210
San Diego, CA 92103
(619) 295-5000 Telephone
(619) 338-4033 Facsimile

Attorney for Plaintiffs ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHONSO RICHARDSON, SR., and RUTH A. RICHARDSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES O. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; *et al.*,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS | CASE NO. 08 CV 0902 WQH BLM<br><br>**DECLARATION OF BARRY D. MILLS**<br><br>**RE: PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS**<br><br>Date: September 15, 2008<br><br>Time: 11:00 a.m.<br><br>Courtroom: 4<br><br>Judge: The Honorable William Q. Hayes |

I, BARRY D. MILLS declare:

1. I am an attorney licensed to practice in the United States District Court for the Southern District of California and am the attorney of record for Plaintiffs herein.

2. The facts stated within this declaration are personally known to me and if called as a witness in the above-entitled action, I could testify competently thereto.

3. Lodged herewith are Plaintiffs' Exhibits 1 though 3. These are true and correct copies of documents provided to me by Plaintiffs Alphonso Richardson, Sr. and

///

///

///

///

Ruth Ann Richardson.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of September, 2008, at San Diego, California.

BARRY D. MILLS

## EXHIBITS - TABLE OF CONTENTS

Exhibit 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Uniform Residential Loan Application
Exhibit 2 . . . . . . . . . . . . . . . . . . . . . . . . Truth-in-Lending Mortgage Disclosure [10.50%]
Exhibit 3 . . . . . . . . . . . . . . . . . . . . . . . . Truth-in-Lending Mortgage Disclosure [12.76%]

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Alphonso Rich by Alphonso [signature] His Atty. in fact — Borrower

Ruth A. Rich by Alphonso [signature] Her Atty. in fact — Co-Borrower

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| | | | |
|---|---|---|---|
| Mortgage Applied for: ☐ VA ☐ FHA ☑ Conventional ☐ USDA/Rural Housing Service ☐ Other (explain): | | Agency Case Number | Lender Case Number |
| Amount $ 302,000 | Interest Rate 12.500 % | No. of Months 360/360 | Amortization Type: ☑ Fixed Rate ☐ GPM ☐ Other (explain): ☐ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, & ZIP): 9589 PASEO TEMPORADA, San Diego, CA 92129 County: San Diego

No. of Units: 1

Legal Description of Subject Property (attach description if necessary): PLS. SEE PR REPORT

Year Built: 1979

Purpose of Loan: ☐ Purchase ☑ Refinance ☐ Construction ☐ Construction-Permanent ☐ Other (explain):

Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment

*Complete this line if construction or construction-permanent loan.*

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

*Complete this line if this is a refinance loan.*

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| 1979 | $ 146,909 | $ 120,000 | CASH OUT/HOME IMPROVEMENT | Cost: $ |

Title will be held in what Name(s): ALPHONSO RICHARDSON, SR; RUTH RICHARDSON

Manner in which Title will be held:

Estate will be held in: ☑ Fee Simple ☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain):

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable): ALPHONSO RICHARDSON, SR | Co-Borrower's Name (include Jr. or Sr. if applicable): RUTH RICHARDSON |
| Social Security Number: 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 | Social Security Number: 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 |
| Home Phone (incl. area code): 858-395-5142 | Home Phone (incl. area code): 858-395-5142 |
| DOB (mm/dd/yyyy): 02/26/1951 | DOB (mm/dd/yyyy): 09/07/1941 |
| Yrs. School: | Yrs. School: |
| ☑ Married ☐ Separated ☐ Unmarried (include single, divorced, widowed) | ☑ Married ☐ Separated ☐ Unmarried (include single, divorced, widowed) |
| Dependents (not listed by Co-Borrower) no. ages | Dependents (not listed by Borrower) no. ages |
| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent 28 No. Yrs.: 9589 PASEO TEMPORADA, San Diego, CA 92129 | Present Address (street, city, state, ZIP) ☑ Own ☐ Rent 28 No. Yrs.: 9589 PASEO TEMPORADA, San Diego, CA 92129 |
| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |

