# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RICHARDSON, SR. and RUTH A. RICHARDSON, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES O. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; BLANCHE L. ROBISON, individually and as Trustee of The Robison Family Trust dated 04/05/2001; RICHARD CHEROSKE, individually and as assignee of The Robison Family Trust; ERIC A. KLEIN, individually; ROBERT H. LAYTON, individually; ALPHONSO RICHARDSON, JR., individually; STATEWIDE RECONVEYANCE, INC. dba STATEWIDE FORECLOSURE SERVICES, a California corporation; COMMONWEALTH LAND TITLE COMPANY, a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 08CV902-WQH-BLM <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the motion for leave to amend the complaint (Doc. 50) filed by Plaintiffs Alphonso Richardson and Ruth Richardson.

On May 21, 2008, Plaintiffs filed a complaint against Defendants Charles O. Robison, Blanche L. Robison, Richard Cheroske, Eric A. Klein, Robert H. Layton, Alphonso Richardson Jr., Statewide Reconveyance, Inc., and Commonwealth Land Title Company.

(Doc. 1.) The complaint alleges causes of action for: (1) violations of the Truth in Lending Act (TILA); (2) violations of California's Predatory Lender Law; (3) violations of California's Real Estate Licensing Regulations; (4) breach of fiduciary duty; (5) constructive fraud; (6) negligence; (7) violations of California's Fair Debt Collection Practices Act; (8) declaratory relief; and (9) injunctive relief.

On June 3, 2008, Plaintiffs filed an application for temporary restraining order to enjoin Defendants from proceeding with a foreclosure sale on their home. (Doc. 3) On June 5, 2008, this Court denied Plaintiffs' application for a temporary restraining order. (Doc. 7.) Plaintiffs' home was sold at the non-judicial foreclosure sale to Defendants Charles O. Robison, Blanche L. Robison, and Richard Cheroske (the Lender Defendants) on June 5, 2008. On June 18, 2008, the Lender Defendants filed a counterclaim against Plaintiffs for fraud and unjust enrichment. (Doc. 11.) On September 19, 2008, Defendants Statewide and Commonwealth were dismissed from this action pursuant to the parties' joint motion. (Docs. 35, 36.)

On July 8, 2008, the Plaintiffs filed a lis pendens at the San Diego Recorders' Office. On August 7, 2008, the Lender Defendants filed a motion to expunge the lis pendens. (Doc. 27.) On December 12, 2008, this Court issued an order granting the motion to expunge lis pendens. (Doc. 47.)

On January 5, 2009, Plaintiffs filed a motion for leave to file a first amended complaint. (Doc. 50.) On January 26, 2009, the Lender Defendants filed a response to the motion to amend. (Doc. 51.) On January 27, 2009, Defendants Eric Klein and Robert Layton (the Broker Defendants) filed a response in opposition to the motion to amend. (Doc. 54.)

**DISCUSSION**

Plaintiffs seek leave to file a first amended complaint "in order to conform the pleading to facts that have developed in this case and to update the status of the case." (Doc. 50 at 1.) The proposed amended complaint sets forth an alternative basis regarding Defendants' alleged non-compliance with the TILA "notice to cancel" provision at 15 U.S.C. § 1635(a). (Doc. 50 at 3.) The Lender Defendants do not oppose the motion "because of the liberal grounds on which leave to amend pleadings is to be allowed, and for the sake of judicial economy and

efficiency." (Doc. 51 at 2.) The Broker Defendants oppose the motion, asserting that they will be unduly prejudiced if amendment is allowed and that amendment is sought "in a dilatory manner." (Doc. 54.)

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, the Broker Defendants have not overcome the presumption in favor of granting motions for leave to amend. The Magistrate Judge issued a scheduling order requiring any motion to amend the complaint be filed on or before January 5, 2009. (Doc. 45.) Plaintiffs' motion was timely filed on January 5, 2009. (Doc. 50.) The discovery cutoff date is July 3, 2009 and the final pre-trial conference is scheduled to take place on January 4, 2010. The Court does not find that the proposed amendments would be futile based on the pleadings or that Plaintiff is proceeding in bad faith. The Court concludes that allowing Plaintiff to file a first amended complaint will not create undue delay and will not unduly prejudice the Defendants.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for leave to amend the complaint (Doc. 50) filed by Plaintiffs Alphonso and Ruth Richardson is GRANTED. Plaintiff shall file the First Amended Complaint as specifically set forth in Document 50-3 within 10 days of the date of this order.

DATED: March 3, 2009

**WILLIAM Q. HAYES**
United States District Judge