*If residing at present address for less than two years, complete the following:*

| Borrower | Co-Borrower |
|---|---|
| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. |
| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. |

## IV. EMPLOYMENT INFORMATION

| Borrower | | | Co-Borrower | | |
|---|---|---|---|---|---|
| Name & Address of Employer<br>RETIRED | ☐ Self Employed | Yrs. on this job<br><br>Yrs. employed in this line of work/profession<br>30 | Name & Address of Employer<br>RETIRED | ☐ Self Employed | Yrs. on this job<br><br>Yrs. employed in this line of work/profession<br>20 |
| Position/Title/Type of Business<br>AUTO SALES MANAGER | | Business Phone (incl. area code) | Position/Title/Type of Business<br>SAN DIEGO WORKER | | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Borrower | | | Co-Borrower | | |
|---|---|---|---|---|---|
| Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |
| Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |
| Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |
| Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer | ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | | $ 3,145.83 |
| Bonuses | | | | Other Financing (P&I) | 1,218.00 | |
| Commissions | | | | Hazard Insurance | 848.00 | |
| Dividends/Interest | | | | Real Estate Taxes | INCL | 60.00 |
| Net Rental Income | | | | Mortgage Insurance | INCL | 127.00 |
| Other (before completing, see the notice in "describe other income," below) | 3,680.00 | 3,475.00 | 7,155.00 | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 3,680.00 | $ 3,475.00 | $ 7,155.00 | Total | $ 2,066.00 | $ 3,332.83 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| B | RETIREMENT AND DISABILITY | $ 3,680.00 |
| C | RETIREMENT AND DISABILITY | 3,475.00 |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed [x] Jointly [ ] Not Jointly

| ASSETS Description | Cash or Market Value |
|---|---|
| Cash deposit toward purchase held by: | $ |
| *List checking and savings accounts below* | |
| Name and address of Bank, S&L, or Credit Union: CHECKING AND SAVINGS | |
| Acct. no. | $ 17,500 |
| Name and address of Bank, S&L, or Credit Union | |
| Acct. no. | $ |
| Name and address of Bank, S&L, or Credit Union | |
| Acct. no. | $ |
| Stocks & Bonds (Company name/number description) | $ |
| Life insurance net cash value; Face amount: $ | $ |
| **Subtotal Liquid Assets** | $ 17,500 |
| Real estate owned (enter market value from schedule of real estate owned) | $ 550,000 |
| Vested interest in retirement fund | $ |
| Net worth of business(es) owned (attach financial statement) | $ |
| Automobiles owned (make and year) | $ |
| Other Assets (itemize) | $ |
| **Total Assets a.** | $ 567,500 |

**Liabilities and Pledged Assets.** List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property.

| LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|
| Name and address of Company: SPS, SALT LAKE CITY, UT | $ Payment/Months | $ |
| Acct. no. 2770004214060 | * 848 /305 | 76,769 |
| Name and address of Company: CITIMORTGAGE INC, PO BOX 9442, GAITHERSBURG, MD 20898 | $ Payment/Months | $ |
| Acct. no. 4006603 | * 1,218 /47 | 45,795 |
| Name and address of Company: HFC, PO BOX 8633, ELMHURST, IL 60126 | $ Payment/Months | $ |
| Acct. no. 21821113121978 | * 532 | 20,449 |
| Name and address of Company: CAP ONE BANK, PO BOX 85520, RICHMOND, VA 23285 | $ Payment/Months | $ |
| Acct. no. 4862362682575918 | * 237 | 7,919 |
| Name and address of Company: TOYOTA MOTOR CREDIT CO, 7676 HAZARD CENTER DR ST, SAN DIEGO, CA 92108 | $ Payment/Months | $ |
| Acct. no. 704033613550050001 | * 254 /26 | 7,578 |
| Name and address of Company: GEMB/WALMART, PO BOX 981400, EL PASO, TX 7998 | $ Payment/Months | $ |
| Acct. no. 6032207491058046 | * 126 | 5,028 |
| Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Job-Related Expense (child care, union dues, etc.) | $ | |
| **Total Monthly Payments** | $ 25 | |
| Net Worth (a minus b) => $ 390,182 | **Total Liabilities b.** | $ 177,318 |

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 9589 PASEO TEMPORADA San Diego, CA 92129 | SFR | $ 550,000 | $ 66,776 | $ | $ 1,750 | $ 187 | $ |
| | | | | | | | |
| | | | | | | | |
| | Totals | $ 550,000 | $ 66,776 | $ | $ 1,750 | $ 187 | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |



Exhibit I
Page 3

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 174,444.00 |
| e. Estimated prepaid items | 1,495.51 |
| f. Estimated closing costs | 29,057.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 204,996.51 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 302,000.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 302,000.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -97,003.49 |

## VIII. DECLARATIONS

**If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.**

| | Borrower Yes | Borrower No | Co-Borrower Yes | Co-Borrower No |
|---|---|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☑ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ | ☑ | ☐ | ☑ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☑ |
| d. Are you a party to a lawsuit? | ☐ | ☑ | ☐ | ☑ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☑ | ☐ | ☑ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☑ | ☐ | ☑ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☑ |
| h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☑ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☑ |
| j. Are you a U. S. citizen? | ☑ | ☐ | ☑ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☑ |
| **l. Do you intend to occupy the property as your primary residence?** If "Yes," complete question m below. | ☑ | ☐ | ☑ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ | ☐ | ☑ | ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | PR | | PR | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | S | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Acknowledgement. Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X [signature] His atty. in fact | 8-17-07 | X [signature] Her atty. in fact | 8-17-07 |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER** ☑ I do not wish to furnish this information

- Ethnicity: ☐ Hispanic or Latino ☐ Not Hispanic or Latino
- Race: ☐ American Indian or Alaska Native ☐ Asian ☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander ☐ White
- Sex: ☐ Female ☑ Male

**CO-BORROWER** ☑ I do not wish to furnish this information

- Ethnicity: ☐ Hispanic or Latino ☐ Not Hispanic or Latino
- Race: ☐ American Indian or Alaska Native ☐ Asian ☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander ☐ White
- Sex: ☑ Female ☐ Male

| To be Completed by Interviewer | | |
|---|---|---|
| This application was taken by: ☐ Face-to-face interview ☐ Mail ☑ Telephone ☐ Internet | Interviewer's Name (print or type) HENRY GO | Name and Address of Interviewer's Employer |
| | Interviewer's Signature / Date | |
| | Interviewer's Phone Number (incl. area code) 619-297-300 | |



Exhibit 1
Page 4

# Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: ALPHONSO RICHARDSON, SR | Agency Case Number: |
|---|---|---|
| | Co-Borrower: RUTH RICHARDSON | Lender Case Number: |

## VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>CMS-CARDWORKS | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 5189131001075493 | * 24 | 786 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>AMERICAN AGENCIES<br>1660 HOTEL CIR S<br>SAN DIEGO, CA 92108 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 3961772 | * 688 | 688 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>CHASE<br>800-356-5555 OR 800-945-2000<br>HICKSVILLE, NY 1180133639 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 4263302740564964 | * 17 | 678 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>MISSION FEDERAL CREDIT UNION<br>5785 OBERLIN DR<br>SAN DIEGO, CA 92121 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 190005030700 | * 20 | 494 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>WFNNB/VICTORIAS SECRET<br>PO BOX 182128<br>COLUMBUS, OH 43218 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 87589395875893950 | 15 | 312 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>CITY OF SAN DIEGO<br>1010 2ND AVE<br>SAN DIEGO, CA 92101 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 3336321 | | 88 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>PARK DANSAN<br>P.O. BOX 248<br>GASTONIA, NC 28053 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 3101748255 | | 83 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X Alphonso Richardson by Alph Richardson His atty. in fact | 8-17-07 | X Ruth Richardson by Alph Richardson Her atty. in fact | 8-17-07 |



Exhibit 1
Page 5

# Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: ALPHONSO RICHARDSON, SR | Agency Case Number: |
|---|---|---|
| | Co-Borrower: RUTH RICHARDSON | Lender Case Number: |

## VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>TARGET NB<br>3701 WAYZATA BLVD<br>MINNEAPOLIS, MN 554163401 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 4352376705490654 | * 131 | 4,479 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>CITI<br>800-843-0777<br>SIOX FALLS, SD 57117 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 5424180858796136 | * 54 | 1,803 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>WEST ASSET MANAGEMENT | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 18202183 | | 1,189 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>CAVALRY PORT<br>P.O. BOX 27280 TEMPE, AZ | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 480195 | | 1,080 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>SEARS/CBSD<br>13200 SMITH RD<br>CLEVELAND, OH 44130 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 5049948021800661 | * 35 | 1,034 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company<br>MISSION FEDERAL CREDIT UNION<br>5785 SMITH RD<br>SAN DIEGO, CA 92121 | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. 190005030600 | * 28 | 944 |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X Alphonso Richardson by Alphonso ... | 8-17-07 | X Ruth A. Richardson by Alphonso ... | 8-17-07 |

Fannie Mae Form 1003 07/05
CALYX Form 1003 LnapSas1.frm 9/05

Freddie Mac Form 65 07/05

Richardson His atty in fact

Exhibit 1
Page 6

Richardson Her atty in fact

# Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: ALPHONSO RICHARDSON, SR | Agency Case Number: |
|---|---|---|
| | Co-Borrower: RUTH RICHARDSON | Lender Case Number: |

## VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>AMEX<br>P.O. BOX 297871<br>PORT LAUDERDALE, FL 33329<br>Acct. No. 035309887011312803 | $ Payt./Mos. 10 | $ 54 |
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>CMRE FINANCIAL SVCS IN<br>3350 E BIRCH ST SUITE 200<br>BREA, CA 92821<br>Acct. No. T790POM1000913297 | $ Payt./Mos. | $ 37 |
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>Acct. No. D95388935N1 | $ Payt./Mos. | $ 31 |
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>Acct. No. | $ Payt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>Acct. No. | $ Payt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>Acct. No. | $ Payt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union<br>Acct. no. | $ | Name and address of Company<br>Acct. No. | $ Payt./Mos. | $ |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X Alphonso Richardson by Alphon[illegible] | 6-17-07 | X Ruth Richardson by Alphon[illegible] | 6-17-07 |

Fannie Mae Form 1003 07/05
CALYX Form 1003 LoanSaat.frm 9/05

...e 5 of 5

Freddie Mac Form 65 07/05

Alphon[illegible] His atty in fact

Alphon[illegible] Her atty in fact

Exhibit 1
Page 7

[illegible]

| Borrower Name(s): | Lender: |
|---|---|
| Alphonso Richardson AND Ruth A Richardson | The Robison Family Trust, Charles O. Robison and Blanche L. Robison Tru 04/06/2001<br>6160 Vivera Dr.<br>La Mesa, CA 91941 |
| | Date: AUGUST 17, 2007 |
| | Loan Number: 0006528999 |
| Property Address:<br>9589 Paseo Temporada, San Diego, CA 92129 | |

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.

If you obtain this loan, the lender will have a mortgage on your home.

YOU COULD LOSE YOUR HOME, AND ANY MONEY YOU HAVE PUT INTO IT, IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THE LOAN.

You are borrowing $ 307,000.00 (optional credit insurance ☐ is ☐ is not included in this amount).

The annual percentage rate on your loan will be 10.500 %.

☐ Fixed Rate Loans - Your regular payment will be $

☐ At the end of your loan, you will still owe us: $

☐ Graduated Payment Loans - Your regular payment will be:

| No. of Pmts. | Amount of Pmts. | Date Pymt. Due | No. of Pmts. | Amount of Pmts. | Date Pymt. Due | No. of Pmts. | Amount of Pmts. | Date Pymt. Due |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

☐ Variable Rate Loans

Your interest rate may increase. Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $ . For example, based on your loan amount of $ with an initial interest rate of %, the maximum amount the interest rate can rise under this program is percentage points, to %.

By signing below you acknowledge receipt of a complete copy of this disclosure. You understand that this is not a contract and does not reflect all of the terms and conditions of the mortgage transaction to which the disclosures in this form relates.

Alphonso Richardson by [signature], his atty-in-fact (Date) 8-17-07

Ruth A Richardson by [signature], her atty-in-fact (Date) 8-17-07

(Date) (Date)

(Date) (Date)

(Date) (Date)

Exhibit 2
Page 1

[illegible]

| Borrower(s) Name(s): Alphonso Richardson AND Ruth A Richardson | Lender: The Robison Family Trust, Charles C. Robison and Blanche L. Robison Trustees Dated 04/05/2001 |
| --- | --- |
| | Loan Number: 000628990 |
| | Date: |

Property Address: 9589 Paseo Temporada, San Diego, CA 92128

You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application.

If you obtain this loan, the lender will have a mortgage on your home.

YOU COULD LOSE YOUR HOME, AND ANY MONEY YOU HAVE PUT INTO IT, IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THE LOAN.

You are borrowing $ 307,000.00 (optional credit insurance ☐ is ☐ is not included in this amount).

The annual percentage rate on your loan will be 12.787 %.

XX Fixed Rate Loans - Your regular 60 payment will be $ 2,808.26
XX At the end of your loan, you will still owe us: $ 300,029.28 payable on OCTOBER 06, 2012

☐ Graduated Payment Loans - Your regular payment will be $
$ for the 1st
$ for the 2nd
$ for the and thereafter.

☐ Variable Rate Loans
Your interest rate may increase. Increases in the interest rate could increase your payment. The highest amount your payment could increase is to $

☐ Your regular payment will be $
☐ Initial Payment is based on a Discount or Premium.

Your regular payment will be $ for
After your regular payment will be based on an index and margin, which currently would make your payment $ . Your actual payment at that time may be higher or lower.

By signing below you acknowledge receipt of a complete copy of this disclosure. You understand that this is not a contract and does not reflect all of the terms and conditions of the mortgage transaction to which the disclosures in this form relates.

Alphonso Richardson (signed) Date 8-17-07
Ruth A Richardson (signed) Date 8-17-07

_______________ Date _______________ Date

_______________ Date _______________ Date

_______________ Date _______________ Date

Exhibit 3
Page 1

Barry D. Mills, State Bar No. 185823
Attorney at Law
3588 Fourth Avenue, Suite 210
San Diego, CA 92103
(619) 295-5000
Attorney for : Plaintiffs ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

PLAINTIFFS: ALPHONSO RICHARDSON, SR., et al.
DEFENDANTS: CHARLES O. ROBISON, et al.
CASE NO.: 08 CV 0902 WQH BLM

I, the undersigned, declare that I am over the age of 18 years of age and not a party to this case; I am enclosed in, or am a resident of, the County of San Diego, California, where the mailing occurs; and my business address is 3588 Fourth Avenue, Suite 210, San Diego, California.

I certify that I electronically filed the following documents with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; and**

**DECLARATION OF BARRY D. MILLS; RE: PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS.**

The Court's CM/ECF System will send an e-mail notification of the filing to the parties and counsel of record listed below who are registered with the Court's CM/EMF System:

Duane S. Horning
California Business Law Group, PC
Symphony Towers
750 B Street, Suite 1620
San Diego, CA 92101

Attorney for Defendants Robison and Cheroske

David J. Lola
Sunderland McCutchan, LLP
11770 Bernardo Plaza Court, Ste 250
San Diego, CA 92128

Attorneys for Defendants Eric Klein and Robert Layton

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 1, 2008 at San Diego, CA.

S/______________________
BARRY D. MILLS